1  agreement with TriStar Pictures, Inc.

2  **INTERROGATORY NO. 4**

3      Please describe the all the due diligence you took to be certain Elysium was

4  an original work, and not an infringement, before you set out to make the film

5  Elysium?

6  **RESPONSE TO INTERROGATORY NO. 4**

7      Defendant incorporates by reference the preliminary statement and general

8  objections set forth above.  Defendant objects to the request on the basis that it seeks

9  information that is neither relevant nor reasonably likely to lead to the discovery of

10 admissible evidence.  Subject to and without waiving the foregoing objections,

11 Defendant responds as follows:

12     The entity named in this lawsuit and referred to by Plaintiff as "MRC," Media

13 Rights Capital II L.P., had no role in Film.

14     MRC II Distribution Company L.P., which produced the Film, relied upon the

15 representation and warranty from Neill Blomkamp and his loan out company, Sable

16 Productions Ltd., that the Film and underlying screenplay were original to him and

17 not infringing of any rights.

18 **INTERROGATORY NO. 5**

19     How long have YOU been aware of triggerstreet.com?

20 **RESPONSE TO INTERROGATORY NO. 5**

21     Defendant incorporates by reference the preliminary statement and general

22 objections set forth above.  Defendant objects to the request on the basis that it is

23 unduly burdensome and harassing, in that the request purports to require Defendant

24 to describe the knowledge of every past and present administrator, employee, agent,

25 attorney, and representative of Defendant.  Subject to and without waiving the

26 foregoing objections, Defendant responds as follows:

27     Given the number of people involved, it is not reasonably possible for

28 Defendant to determine whether any past or present administrator, employee, agent,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

4

1  attorney, or representatives learned of the website triggerstreet.com, and if so, when.

2  Defendant is aware, however, that no person affiliated with Defendant accessed

3  Plaintiff's screenplay on triggerstreet.com, provided it to Neill Blomkamp, or used it

4  in any way in the production of the Film.

5  **INTERROGATORY NO. 6**

6      Are YOU or any of your subordinate managers or employees now members,

7  or have you ever been members, of triggerstreet.com?

8  **RESPONSE TO INTERROGATORY NO. 6**

9      Defendant incorporates by reference the preliminary statement and general

10  objections set forth above.  Defendant objects to the request on the basis that it is

11  unduly burdensome and harassing, in that the request purports to require Defendant

12  to indicate whether each and every past and present administrator, employee, agent,

13  attorney, and representative of Defendant is or has ever been a member of the

14  triggerstreet.com website.  Subject to and without waiving the foregoing objections,

15  Defendant responds as follows:

16      Given the number of people involved, it is not reasonably possible for

17  Defendant to determine every past and present administrator, employee, agent,

18  attorney, and representative that has ever been a member of triggerstreet.com.

19  Defendant is aware, however, that no person affiliated with Defendant accessed

20  Plaintiff's screenplay on triggerstreet.com, provided it to Neill Blomkamp, or used it

21  in any way in the production of the Film.

22  **INTERROGATORY NO. 7**

23      Have you ever read a screenplay or watched a short film that you found

24  posted on triggerstreet.com, or had a screenplay or short film forwarded to you from

25  someone who downloaded it from triggerstreet.com?

26  **RESPONSE TO INTERROGATORY NO. 7**

27      Defendant incorporates by reference the preliminary statement and general

28  objections set forth above.  Defendant objects to the request on the basis that it is

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  unduly burdensome and harassing, in that the request purports to require Defendant

2  to indicate whether each and every past and present administrator, employee, agent,

3  attorney, and representative of Defendant has ever reviewed a screenplay that was

4  posted on triggerstreet.com.  Subject to and without waiving the foregoing

5  objections, Defendant responds as follows:

6       Given the number of people involved, it is not reasonably possible for

7  Defendant to determine whether every past and present administrator, employee,

8  agent, attorney, and representative of the company has ever read a screenplay that

9  was posted on triggerstreet.com.  Defendant is aware, however, that no person

10 affiliated with Defendant accessed Plaintiff's screenplay on triggerstreet.com,

11 provided it to Neill Blomkamp, or used it in any way in the production of the Film.

12 **INTERROGATORY NO. 8**

13      Are you currently involved with, or have you ever been involved with

14 triggerstreet.com, and/or Kevin Spacey, and/or Dana Brunetti on any projects?

