KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MRC II HOLDINGS, L.P.; OAKTREE
ENTERTAINMENT, INC.; MRC I HEDGE CO,
LLC; MRC II CAPITAL COMPANY, L.P.;
MRC I PROJECT COMPANY, LLC;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
ARIEL EMANUEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIVERSAL PICTURES, et al.,<br><br>    Defendants. | Case No. CV 17-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), OR, IN THE ALTERNATIVE, FED. R. CIV. P. 8(a), 41(b), AND/OR 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JONATHAN GOLFMAN IN SUPPORT THEREOF**<br><br>Date:      February 8, 2018<br>Time:     10:00 a.m.<br>Crtrm.:   4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, February 8, 2018, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Defendants MRC II Distribution Company LP (also erroneously sued as "MRC II LP" and "Media Rights Capital"); MRC II Holdings, L.P.; Oaktree Entertainment, Inc.; MRC I Hedge Co, LLC; MRC II Capital Company, L.P.; MRC I Project Company, LLC; Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc.; and Ariel Emanuel ("Defendants"), and each of them, will appear and move to dismiss the Complaint in its entirety.

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), on the basis that the Court lacks subject matter jurisdiction. Alternatively, Defendants move to dismiss on the grounds (1) that the Complaint violates Federal Rule of Civil Procedure 8(a)(2) and is subject to dismissal under Rule 41(b) therefor, and/or (2) that the Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Jonathan Golfman, all papers and pleadings on file in this action, and on such other and further evidence and argument as the Court may lawfully consider in the exercise of its wise discretion.

DATED: December 28, 2017       Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP


By:      /s/ Michael J. Kump
         Michael J. Kump
         Attorneys for Defendants
         MRC II DISTRIBUTION COMPANY LP;
         MRC II HOLDINGS, L.P.; OAKTREE
         ENTERTAINMENT, INC.; MRC I HEDGE CO, LLC;
         MRC II CAPITAL COMPANY, L.P.;
         MRC I PROJECT COMPANY, LLC; MORDECAI
         WICZYK; ASIF SATCHU;
         SONY PICTURES ENTERTAINMENT INC.; ARIEL
         EMANUEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In October 2013, the plaintiff in this action, Steve Wilson Briggs ("Plaintiff"), filed an action *in pro per* entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D. Cal. Case No. 13-cv-4679-PJH (the "Prior Action"). The complaint in the Prior Action asserted that certain of the defendants in this case, who include the writer, director, producer, and distributor of the motion picture *Elysium* (the "Film"), infringed a screenplay Plaintiff wrote in producing and exhibiting that Film. The Court in the Prior Action, the Honorable Phyllis J. Hamilton presiding, granted summary judgment. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014). The Prior Action is currently on appeal to the Ninth Circuit, where it has been fully briefed and is awaiting a ruling. In this action, Plaintiff once again asserts claims *in pro per* relating in some way to his long-since-defeated assertion that his motion picture screenplay was infringed by the Film.

Defendants MRC II Distribution Company LP (also erroneously sued as "MRC II LP" and "Media Rights Capital"); MRC II Holdings, L.P.; Oaktree Entertainment, Inc.; MRC I Hedge Co, LLC; MRC II Capital Company, L.P.; MRC I Project Company, LLC; Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc.; and Ariel Emanuel ("Defendants") hereby move to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff's Complaint alleges that the Court has diversity jurisdiction "per 28 U.S.C. § 1332(a)(2), as one or more Defendant[s] are foreign citizens, and (a)(2), as one is a citizen of a different state." Dkt. No. 1 (hereinafter, "Complaint), ¶ 2. This allegation is deficient for failure to allege *complete* diversity, and no allegation of complete diversity can be made in good faith. Like Plaintiff, who is a citizen of California for jurisdictional purposes, several of the defendants in the action reside or have their principal place of business in California and are citizens of the State.

The Complaint does not assert federal question jurisdiction under 28 U.S.C. § 1331, nor could it. Although the Complaint does *purport* to assert several claims under Title 18 of the United States Code, the cited provisions are *criminal* statutes. The law is clear that Plaintiff has no private right of action under these criminal provisions. Likewise, while two of Plaintiff's negligence

causes of action cite to 19 U.S.C. § 1592, those provisions pertain to customs and duties issues. Plaintiff has no private right of action under this statute. Further, these provisions could not possibly apply to the claims of negligence that have been made against Defendants, which appear to have nothing to do with customs issues.

