1  Steve Wilson Briggs

2  681 Edna Way

3  San Mateo, CA 94402

4  510 200 3763

5  snc.steve@gmail.com

6  PLAINTIFF In Propria Persona

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  STEVE WILSON BRIGGS | Civ No: CV 17 6552 VC |
| 12  Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DECLARATION OF DR. MORGAN MARCHBANKS** |
| 13  vs | |
| 14  UNIVERSAL PICTURES, et al., | Judge:      The Honorable Vince Chhabria |
| 15  Defendants. | Date:       February 8th, 2018 |
| 16 | Time:       10:00 a.m. |
| | Courtroom: 4 |

17

18  **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

19  *NOTICE:*

20  Rule 15(a)(1) provides for amending a Complaint **as a matter of course** (right) **(A)**

21  21 days after serving it, **OR** (B) if the pleading is one to which a responsive pleading is

21  required, 21 days after service of a responsive pleading **OR** 21 days after service of a

22  motion under Rule 12(b), (e), or (f)...

23  Responsive to the Defendants' Motion To Dismiss, on January 2nd, 2018, the

24  Plaintiff filed an **Amended Complaint**, as a matter of course, as Plaintiff was within the

25  21 day deadline of completion of service of process of his Complaint (final Defendant

26  served 12/12/17), and within deadline of receiving the Defendants' responsive pleading,

27  a Rule 12(b) motion. Thus, the Court may find the Defendants' Motion moot.

28                                                              i

# TABLE OF CONTENTS

1.  NOTICE…………...…...…..………...…....................................................... i

2.  TABLE OF CONTENTS................................................................... ii

3.  MEMORANDUM OF POINTS AND AUTHORITIES...................... iii

4.  INTRODUCTION............................................................................. 1

5.  MEA CULPA..................................................................................... 1

6.  STATEMENT OF RELEVANT FACTS............................................ 2

7.  LEGAL STANDARD......................................................................... 5

8.  ARGUMENT

    a.  This Court Has Jurisdiction Under The Supplemental Jurisdiction
        Provisions OF 28 U.S. Code § 1367(a)........................................ 6

    b.  This Court Also Has "Complete Diversity" Under
        28 U.S. Code § 1367(a)............................................................... 6

    c.  This Court Has Original Subject Matter Jurisdiction............................... 7

    d.  Plaintiff Is Within The Time Table To Amend, As A Matter Of
        Course; Thus, Plaintiff Has Already Amended And Filed An F.A.C.
        That Corrects All Issues............................................................. 8

    e.  This Court Has Federal Question Jurisdiction Of This Matter
        Per 28 U.S. Code § 1331............................................................. 8

    f.  Good Cause & Inherent Powers................................................... 8

    g.  Defendant's Invalid Claims

            1.  Defendants' Falsely  Claim The Complaint Fails To State
               A Claim Upon Which Relief Can Be Granted [RULE 12(B)(6)]........ 9

            2.  The Complaint Violates FRCP 8(a)(2), Requiring A Short
               And Plain Statement Of The Claim(s); Thus, It Should Be
               Dismissed Under 41(B)..................................................... 10

9.  CONCLUSION................................................................................. 11

ii

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES:** |
| 2 | |
| 3 | **CASES** |

| | |
|---|---|
| 4 | Conley v. Gibson, 355 U.S. 41 (1957)................................................................. 5 |
| 5 | Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).......................................... 5 |
| 6 | Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)............ 5 |
| 7 | Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).......................................... 5 |
| 8 | Cook, Perkiss & Liehe v. N. Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir. 1990) |
| 9 | Briggs v Blomkamp, C134679 PJH............................................................ 2, 6, 7 |
| 10 | Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005)............................ 6, 7 |
| 11 | Spurlock v. FBI, 69 F.3d 1010, 1016 (9th Cir. 1995)............................................ 9 |
| 12 | US v. Ruiz, 536 U.S. 622, 628 (2002)......................................................... 9 |
| 13 | US v. Mine Workers of Am., 330 U.S. 258, 291 (1947)........................................... 9 |