15 **RESPONSE TO INTERROGATORY NO. 8**

16      Defendant incorporates by reference the preliminary statement and general

17 objections set forth above.  Defendant objects to the request on the basis that it is

18 vague and ambiguous.  Subject to and without waiving the foregoing objections,

19 Defendant responds as follows:

20      Neither Defendant nor any affiliated entity is involved with triggerstreet.com.

21 MRC II Distribution Company L.P. is among the production companies on the

22 television series *House of Cards* broadcast on Netflix.  Kevin Spacey and Dana

23 Brunetti, among others, are executive producers of the series, and Mr. Spacey stars

24 in it.

25 **INTERROGATORY NO. 9**

26      If you answered "Yes", or affirmatively to Interrogatory No. 9, then please

27 list and provide details and dates of all such project involvements.

28

6

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   **RESPONSE TO INTERROGATORY NO. 9**

2   Defendant incorporates by reference the preliminary statement and general

3   objections set forth above. Defendant objects to the request on the basis that it is

4   vague and ambiguous. Subject to and without waiving the foregoing objections,

5   Defendant responds as follows:

6   MRC II Distribution Company L.P. is among the production companies on

7   the television series *House of Cards* broadcast on Netflix. Kevin Spacey and Dana

8   Brunetti are executive producers of the series, and Mr. Spacey stars in it.

9   **INTERROGATORY NO. 10**

10  When (date) did YOU and Neill Blomkamp (or one or more of his

11  representatives) FIRST make an agreement (implied, verbal, written, etc.) to work

12  together to make Elysium?

13  **RESPONSE TO INTERROGATORY NO. 10**

14  Defendant incorporates by reference the preliminary statement and general

15  objections set forth above. Defendant objects to the request on the basis that it is

16  vague and ambiguous. Subject to and without waiving the foregoing objections,

17  Defendant responds as follows:

18  Defendant made no agreement with Neill Blomkamp in connection with the

19  Film. Oaktree Entertainment, Inc., an affiliate of MRC II Distribution Company

20  L.P., entered into an agreement with Mr. Blomkamp's loan-out corporation, Sable

21  Productions Ltd., for the writing of the Film. That agreement was dated as of July

22  21, 2009.

23  **INTERROGATORY NO. 11**

24  As a film studio experienced in reading screenplays, upon your first reading

25  of the screenplay "Elysium", please give your impressions of Defendant

26  Blomkamp's screenwriting skill.

27  **RESPONSE TO INTERROGATORY NO. 11**

28  Defendant incorporates by reference the preliminary statement and general

7

1  objections set forth above.  Defendant objects to the request on the basis that it is

2  vague and ambiguous.  Defendant objects to the request on the basis that it calls for

3  the disclosure of information that is neither relevant nor reasonably likely to lead to

4  the discovery of admissible evidence.  Defendant objects to the request on the basis

5  that it purports to call for an opinion from a legal entity and is therefore

6  unanswerable.  Subject to and without waiving the foregoing objections, Defendant

7  responds as follows:

8       Neill Blomkamp is a skilled writer.

9  **INTERROGATORY NO. 12**

10      If a filmmakers' writing abilities are substantially less developed than the

11  ideas, plot, themes and setting the filmmaker is trying to construct, how can a

12  responsible studio, producer, investor or financier not see this as a warning that the

13  content of the screenplay may have been misappropriated?

14  **RESPONSE TO INTERROGATORY NO. 12**

15      Defendant incorporates by reference the preliminary statement and general

16  objections set forth above.  Defendant objects to the request on the basis that it is

17  unintelligible and unanswerable as phrased.  Defendant objects to the request on the

18  basis that it assumes facts and is argumentative.  Defendant objects to the request on

19  the basis that it poses an incomplete hypothetical.

20  **INTERROGATORY NO. 13**

21      Did YOU read Neill Blomkamp's screenplay "Elysium" before you agreed to

22  help produce or finance the film Elysium – or, upon the strength of his reputation,

23  was it sufficient that Mr. Blomkamp just describe the film's plot and show you a

24  few concept posters of his "vision"?