In the unlikely event the Court concludes that it has subject matter jurisdiction, the Complaint should nevertheless be dismissed in its entirety. Pursuant to Federal Rule of Civil Procedure 41(b), courts may dismiss complaints that violate Rule 8(a)'s requirement of a "short and plain statement of the claim." Here, as in other cases where these Rules have been invoked to dismiss a pleading, Plaintiff's Complaint is unintelligible. It is impossible for any of the moving defendants to discern what exactly they are accused of doing, how they violated any duties to Plaintiff, and how Plaintiff has been injured.

Alternatively, the Complaint is subject to dismissal under Rule 12(b)(6). The pleading falls woefully short of alleging facts establishing the existence of a "plausible" claim as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). It is impossible to discern what wrongs Defendants are accused of and how they have injured Plaintiff, and the causes of action in the Complaint are either frivolous on their face—*e.g.*, claims for violation of criminal statutes—or constitute nothing more than formulaic recitations of the elements of a claim, which do not suffice as a matter of law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Complaint In The Instant Action

On November 13, 2017, Plaintiff filed *in pro per* his Complaint in the present action. The Complaint purports to plead fourteen causes of action. *See generally* Complaint. Plaintiff names a myriad of defendants involved in the entertainment industry, including (1) film studios Universal Pictures, Sony Pictures, NBCUniversal, and certain entities defined collectively as "MRC"; (2) actors Matt Damon, Ben Affleck, and Kevin Spacey; (3) Neill Blomkamp, the writer and director of *Elysium* and other films; (4) talent agent Ari Emanuel; (5) Mordecai Wiczyk and Asif Satchu, the principals of MRC; and (5) film producers Dana Brunetti and Bill Block. *See id.* at 1. Of these named defendants, Sony Pictures, Blomkamp, and certain MRC entities were also named as defendants in the Prior Action. *See Briggs*, 70 F. Supp. 3d at 1158.

The allegations of the Complaint are unintelligible. *See generally* Complaint. The nature of the alleged conspiracy and the supposed wrongs of the various defendants are impossible to discern. *See id.* The nature of Plaintiff's purported injury is unclear. All that can be discerned is that Plaintiff's claims have something to do with the adverse judgment rendered against him in the Prior Action. *See*, *e.g.*, Compl. ¶ 19 (alleging that this case "is related to Briggs v. Blomkamp"), ¶ 25 (alleging the destruction of evidence relating to the Prior Action), ¶ 150 (citing alleged discovery abuses in the Prior Action), ¶¶ 159 *et seq.* (same), ¶¶ 166 *et seq.* (allegations concerning *Elyisum*), ¶¶ 183 *et seq.* (allegations relating to an expert retained in the Prior Action), ¶¶193 *et seq.* (allegations relating to the ruling in the Prior Action), ¶¶ 220-223.

### III. THE CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

For the reasons stated below, Plaintiff's Complaint fails to adequately allege subject matter jurisdiction and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

#### A. No Diversity Jurisdiction Exists

The Complaint alleges that the Court has "subject matter jurisdiction per 28 U.S.C. § 1332(a)(2), as one or more Defendant[s] are foreign citizens, and (a)(2), as one is a citizen of a different State." Compl. ¶ 2. The allegation of jurisdiction is deficient and not curable.

The provisions for diversity jurisdiction in Section 1332 of Title 28 "require complete diversity of citizenship." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Section 1332 "thus applies only to cases in which the citizenship of *each plaintiff* is diverse from the citizenship of *each defendant*." *Id.* (emphasis added); *see also Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

The onus was on Plaintiff to allege the citizenship of each defendant to establish a prima facie case of diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), quoting *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenship such that the

existence of complete diversity can be confirmed."). The Complaint simply fails to do so. *See* Complaint ¶¶ 5 *et seq.*

Plaintiff cannot amend in good faith to allege complete diversity of citizenship. Based on the caption of the Complaint, Plaintiff resides in California. *See* Complaint at 1 (indicating a Santa Rosa, California address). Many if not most of the named defendants are likewise "citizens" of California within the meaning of Section 1332. For example, the MRC entity defendants have their principal place of business in Beverly Hills, California and thus constitute citizens of California in accordance with 28 U.S.C. § 1332(c)(1). *See* Declaration of Jonathan Golfman, ¶ 2.