| | |
|---|---|
| 14 | **STATUTES** |

| | |
|---|---|
| 15 | 28 USC § 1367(a)............................................................................ 6 |
| 16 | 17 USC § 602............................................................................... 8 |
| 17 | 17 USC § 501............................................................................... 8 |
| 18 | 28 USC § 1331.............................................................................. 8 |

| | |
|---|---|
| 19 | **RULES** |

| | |
|---|---|
| 20 | FRCP Rule 15(a)(1)......................................................................... i, 8 |
| 21 | FRCP Rule 12(b)............................................................................ i |
| 21 | FRCP Rule 12(b)(6)......................................................................... 5, 9 |
| 22 | FRCP Rule 12(b), (e), or (f)............................................................... i, 8 |
| 23 | FRCP 8(a)(2)............................................................................... 5, 10 |
| 24 | FRCP 41(B)................................................................................. 10 |

| | |
|---|---|
| 25 | **OTHER PUBLICATIONS & PERIODICALS** |

| | |
|---|---|
| 26 | Death of Copyright........................................................................ 9 |
| 27 | Los Angeles Lawyer........................................................................ 9 |

| | |
|---|---|
| 28 | iii |

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | |
| 3 | Plaintiff, Steve Wilson Briggs, hereby submits this Opposition To The Defendants' |
| 4 | Motion To Dismiss and to the Memorandum Of Points And Authorities thereof. |
| 5 | On December 28th, 2017, the Defendants (**Defs**) submitted to the Court a seemingly |
| 6 | hastily composed Motion To Dismiss and Memorandum which lacked most of *courtesies* |
| 7 | one might expect from a pleading of such gravity: no "Table Of Contents", no "*Statement* |
| 8 | *Of Issues*", no expressed "*Legal Standard*". The irony of the Defendants moving to dismiss |
| 9 | the Plaintiff's flawed Complaint with an equally flawed pleading is surely not lost on the |
| 10 | Court. But with some effort, the Plaintiff was able to decipher the motion; thus, the Plaintiff |
| 11 | submits this Opposition To The Defendant's Motion, and asks the Court to immediately and |
| 12 | summarily **DENY** the Defendants Motion To Dismiss. This request is predicated on the **SIX** |
| 13 | **(6) legal** grounds for denial, enumerated in the Table under "ARGUMENTS" **(a-f)**, with a |
| 14 | seventh argument section **(g)** to attend the Defendants' remaining invalid claims. |
| 15 | |
| 16 | **MEA CULPA** |
| 17 | The Plaintiff is chagrined to admit that, as observed by the Defendants Motion and |
| 18 | Memorandum, his Complaint neglected to cite federal question jurisdiction -as the Plaintiff |
| 19 | believed it was sufficient to cite diversity jurisdiction alone. However, also as observed by |
| 20 | the Defendants' Motion and Memorandum, the Plaintiff's diversity jurisdiction citation was |
| 21 | deficient, as there is not "complete" diversity in this matter. Still more embarrassingly, |
| 21 | again, as alleged in the Defendants' Motion, in the Plaintiff's Complaint he errantly cited |
| 22 | numerous federal criminal codes, rather than the proper civil code. |
| 23 | For these mistakes, he Plaintiff earnestly apologizes to the Court. |
| 24 | But, these oversights not forgotten, the Plaintiff is pleased to report that the ***valid*** |
| 25 | problems which the Defendants have identified, have been corrected in the Plaintiff's First |
| 26 | Amended Complaint, submitted January 2nd, 2018, as a matter of right. |
| 27 | But again, for the Plaintiff's oversights, and any extra effort these oversights created for |
| 28 | the Court, the Plaintiff humbly apologizes to the Court. |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | **STATEMENT OF FACTS** |
| 2 | **Relevant Background & Prior Action Facts** |
| 3 | ● In 2006 the Plaintiff joined Kevin Spacey's online screenwriter and filmmaker social |
| 4 | network *"Trigger Street"* (**TS**), located at TriggerStreet.com. |
| 5 | ● The Plaintiff posted his screenplay (*Butterfly Driver*) on  TS for most of 2007. |
| 6 | ● The plaintiff remained a member of TS until it closed, October 2014. |
| 7 | ● The Plaintiff believes that his work was accessed on TS in 2007, then |
| 8 | misappropriated and produced into the film Elysium, which was released in 2013. |
| 9 | ● Plaintiff discovered the infringement and sued several of the Defendants in 2013. |
| 10 | ● The Plaintiff lost on summary judgement and the matter is currently in the appellate |
| 11 | court, where it has been for about 3 years. |
| 12 | **Current Case Issues:** |
| 13 | BREACH & FRAUD |
| 14 | ● While Briggs v Blomkamp was in appeals, February 2016, the Plaintiff learned that |
| 15 | between 2002 and 2009 Defs Spacey and Brunetti went to London and to Spain to |
| 16 | recruit member; there Spacey boasted TS had "400,000 member around the world." |
| 17 | This was many more members than the Plaintiff realized or reported to the Court. |
| 18 | ● Immediately, February 29, 2016, Plaintiff submitted a filing to the 9th Circuit, |
| 19 | informing them of TS's 400,000 member; Plaintiff did so to attend a question about |
| 20 | **"widespread dissemination"** |
| 21 | ● The Plaintiff soon realized that Spacey's and Brunetti's travels to Spain and London |
| 21 | to recruit members were a breach of TS's Terms Of Use. |
| 22 | CONSPIRACY |
| 23 | ● Plaintiff then went to the TS website to read the Terms Of Use page. |
| 24 | ● The Plaintiff discovered that the TS website was inexplicably closed. |
| 25 | ● Plaintiff went to "The Internet Archives" and a few other sites and discovered that 6 |
| 26 | days after the Plaintiff filed his Notice Of Appeal the Defs close the TS website. |
| 27 | ● Plaintiff considered the facts and determined the Defs closed TS upon learning of the |
| 28 | Plaintiff's appeal, as the Defs feared the Plaintiff would prevail (as Plaintiff's MFSJ |