25  **RESPONSE TO INTERROGATORY NO. 13**

26      Defendant incorporates by reference the preliminary statement and general

27  objections set forth above.  Defendant objects to the request on the basis that it is

28  compound, vague and ambiguous, unintelligible, and unanswerable as phrased.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

8

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  Defendant objects to the request on the basis that it assumes facts.  Subject to and

2  without waiving the foregoing objections, Defendant responds as follows:

3       Defendant was not involved in the production of the Film.  MRC II

4  Distribution Company L.P.'s approval of a screenplay from Mr. Blomkamp was a

5  condition of its financing of the Film.

6  **INTERROGATORY NO. 14**

7       Please explain, without reading an actual screenplay of a prospective film to

8  cross-reference against other creative works, how is it possible to do "due diligence"

9  to ensure a film you have agreed to produce or finance is not an infringement of

10  another party's copyrighted work?

11  **RESPONSE TO INTERROGATORY NO. 14**

12       Defendant incorporates by reference the preliminary statement and general

13  objections set forth above.  Defendant objects to the request on the basis that it is

14  unintelligible, asks for lay opinion, poses a hypothetical, and for each of the

15  foregoing reasons is an improper interrogatory as phrased.   Defendant objects to the

16  request on the basis that it calls for a narrative.  Defendant objects to the request on

17  the basis that it seeks the disclosure of information that is neither relevant nor

18  reasonably likely to lead to the discovery of admissible evidence.

19  **INTERROGATORY NO. 15**

20       Did YOU and/or any other Defendant, or any other Elysium producer, or cast

21  or crew member ever express any concern, questions, surprise or disbelief that the

22  leading man of Elysium, Max (a former criminal bachelor, who had a limited time to

23  fight and kill to save his own life), would suddenly abandon his mission in order to

24  save a six year old girl with whom he has no relationship, and has known for less

25  than one day?

26  **RESPONSE TO INTERROGATORY NO. 15**

27       Defendant incorporates by reference the preliminary statement and general

28  objections set forth above.  Defendant objects to the request on the basis that it

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  assumes facts and mischaracterizes the facts.  In answering this request, Defendant

2  does not stipulate that Plaintiff's characterization of the facts is accurate.  Subject to

3  and without waiving the foregoing objections,  Defendant responds as follows:

4      No.

5  **INTERROGATORY NO. 16**

6      Did YOU and/or any other Defendant, or any other Elysium producer, or cast

7  or crew member ever suggest to any of the Defendants that perhaps the characters

8  "Frey" and "Matilda" should be the character Max's wife and daughter,

9  respectively, to make the story and the relationships more believable and

10  meaningful?

11  **RESPONSE TO INTERROGATORY NO. 16**

12      Defendant incorporates by reference the preliminary statement and general

13  objections set forth above.  Defendant objects to the request on the basis that it is

14  argumentative and improperly characterizes the facts concerning the "believability"

15  of the Film.  In answering this request, Defendant does not stipulate that Plaintiff's

16  characterization of the facts is accurate.  Subject to and without waiving the

17  foregoing objections,  Defendant responds as follows:

18      No.

19  **INTERROGATORY NO. 17**

20      Simon Kinberg is a writer and "script doctor" (a writer who fixes scripts that

21  have serious problems). Simon Kinberg is listed as a producer of Elysium. Exactly

22  what duties did Simon Kinberg play in the production and/or script doctoring of the

23  screenplay and film "Elysium"?

24  **RESPONSE TO INTERROGATORY NO. 17**

25      Defendant incorporates by reference the preliminary statement and general

26  objections set forth above.  Defendant objects to the request on the basis that it

27  assumes facts and/or improperly characterizes the facts.  In answering this request,

28  Defendant does not stipulate that Plaintiff's characterization of the facts is accurate.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  Subject to and without waiving the foregoing objections,  Defendant responds as

2  follows:

3       Simon Kinberg produced the Film.  As producer, Mr. Kinberg also assisted

4  with a polish of the Film's screenplay during the later stages of writing.

5  **INTERROGATORY NO. 18**

6       Please list the aspects of Elysium that you believe are copyrightable?

7  **RESPONSE TO INTERROGATORY NO. 18**

8       Defendant incorporates by reference the preliminary statement and general

9  objections set forth above.  Defendant objects to the request on the basis that it seeks

10  information that is neither relevant nor reasonably likely to lead to the discovery of

11  admissible evidence.  Defendant objects to the request on the basis that it calls for a

12  legal conclusion.