### B.  No Federal Question Jurisdiction Exists

The Complaint does not expressly assert federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Compl. ¶ 2. A review of the Complaint demonstrates, moreover, that no federal question jurisdiction exists despite Plaintiff's reference in his pleading to federal statutes:

- The first claim for relief is styled as a "Conspiracy" claim and purports to assert a violation of California Penal Code 182. *See* Compl. ¶¶ 224 *et seq.* Setting aside other deficiencies, this is not a claim arising under federal law.

- The second, third, eleventh, twelfth, thirteenth, and fourteenth claims for relief purport to allege violations of criminal provisions in Title 18. *See* Compl. ¶¶ 248 *et seq.*, ¶¶ 253 *et seq.*, ¶¶ 277 *et seq.*, ¶¶ 280 *et seq.*, ¶¶ 283 *et seq.*, and ¶¶ 286 *et seq.* Plaintiff lacks standing to assert violations of these criminal codes. *See Williams v. Cerny*, 2010 WL 4967773 at *2 (E.D. CA. Dec. 1, 2010) ("Thus, Plaintiff may not assert a cause of action pursuant to Title 18 of the United States Code because it involves criminal statutes only; it does not provide for a civil cause of action brought by a private citizen."); *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."); *Machuca v. Los Angeles World Airports*, 2015 WL 276922 at *3 (C.D. Cal. Jan. 21, 2015) (same). These claims, therefore, cannot establish federal question jurisdiction.

- The fourth claim for relief alleges breach of contract in violation of California state law. *See* Compl. ¶¶ 256 *et seq.*
- The fifth claim for relief is a state law claim for fraud. *Id.* ¶¶ 259 *et seq.*
- The sixth claim for relief is a deceit claim in violation of state law. *Id.* ¶¶ 262 *et seq.*
- The seventh and eight claims for relief are for "negligence" and "gross negligence," which constitute state law claims at their essence. *See* Compl. ¶¶ 265 *et seq.* and 268 *et seq.* Although these causes of action refer to 19 U.S.C. § 1592, that provision of Title 19, which concerns United States Customs and Duties, is plainly inapposite; and as with Title 18, Defendants are aware of no authority supporting that this provision offers a private right of action in a civil case.
- The ninth claim for relief alleges a violation of the California Labor Code. *See* Compl. ¶¶ 271 *et seq.*
- Lastly, the tenth claim for relief alleges a violation of California Business & Professions Code § 17200.

\* \* \*

In light of Plaintiff's failure to adequately plead facts supporting the Court's exercise of subject matter jurisdiction, the Complaint should be dismissed pursuant to Rule 12(b)(1).

## IV. ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(6) AND/OR 41(b)

Were the Court to find that it has subject matter jurisdiction, Plaintiff's Complaint should nevertheless be dismissed under Rules 8(a), 41(b), and/or 12(b)(6).

### A. Dismissal Pursuant To Rules 8(a)(2) And 41(b).

Rule 8(a) requires that a Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). In *Nevijel*, for example, a complaint that was "verbose, confusing and almost entirely conclusory" was dismissed with

prejudice for violating the pleading requirements of Rules 8(a) and 8(e). *See id.*; *see also Betucelli v. Carreras*, 467 F.2d 214, 215 (9th Cir. 1972) (affirming dismissal under Rule 8 of complaint that was "prolix and unintelligible," but remanding to allow plaintiff one opportunity to amend).

Plaintiff's Complaint filed *in pro per* violates Rule 8(a) and should be dismissed for the same reasons. As in *Betucelli*, the Complaint is "prolix and unintelligible." *Betucelli*, 467 F.2d at 215. It is impossible to discern what the myriad of defendants are accused of doing, how they owe duties to Plaintiff, and how Plaintiff was harmed in a legally cognizable way.

### B.     Dismissal Under Rule 12(b)(6)

Alternatively, the Complaint should be dismissed pursuant to Rule 12(b)(6). To validly state a claim, the Federal Rules "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. A pleading that offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" that are "devoid of further factual enhancement" does not suffice. *Id.* (internal quotations and citations omitted). Instead, a complaint must contain "sufficient factual matter" demonstrating the existence of a claim which is "plausible on its face." *Id.* This occurs when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint pleads a "plausible claim" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In this case, experience and common sense dictate that Plaintiff pleads no plausible claim upon which relief could be granted.