1      cited prevailing law, while the Defs MFSJ cited vacated law). Thus, the matter

2      would likely be remanded. Plaintiff believes the Defs feared that at trial the Plaintiff

3      would subpoena all TS records, presenting insurmountable problems for the Defs.

4      • Plaintiff also felt he would prevail on appeal because the District Court based its

5      ruling on a falsified expert report by a man named Jeff Rovin. The Plaintiff reported

6      Rovin's falsified report to the District Court. Although the District Court took no

7      action, the Plaintiff felt confident that the Circuit Court would correct the oversight.

8      • As the Plaintiff reviewed TS's Terms Of Use and other website contract pages, he

9      found numerous fraudulent statement contained therein.

10      • Plaintiff soon discovered many published actions the Defendants had taken violating

11      TS Terms of Use, or violating state or federal law, or violating various ethical rules.

12      GROSS NEGLIGENCE

13      • The Plaintiff found news articles exposing the Defendants shady business

14      relationships, and exposing their utter disregard for business and labor codes.

15      • The Plaintiff's research soon revealed that Def Sony Pictures negligently purchased

16      the rights to Elysium without ever reading a screenplay.

17      • The Plaintiff's research revealed that Def Ari Emanuel and Def Spacey both worked

18      for CAA talent agency way back in the mid-late 1980s.

19      • Plaintiff recalled that, like Spacey and Brunetti, Defs Damon and Affleck also had a

20      filmmaker/screenwriter social network website —and Damon and Affleck were both

21      represented by Defendant Emanuel or his talent agency WME.

21      • Defendant Emanuel was also the talent agent of Def Neill Blomkamp: the man the

22      Plaintiff accused of misappropriating his screenplay in Briggs v Blomkamp.

23      • Plaintiff determined that Def Emanuel was likely the prime mover in the conspiracy.