13  **INTERROGATORY NO. 19**

14       Please explain exactly the role that YOU alleged MRC II Distribution

15  Company played in making, producing, distributing, financing, etc., Elysium in your

16  Answers and Affirmative Defenses to the Plaintiff's Amended Complaint.

17  **RESPONSE TO INTERROGATORY NO. 19**

18       Defendant incorporates by reference the preliminary statement and general

19  objections set forth above.  Subject to and without waiving the foregoing objections,

20  Defendant responds as follows:

21       MRC II Distribution Company L.P. financed the Film and served as studio,

22  overseeing all production of the Film.

23  **INTERROGATORY NO. 20**

24       If, as you alleged, MRC II Distribution Company played a prominent roll

25  [sic] in the making or financing Elysium, why is MRC (Media Rights Capital)

26  credited with financing and producing Elysium in the opening credits of the film

27  Elysium, and all of the film's official websites, as well as MRC's website, and

28  Elysium's Wikipedia page - and no mention of MRC II Distribution Company in the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  credits or any of official sites, etc.?

2  **RESPONSE TO INTERROGATORY NO. 20**

3  Defendant incorporates by reference the preliminary statement and general

4  objections set forth above.  Defendant objects to the request on the basis that it

5  assumes facts and/or characterizes the facts.  In answering this request, Defendant

6  does not stipulate that Plaintiff's characterization of the facts is accurate.  Subject to

7  and without waiving the foregoing objections, Defendant responds as follows:

8  "Media Rights Capital" is the name colloquially used in the press and in

9  credits for projects that MRC II Distribution Company L.P. finances and/or

10 produces.

11 **INTERROGATORY NO. 21**

12 Have any of the other Defendants signed any agreements with MRC II

13 Distribution Company related to the making of Elysium (prior to the release of the

14 film Elysium, 08/09/2013) - or were their agreements all made with Media Rights

15 Capital (AKA: MRC, Media Rights Capital II, L.P., or MRC II L.P.)?

16 **RESPONSE TO INTERROGATORY NO. 21**

17 Defendant incorporates by reference the preliminary statement and general

18 objections set forth above.  Subject to and without waiving the foregoing objections,

19 Defendant responds as follows:

20 Yes.  MRC II Distribution Company L.P. signed a distribution agreement

21 with TriStar Pictures, Inc. dated as of January 26, 2011.

22 **INTERROGATORY NO. 22**

23 Please provide the business addresses, business phone numbers, and names

24 and titles of all of the executives and/or administrators, and the approximate number

25 of employees of EACH of the following MRC companies: 1) Media Rights Capital;

26 2) Media Rights Capital II, L.P.; 3) MRC II, L.P.; 4) MRC II Distribution Company.

27 **RESPONSE TO INTERROGATORY NO. 22**

28 Defendant incorporates by reference the preliminary statement and general

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3ᴿᴰ FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  objections set forth above.  Defendant objects to the request on the basis that it seeks

2  information that is neither relevant nor reasonably likely to lead to the discovery of

3  admissible evidence.  Defendant objects to the request on the basis that it is unduly

4  burdensome and harassing.

5  **INTERROGATORY NO. 23**

6      Do you personally know (via face-to-face, phone, text, email exchanges, etc.)

7  any of the following filmmakers, film companies, and agents: Mathew Morris,

8  David Faigenblum, Samatha Powers, the Cedar grove Agency, Zero Gravity

9  management, Georgia Vestakis, Atchity Entertainment International (AEI),

10  Hollywood Lit Sales, PMA Literary and Film Management, South17 Entertainment,

11  Matthew Morris, Andrew Bellware, Braidwood Films, Mubarik Ahmed, Empyrean

12  Pictures, Loren Smith, Filmsmith Pictures, Gregory Bell, or Globocine

13  International?

14  **RESPONSE TO INTERROGATORY NO. 23**

15      Defendant incorporates by reference the preliminary statement and general

16  objections set forth above.  Defendant objects to the request on the basis that it seeks

17  information that is neither relevant nor reasonably likely to lead to the discovery of

18  admissible evidence.  Defendant objects to the request on the basis that it is

19  overbroad, unduly burdensome, and harassing, in that the request purports to require

20  Defendant to determine whether every past and present administrator, employee,

21  agent, attorney, and representative of Defendant has met or communicated with any

22  of the individuals identified in the request or with any person affiliated with any of

23  the companies identified in the request.  Given the number of people involved, it is

24  not reasonably possible to comply with this request.