To start, the Complaint is unintelligible taken as a whole. Defendants are at a loss to understand what they are accused of doing and how they allegedly harmed Plaintiff.

Further, looking at the specific causes of action pled in the Complaint, it is clear Plaintiff fails to state a plausible claim for relief:

- The first claim for relief is a "Conspiracy" claim under the California Penal Code. "Conspiracy" is not a cause of action. *See Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009) ("A conspiracy is not an independent

cause of action ….”). Further, Plaintiff has no standing to assert claims under California's Penal Code.

- The second claim for relief alleges "obstruction of justice" under 18 U.S.C. § 1519. This is a criminal statute that cannot form the basis for a civil claim. *See supra.*

- The third claim for relief alleges fraud in violation of 18 U.S.C. § 1001. In addition to the fact that this is a criminal statute which cannot form the basis for a civil claim, *see supra*, the Complaint does not come close to pleading fraud against each and every defendant with the particularity required by Rule 9(b). Plaintiff does not articulate in any understandable way, much less with particularity, the false statements allegedly made by all defendants, nor how he reasonably relied on those statements to his detriment. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 689, 876 (9th Cir. 2012) ("… Rule 9(b) requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting for what is false or misleading about the statement and why the statements were false or misleading at the time they were made."); *City Solutions, Inc. v. Clear Channel Comm.*, 365 F.3d 835, 839 (9th Cir. 2004) (identifying elements of fraud to include "justifiable reliance" and "resulting damage").

- The third claim for relief is for breach of contract against *all* defendants. Plaintiff does not allege the existence of a contract with each defendant, nor does he explain how each defendant breached such contract so as to cause him damages.

- The fifth and sixth claims for relief are for fraud and deceit in violation of California state law. They fail for the same reasons stated above with regard to the third claim for relief.

- The seventh and eighth claims for relief are for negligence and gross negligence, respectively, in violation of 19 U.S.C. § 1592. That code provision is a customs and duties provision. Defendants are aware of no authority supporting that a private right of action exists under this provision. Further, the Complaint fails to adequately allege the elements of negligence against each defendant. The claims for

relief merely contain rote recitations of the elements. There is no explanation of what duty the many defendants owed Plaintiff, how they violated that duty, and how he was harmed. *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1113 (E.D. Cal. 2014) (holding that elements of negligence are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury").

- The ninth claim for relief is asserted against *all defendants* for a violation of California's Talent Agencies Act, Cal. Labor Code § 1700.39. The Complaint contains no allegations supporting that each and every defendant—most of which are not talent agents or talent agencies—are subject to California's Talent Agencies Act. It pleads no facts supporting a violation of this Act. It also pleads no facts supporting that Plaintiff has standing to assert a claim for violation of the Act as, for example, a client of a talent agency or talent agent.

- The tenth claim for relief is against *all defendants* for violation of California Business & Professions Code § 17200. The claim consists of a "formulaic recitation of the elements" with no clear articulation of what Defendants are accused of doing in violation of California's unfair competition laws.

- Finally, the eleventh through fourteenth claims for relief are asserted against *all defendants* for perjury, evidence and witness tampering, and subornation of perjury in violation of various provisions within Title 18. These criminal statutes do not form the basis for a civil claim. *See supra*.

For each of the reasons stated above, the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## V.     CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Court grant their Motion and dismiss the Complaint in its entirety.

DATED: December 28, 2017          Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:     /s/ Michael J. Kump
          Michael J. Kump
          Attorneys for Defendants
          MRC II DISTRIBUTION COMPANY LP;
          MRC II HOLDINGS, L.P.; OAKTREE
          ENTERTAINMENT, INC.; MRC I HEDGE CO, LLC;
          MRC II CAPITAL COMPANY, L.P.;
          MRC I PROJECT COMPANY, LLC; MORDECAI
          WICZYK; ASIF SATCHU;
          SONY PICTURES ENTERTAINMENT INC.; ARIEL
          EMANUEL

/446421

## DECLARATION OF JONATHAN GOLFMAN

I, Jonathan Golfman, declare as follows:

- I am the Co-President, Film, of Defendant MRC II Distribution Company L.P., a party in the above-entitled action, which is commonly referred to in the entertainment industry as "MRC." I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

- Each of the MRC affiliates who have filed this motion, including Defendant MRC II Distribution Company L.P., have their principal place of business in Beverly Hills, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 27, 2017, at Beverly Hills, California.

Jonathan Golfman