24      • Plaintiff research into the Defs' negligent business relationships revealed that Def

25      Emanuel was also secretly involved in owning a business with Def Bill Block and

26      Sony Pictures' (then) CEO M Lynton, in violation of California business codes.

27      • Plaintiff determined that the Defs were entrenched in a culture of negligence and

28      deceit; creating the conditions under which the Plaintiff copyright was violated.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | DECEIT, FRAUD |
| 2 | ● The Plaintiff's research soon revealed that two years after Briggs v Blomkamp went |
| 3 | to appeals, the Defs' expert witness, Jeff Rovin, went on Fox News' *Sean Hannity* |
| 4 | *Show* (national TV show) to tell the world that for many years Rovin had worked for |
| 5 | President Bill Clinton's Administration as a "fixer" (someone paid to write false |
| 6 | "smear" stories for tabloids about Clinton critics). The Plaintiff then realized the |
| 7 | Defs had hired Rovin to "fix" his expert report, and sabotage the Plaintiff's lawsuit. |
| 8 | ● In the Hannity interview, Rovin explained that he was hired for Clinton by an |
| 9 | "actor" in Clinton's administration. |
| 10 | ● Defendant Ari Emanuel's brother, *Rahm Emanuel*, was Senior Advisor to Bill |
| 11 | Clinton from jan 1993- Nov 1998 |
| 12 | ● Based on all of this collected information, the Plaintiff then filed this lawsuit. |
| 13 | INFRINGING EXPORTATION |
| 14 | ● Shortly after suing, the Plaintiff realized that Spacey and Brunetti's efforts to make |
| 15 | TS available in foreign markets, and their effort to recruit new members around the |
| 16 | world, also made the Plaintiff's work available all around the world—without the |
| 17 | Plaintiff's consent. This was a violation of the Plaintiff's exclusive right to distribute |
| 18 | his copyright protected work: this was copyright infringement. |
| 19 | ● Under copyright law, the 3 year time limit to take action on infringement begins |
| 20 | from the time the copyright owner learns of the infringement. The Plaintiff learned |
| 21 | of the infringement around February, 2016. Thus, the time limit to take action |
| 21 | expires around February 2019. |
| 22 | DEFENDANTS' MOTION TO DISMISS |
| 23 | ● The Plaintiff is a published writer, who represented himself through summary |
| 24 | judgment in a significant copyright case, who also effectively represented himself to |
| 25 | the 9th Circuit. Yet, the Defendants' Motion To Dismiss & Memorandum repeatedly |
| 26 | claims the Plaintiff's Complaint fails to state a claim, and claims the pleading is |
| 27 | "unintelligible". **These claims are false** —although Plaintiff  admits he did make |
| 28 | improper diversity, federal question, and criminal code citations. |