25  **INTERROGATORY NO. 24**

26      If you answered yes to Interrogatory No. 23, please describe the relationship

27  that you have with each person or company you know on that list.

28

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 24**

Defendant incorporates by reference the preliminary statement and general objections set forth above. Defendant objects to the request on the basis that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects to the request on the basis that it is overbroad, unduly burdensome, and harassing, in that it purports to require Defendant to determine and identify whether every past and present administrator, employee, agent, attorney, and representative of Defendant has met or communicated with any of the individuals identified in the request or with any person affiliated with any of the companies identified in the request, and to then describe the nature of the relationship between such persons.   Given the number of people involved, it is not reasonably possible to comply with this request.

**INTERROGATORY NO. 25**

What country (countries) were MRC's founders, Modi Wiczyk and Asif Satchu born?

**RESPONSE TO INTERROGATORY NO. 25**

Defendant incorporates by reference the preliminary statement and general objections set forth above. Defendant objects to the request on the basis that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

DATED: June 17, 2014                    KINSELLA WEITZMAN ISER
                                        KUMP & ALDISERT LLP


                                        By: _____
                                        Gregory P. Korn
                                        Attorneys for Defendants

10021.00015/214626.1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I have read the foregoing **DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and know its contents.

    I am Senior VP, Head of Film Business/Legal Affairs of Media Rights Capital, a party to this action, and am authorized to make this verification for and on its behalf.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

    Executed on June 16, 2014, at Beverly Hills, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jonathan Golfman
Print Name of Signatory

Signature

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10021.00015/218053.1

<div style="text-align:left; font-weight:bold; font-style:italic;">KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP<br>808 WILSHIRE BOULEVARD, 3RD FLOOR<br>SANTA MONICA, CALIFORNIA 90401<br>TEL 310.566.9800 • FAX 310.566.9850</div>

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire

4 Boulevard, 3rd Floor, Santa Monica, CA 90401.

5      On **June 17, 2014,** I served true copies of the following document(s) described as:

6 **DEFENDANT MEDIA RIGHTS CAPITAL'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

7
on the interested parties in this action as follows:

8

| | |
|---|---|
| Steve Wilson Briggs<br>681 Edna Way<br>San Mateo, CA 94402<br>Tele.:   510.200.3763<br>Email:  snc.steve@gmail.com | *Plaintiff Pro Se* |

9

10

11

12 ☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following

13 our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert's practice for collecting and processing correspondence for mailing. On the same day that

14 the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope with postage fully prepaid.

15 ☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package

16 provided by the overnight service carrier and addressed to the person at the address above. I placed the envelope or package for collection and overnight delivery at an office or a regularly

17 utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

18 ☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent

19 from e-mail address bdipalma@kwikalaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic

20 message or other indication that the transmission was unsuccessful.

21 ☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

22

23      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

24 Court at whose direction the service was made.

25      Executed on **June 17, 2014,** at Santa Monica, California.

26

27 _____
Barbara DiPalma

28

10021.00015/195203.1

# Exhibit

# BB

NEWS          SPORTS          ARTS & LIFE          DRIVING

# Elysium's ready as director Blomkam ahead to next project



**GLEN SCHAEFER**
More from Glen
Schaefer

**Published:**
February 14, 2013

**Updated:**
February 14, 2013 6:00 AM PDT

**Filed Under:**
The Province  ›  Arts & Life  ›
**Entertainment**



Neill Blomkamp and Terri Tatchell

Elysium, the long-awaited follow-up to Vancouver dir
Blomkamp's District 9, is all but done now, awaiting a
in August.

NEWS          SPORTS          ARTS & LIFE          DRIVING

Blomkamp in an e-mail.

The new movie stars Matt Damon and Jodie Foster in
a future where humanity's elite have fled the ruined E
space stations while the planet's poor struggle to survi

The 33-year-old Blomkamp moved to Vancouver as a
family from South Africa, and quickly earned a reputa
effects prodigy in Vancouver's busy effects scene.

His debut feature, 2009's District 9, catapulted him to
feature directors, a box-office and critical hit that also
nominations for best picture, best screenplay (for Blor
Tatchell, his wife and writing partner), best editing for
Julian Clarke and best visual effects for a team based o
Image Engine.