| | |
|---|---|
| 1 | **LEGAL STANDARD** |
| 2 | |
| 3 | **STATING THE CLAIMS** |
| 4 | ● Understanding that some cases are more complicated, and involve many parties, many |
| 5 | charges, and many moving parts, there is no maximum or minimum length limit for a |
| 6 | Complaint. But the <u>Fed. R. Civ. P. 8(a)(2)</u> does, at a minimum require: "a short and |
| 7 | plain statement of the claim[s] showing that the pleader is entitled to relief". |
| 8 | |
| 9 | ● In 1957, <u>*Conley v. Gibson,* 355 U.S. 41 (1957)</u> established the current standard stating: |
| 10 | **"a complaint should not be dismissed for failure to state a claim unless it appears** |
| 11 | **beyond doubt that the plaintiff can prove no set of facts in support of his claim** |
| 12 | **which would entitle him to relief"** |
| 13 | |
| 14 | ● <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)</u> modified Conley v. Gibson, as |
| 15 | Twombly specified that a complaint need not contain detailed factual allegations, but |
| 16 | only allege "enough facts to state a claim to relief that is plausible on its face." |
| 17 | |
| 18 | **DISMISSAL** |
| 19 | ● <u>FRCP 12(b)(6)</u> instructs the court must "accept factual allegations in the complaint as |
| 20 | true and construe the pleadings in the light most favorable to the <u>non</u>moving party." |
| 21 | <u>Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)</u>. |
| 21 | |
| 22 | ● The court must also "read the complaint generously and draw all reasonable inferences |
| 23 | in favor of the plaintiff." <u>Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005)</u>. |
| 24 | |
| 25 | ● If a motion to dismiss is granted, a court should normally grant leave to amend unless |
| 26 | it determines the pleading could not possibly be cured by allegations of other facts. |
| 27 | <u>Cook, Perkiss & Liehe v. N. Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir. 1990)</u> |
| 28 | |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | **ARGUMENT:** |
| 2 | |
| 3 | **(a)** |
| 4 | **THIS COURT HAS JURISDICTION UNDER THE SUPPLEMENTAL** |
| 5 | **JURISDICTION PROVISIONS OF 28 U.S. CODE § 1367(a)** |
| 6 | This Court has jurisdiction in this matter under the **supplemental jurisdiction** |
| 7 | provisions of <u>28</u> <u>U.S.</u> <u>Code</u> <u>§ 1367(a)</u>, as this matter is substantially related to the Plaintiff's |
| 8 | Prior Action (<u>Briggs</u> <u>v</u> <u>Blomkamp,</u> <u>C134679</u> <u>PJH</u>), and much of it "arises from the same set |
| 9 | of operative facts" —as noted by the Defendants' own Motion to Dismiss' Memorandum Of |
| 10 | Points And Authorities (p1 line 3-12, and p3 line 3-9). |
| 11 | **28 U.S. Code § 1367(a) states:** |
| 12 | Except as provided in subsections (b) and (c) or as expressly provided otherwise |
| 13 | by Federal statute, in any civil action of which the <u>district</u> <u>courts</u> have original jurisdiction, the <u>district</u> <u>courts</u> shall have supplemental jurisdiction over all other |
| 14 | claims that are so related to claims in the action within such original jurisdiction |
| 15 | that they form part of the same case or controversy under Article III of the United <u>States</u> Constitution. Such supplemental jurisdiction shall include claims |
| 16 | that involve the joinder or intervention of additional parties. |
| 17 | |
| 18 | **(b)** |
| 19 | **THIS COURT ALSO HAS "<u>COMPLETE DIVERSITY</u>"** |
| 20 | **UNDER 28 U.S. CODE § 1367(a)** |
| 21 | Away from the Defense Counsel's oversight of the supplemental jurisdiction |
| 21 | provisions of 28 U.S. Code § 1367(a), the Defense's Motion to Dismiss Memorandum |
| 22 | errantly argues that the Court lacks jurisdiction because the Plaintiff failed to demonstrate |
| 23 | **"complete diversity"**. In fact, The Supreme Court made it clear in <u>Exxon</u> <u>Mobil</u> <u>Corp.</u> <u>v.</u> |
| 24 | <u>Allapattah</u> <u>Services,</u> <u>Inc.,</u> <u>545</u> <u>U.S.</u> <u>546</u> <u>(2005)</u> that "complete diversity" is conferred by 28 |
| 25 | U.S. Code § 1367(a), holding that supplemental jurisdiction statute grants diversity |
| 26 | jurisdiction over additional plaintiffs who fail to satisfy minimum requirement, as long as |
| 27 | other elements of diversity jurisdiction are present and at least one named plaintiff satisfies |
| 28 | amount-in-controversy requirement. Justice Kennedy wrote: |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

"The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties. The single question before us, therefore, is whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a "civil action of which the district courts have original jurisdiction." If the answer is yes, § 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy. If the answer is no, § 1367(a) is inapplicable and, in light of our holdings in Clark and Zahn, the district court has no statutory basis for exercising supplemental jurisdiction over the additional claims.