The movie about an alien ghetto was filmed in Johann
 extensive post-production was handled in Vancouver

All eyes were on Blomkamp in the summer of 2011 wh
here on Elysium. Many of the same collaborators were
Blomkamp wrote this screenplay on his own.

Filming continued under tight secrecy until that Septe
show moved to Mexico City.

Then came more than a year of post-production work
finishing now.

"Elysium is basically done at the end of February," Blo
have some straggling VFX shots that go into April but
The stuff looks absolutely amazing."

Here's a look at Damon from the movie:

NEWS          SPORTS          ARTS & LIFE          DRIVING



The director has already begun prep work on a third s
will take him back to Johannesburg for principal phot
reteamed with his screenwriter wife Tatchell to co-wri
comedy called Chappie. But as with the previous two r
production and visual effects will happen in Vancouve

And the Vancouver team that rose to prominence with
Elysium have become in-demand players in their own
Clarke has since worked on The Whistleblower and Th
Vancouver-based cinematographer Trent Opaloch wil
camera for the mega-budget superhero sequel Captain
Winter Soldier, due in theatres in 2014.

As for Blomkamp's co-writer and spouse Tatchell, she
career as a writer and producer in her own right. She o
of paranormal teen novels by U.S. writer Amanda Hoc
written the screenplay adaptation for the first of those


**Comments**
Share your thoughts

*TOP STORIES*

**'This is fraud, pure and simple': Music boss rips Pemberton Festival**

**Sea lion attack video goes viral while victim and family vanishes**

**Travis Selje's family blown away by Whitecaps fan tribute**

# Exhibit
# CC

1  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
   MICHAEL J. KUMP (SBN 100983)
2    mkump@kwikalaw.com
   GREGORY P. KORN (SBN 205306)
3    gkorn@kwikalaw.com
   808 Wilshire Boulevard, 3rd Floor
4  Santa Monica, California 90401
   Telephone: 310.566.9800
5  Facsimile: 310.566.9850

6  Attorneys for Defendants
   NEILL BLOMKAMP, SONY PICTURES
7  ENTERTAINMENT INC., TRISTAR
   PICTURES, INC., MEDIA RIGHTS
8  CAPITAL II, L.P., and QED
   INTERNATIONAL, LLC
9

10             **UNITED STATES DISTRICT COURT**

11         **NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

12

13  STEVE WILSON BRIGGS,                   Case No. CV 13-4679-PJH

14            Plaintiff,
                                           **DEFENDANT NEILL**
15     vs.                                 **BLOMKAMP'S RESPONSE TO**
                                           **PLAINTIFF'S FIRST SET OF**
16  NEILL BLOMKAMP; SONY                   **INTERROGATORIES**
   PICTURES ENT., INC., TRISTAR
17  PICTURES, INC., MEDIA RIGHTS
   CAPITAL, and QED
18  INTERNATIONAL,

19            Defendants.

20

21

22  PROPOUNDING PARTY:      Plaintiff Steve Wilson Briggs

23  RESPONDING PARTY:       Defendant Neill Blomkamp

24  SET NUMBER:             One (1)

25

26

27

28

10021.00015/214501.1

BLOMKAMP'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

*(left margin, vertical text)* KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    Pursuant to Fed. R. Civ. P. 33, Defendant Neill Blomkamp ("Defendant")

2  hereby responds to Plaintiff Steve Wilson Briggs' ("Plaintiff") First Set of

3  Interrogatories, as follows:

4  ## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

5    1.    As of the date hereof, Defendant has not yet had a sufficient

6  opportunity to discover or otherwise obtain and review all documents and materials

7  which may have some bearing on this case.  Consequently, these responses are

8  based only upon such information and documents currently available, known to or

9  understood by Defendant.  As this action proceeds, Defendant anticipates that

10  further discovery, research and analysis may supply additional facts and additional

11  meaning to the known facts.  Defendant reserves his right to use, as evidence in this

12  action, any hereafter-acquired or -discovered information which would have been

13  responsive to these interrogatories.

14    2.    Defendant will make reasonable efforts to respond to every

15  interrogatory, to the extent it has not been objected to, as Defendant understands and

16  interprets the interrogatory, provided that the interrogatory is not so vague and

17  ambiguous that response is impossible.  If Plaintiff subsequently asserts an

18  interpretation of the interrogatory which differs from that of Defendant, Defendant

19  reserves his right to supplement his objections and responses as necessary.