**We now conclude the answer must be yes."**

—Exxon v Allapattah, 545 U.S. 546 (2005)

**(c)**

**THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

Many of the underlying issues of this matter relate to the Plaintiff's Prior Action. This fact was less tactfully expressed in the Defense's Motion To Dismiss' Memorandum (page 1 line 11: **"In this action, Plaintiff once again asserts claims in pro per relating in some way to his long-since-defeated assertion that his motion picture screenplay was infringed by the Film"**). These similarities in mind, the Plaintiff reminds the Court:

**a.** The Prior Action, Briggs v Blomkamp, was a c**opyright infringement** lawsuit;

**b.** In this current matter, the Plaintiff argues (with ample evidentiary support) that in Briggs v Blomkamp the Defendants deceived the Court to prevail; thus, some of those copyright issues may still be relevant and considered in this matter.

Unfortunately, the California State Court has no jurisdiction over copyright matters. Thus, the state court would have no experience with copyright issues; nor would the state court have any necessary copyright resources. From the inception, as contemplated by the Copyright Clause of the Constitution, **copyright issues are the exclusive jurisdiction of the federal courts.** Thus, plainly, this Court has subject matter jurisdiction.

**(d)**

**PLAINTIFF IS WITHIN THE TIME TABLE TO AMEND,**

**AS A MATTER OF COURSE; THUS, PLAINTIFF HAS ALREADY**

**AMENDED AND FILED AN F.A.C. THAT CORRECTS ALL ISSUES.**

FRCP Rule 15(a)(1) provides for amending a complaint **as a matter of course (A)** 21 days after serving it, **or** (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or** 21 days after service of a motion under Rule 12(b), (e), or (f)...

Under Rule 15(a)(1), as a matter of course, and therefore by right, the Plaintiff is entitled to amend once within the specified guidelines. Thus, shortly before filing this opposition brief, the Plaintiff filed a First Amended Complaint (**FAC**), as he was within 21 days of completion of service of process (final Defendant served 12/12/17), **AND** within the 21 days of receiving the Defendants' responsive pleading, a Rule 12(b) motion.

The Plaintiff's new FAC addresses all *valid* issues asserted in the Defendants' Motion to Dismiss and Memorandum; thus, the Defendants' Motion To Dismiss is moot.

**(e)**

**THIS COURT HAS FEDERAL QUESTION JURISDICTION**

**OF THIS MATTER PER 28 U.S. CODE § 1331**

As previously acknowledged, the Complaint failed to cite federal question jurisdiction. However, **this matter does have central federal questions** to address, such as **Infringing Exportation** (17 USC § 602, enforced under 17 USC § 501) as alleged in the Plaintiff's recently submitted FAC. Thus, this Court has jurisdiction under 28 U.S. CODE § 1331.

**(f)**

**GOOD CAUSE & INHERENT POWERS**

Beyond the many legal authorities giving this Court jurisdiction over this matter, this court has the authority to hear this matter under the substantial grounds of ***good cause***, which this Court can act on by virtue of its **inherent authority** to consider such matters. "**A**

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   **district court possesses inherent power over the administration of its business."**

2   [*Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995)]. The tenet that federal courts can

3   determine their own jurisdiction is well established in many cases**.** ["A federal court has the

4   authority to determine whether it has jurisdiction to hear a particular case." US v. Ruiz, 536

5   U.S. 622, 628 (2002) —citing US v. Mine Workers of Am., 330 U.S. 258, 291 (1947)]

6

7   <center>**(g)**</center>

8   <center>**DEFENDANT'S INVALID CLAIMS**</center>

9   <center>**(1)**</center>

10   <center>**Defendants' Falsely  Claim The Complaint Fails To State A Claim**</center>

11   <center>**Upon Which Relief Can Be Granted  [RULE 12(B)(6)]**</center>

12

13         The Plaintiff is a capable published writer, who also occasionally accepts freelance

14   work. The Plaintiff has the distinction of having represented himself through summary

15   judgment against the established film industry. In the last 25 years, of the countless people

16   who may have made claims against that industry, only 48 attorneys have succeed in bringing

17   actions to summary judgment—and 46 of those 48 attorneys lost on summary judgment, and

18   the remaining 2 lost at trial. (See attorney Steven T Lowe's article *"Death of Copyright"*

19   published in Los Angeles Lawyer, 2010.) Aware of these facts, the Plaintiff is honored that

20   he effectively represented himself to the 9th Circuit Court of Appeals. And with a healthy

21   record of his pleadings available online, no one has ever claimed the Plaintiff failed to state

21   a claim upon which relief can be granted, nor has has anyone suggested that his pleadings

22   were "unintelligible".