20    3.    These responses are not in any way to be deemed an admission or

21  representation that there are no further facts, documents or witnesses having

22  knowledge relevant to the subject matter of these interrogatories.

23    4.    Defendant objects to these interrogatories to the extent that any

24  interrogatory seeks information which is protected from discovery by the attorney-

25  client privilege, the attorney work product doctrine, or any other applicable privilege

26  or doctrine.  Defendant will not disclose any such protected information in response

27  to these interrogatories.

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

5.     Defendant's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

6.     Defendant objects to the interrogatories in their entirety to the extent that they purport to impose obligations on Defendant beyond those set forth in the Federal Rules of Civil Procedure and Rules of Court.

7.     With respect to any interrogatory to which Defendant responds, Defendant does not concede the relevance or materiality of the interrogatory or the subject matter to which it relates.  These responses are made by Defendant subject to, and without in any way waiving or intending to waive:

a.     Any objections as to competency, materiality, privilege, relevancy, propriety, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.     The right to object to other discovery proceedings involving or relating to the same subject matter as the interrogatories; or

c.     The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

8.     Defendant objects to these interrogatories, and to the definitions contained therein, to the extent that they call for the disclosure of confidential, private, proprietary and/or trade secret information.

9.     Defendant's responses are made subject to all general stated and specific objections, and Defendant specifically reserves the right to reassert those objections by motion or at the time of trial.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

How did you meet (or how were you introduced to) MRC (particularly Mordecai Wiczyk and Asif Satchu)?

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3ᴿᴰ FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**RESPONSE TO INTERROGATORY NO. 1**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  Defendant objects to the request on the basis that it calls for the disclosure of information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

I was introduced to Mordecai Wiczyk by my agent.

**INTERROGATORY NO. 2**

Exactly what role did MRC play in filming, writing, producing, financing, distributing — or any other role played in making Elysium? If you understand MRC to be more than one company, please explain the roles that each of these companies played, and identify these separate companies by name.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  Defendant objects to the request on the basis that it calls for the disclosure of information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  Defendant objects to the request on the basis that it is overly burdensome and harassing.  Defendant objects to the request on the basis that it calls for a narrative.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

Although I am aware that "Media Rights Capital" was credited as a producer of *Elysium* (the "Film"), I do not know the legal name of that entity.  I will refer to this production company as "MRC" "in these responses.

MRC financed and produced the Film.

**INTERROGATORY NO. 3**

What do you understand MRC's true business name to be?

**RESPONSE TO INTERROGATORY NO. 3**

Defendant incorporates by reference the preliminary statement and general

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  objections set forth above.  Subject to and without waiving the foregoing objections,

2  Defendant responds as follows:

3       I have no knowledge of the official legal name of MRC.

4  **INTERROGATORY NO. 4**

5       How does MRC's name appear on any agreements(s) and contracts that you

6  have signed into or engaged in with MRC.

7  **RESPONSE TO INTERROGATORY NO. 4**

8       Defendant incorporates by reference the preliminary statement and general

9  objections set forth above.  Subject to and without waiving the foregoing objections,

10  Defendant responds as follows:

11       My loan-out corporation, Sable Productions, Ltd., entered into a writing

12  agreement with an entity called Oaktree Entertainment, Inc.  No entity called

13  "MRC" or "Media Rights Capital" was a party to that agreement.

14       My directing deal was entered into with MRC II Holdings L.P.

15  **INTERROGATORY NO. 5**

16       Do you consider yourself a skilled and able writer?

17  **RESPONSE TO INTERROGATORY NO. 5**

18       Defendant incorporates by reference the preliminary statement and general

19  objections set forth above.  Defendant objects to the request on the basis that it seeks

20  a subjective opinion and is an improper interrogatory under the Federal Rules of

21  Civil Procedure.  Defendant objects to the request on the basis that it seeks

22  information that is neither relevant nor reasonably likely to lead to the discovery of

23  admissible evidence.  Subject to and without waiving the foregoing objections,

24  Defendant responds as follows:

25       Yes.

26  **INTERROGATORY NO. 6**

27       How did you develop your literary "skills"?

28