23         Until now.

24       This is a complex matter, involving many parties,  many claims, many moving parts,

25   and possibly hundreds of millions of dollars of unlawful profits in question. Fortunately,

26   understanding that from time to time, cases will arise that require more detail, neither the

27   FRCP or the Local Rules set a limit on the length of a complaint. Thus, to show  credibility,

28   accuracy, and good faith, the Plaintiff submitted a detailed complaint of about 61 pages,

<center>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</center>

1  which accurately stated claims to which relief can be granted, with about 225 pages of
2  evidentiary exhibits. This is certainly more than average, but far from unprecedented.

3  The Plaintiff's Complaint makes clear claims to which relief can be made.

4

5  **(2)**

6  **The Complaint Violates FRCP 8(a)(2), Requiring A Short And Plain**

7  **Statement Of The Claim(s); Thus, It Should Be Dismissed Under 41(B)**

8

9  In their Motion To Dismiss and Memorandum, the Defendants, in order to satisfy the
10  requirements of Rule 8, have repeatedly called the Plaintiff's Complaint "unintelligible",
11  while conspicuously noting the Plaintiff status as *pro se* —careful to italicize their text, as if
12  winking to the Court, to impugn the Plaintiff's credibility.

13  Since the Plaintiff is obligated to address even the Defendants' spurious claims, the
14  Plaintiff declares, truly: the Complaint is clear, coherent and meets the demand of 8(a)(2).

15  **Rule 8(a)(2) requires:**

16  "a short and plain statement of the claim showing that the pleader is
17  entitled to relief;"

18  **Rule 8(a)(2) is a minimum standard**. As many litigants lack the literary skill needed
19  to write coherent pleadings, a minimum standard is required.  A lower standard might read:
20  "a short somewhat coherent phrase..." Without a minimum standard, the Court might spend
21  its days reading incoherent pleadings, trying to divine the  pleaders' intent.

21  **Rule 8(a)(2) was NOT intended to preclude a party from providing a detailed,**
22  **accurate statement of issues and claim(s), also showing that the pleader is entitled to**
23  **relief,** as the Plaintiff has.

24  The requirements for demonstrating FRAUD are substantial, as are the requirements
25  for demonstrating CIVIL CONSPIRACY, and the requirements for showing the Defendants
26  engaged in a long standing, pervasive culture of NEGLIGENCE, as are the requirements for
27  demonstrating all of the Complaint's alleged violations. In a complex case, such as this,
28  showing the Court that the claims are factually based, requires a reasonable degree of detail.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | **CONCLUSION:** |
| 2 | |
| 3 | For the foregoing reasons, the Plaintiff respectfully asks the Court to deny the |
| 4 | Defendants' Motion To Dismiss, and the attached Memorandum Of Points And Authorities. |
| 5 | |
| 6 | Dated: January 3, 2018 |
| 7 | |
| 8 | Respectfully Submitted, |
| 9 | By: /s/ Steve Wilson Briggs |
| 10 | Steve Wilson Briggs |
| 11 | Plaintiff, In Propria Persona |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## DECLARATION OF DR. MORGAN MARCHBANKS

I, Dr. Morgan Marchbanks, declare as follows:

- I have a doctorate (Ed.D) in Educational Administration for Social Justice.

- I have a masters degree in Education.

- I have a masters degree in Educational Administration.

- I have more than 10 years experience teaching English in California high schools.

- I read Plaintiff' Steve Wilson Briggs' Complaint in the matter of Briggs v

    Universal Pictures, et al (CV 17-6552-VC), and did not find it to be unintelligible.

    Rather, I found it to be clear and understandable.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on January 3rd, 2018 in Santa Rosa, California

Dr. Morgan Marchbanks