Steve Wilson Briggs

681 Edna Way

San Mateo, CA 94402

510 200 3763

snc.steve@gmail.com

PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS<br><br>Plaintiff,<br><br>vs<br><br>UNIVERSAL PICTURES, et al.,<br><br>Defendants. | Civ No: CV 17 6552 VC<br><br>**PLAINTIFF'S NOTICE OF MOTION, AND MOTION FOR SANCTIONS, AGAINST THE DEFENSE COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITY**<br><br>Judge:  The Honorable Vince Chhabria<br><br>Date:   February 15th, 2018<br>Time:   10:00 a.m.<br>Courtroom:  4 |

## NOTICE OF MOTION

Please take notice: On February 15th, 2018, at 10:00 a.m. or as soon thereafter as the Court permits, in Courtroom 4 of this Courthouse, before the Honorable Vince Chhabria, and pursuant to FRCP Rule 11(c)(1) and Rule 11(c)(2), plaintiff Steve Wilson Briggs will, and hereby does, move the Court to impose sanctions against the Defendants' attorneys: (Michael J. Kump, Gregory P. Korn, Rochelle Wilcox, Kelli Sager, and Brendan Charney); referred to in this motion as the *Defense Counsel*.

# MOTION

Pursuant to FRCP Rule 11(c), Plaintiff Steve Wilson Briggs hereby moves Court to determine if, as the Plaintiff contends, on December 28th, 2017, by submitting to the Court a motion to dismiss (captioned: "**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), OR IN THE ALTERNATIVE, FED. R. CIV. P. 8(a), 41(b) AND/OR 12(b)(6); MEMORANDUM OF POINTS OF AUTHORITIES AND DECLARATION OF JONATHAN GOLFMAN IN SUPPORT THEREOF,** referred to herein as *Motion* and/or *Memorandum*), the Defense Counsel committed the following Rule 11(b) violations:

1. Violating FRCP Rule 11(b), as the Defense Counsel's Motion and Memorandum was submitted without performing a reasonable inquiry;
2. Violating FRCP Rule 11(b)(1), as the Defense Counsel's Motion and Memorandum needlessly increases the costs of proceedings;
3. Violating FRCP Rule 11(b)(1), as the Defense Counsel's Motions and Memorandum were submitted for the improper purpose of harassing the Plaintiff;
4. Violating FRCP Rule 11(b)(3), as the Defense Counsel's Motion and Memorandum make factual contentions that have no evidentiary support.

Additionally, pursuant to FRCP Rule 11(c)(1), this motion will ask the Court to determine if, as the Plaintiff alleges, **ALL ATTORNEYS** for the Defendants, particularly those who have joined in support of that Motion, must be **"held jointly responsible for a violation committed by its partner, associate, or employee,"** as specifically stated in this rule.

In support of this motion, the Plaintiff respectfully refers the Court to the subsequent accompanying Memorandum Of Points And Authorities.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.   INTRODUCTION

U.S. Courts carry the tremendous responsibility of upholding the rule of law. To this end, all attorneys practicing in federal civil court are required to comply with ALL codes and rules of the FRCP. Rule 11(b) requires that attorney pleadings and motions be formed (1) after a reasonable inquiry, (2) without needlessly increasing costs, (3) not be presented for any improper purpose (such as to harass), and (4) that factual contentions have evidentiary support—or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

On November 13th, 2013, the Plaintiff submitted a Complaint to this Court alleging very serious violations committed by the Defendants, with over 200 pages of evidentiary support attached, to confirm the veracity of every word. If, as the Plaintiff claims, the allegations against the Defendants are true, it would mean the Defendants have violated, and conspired to violate, many state and federal laws for many years, AND they may have made billions of dollars in ill-gotten profits from these activities.

In furtherance of Court's duty to uphold the rule of law, attorneys must represent their client's interests **competently**, skillfully, thoroughly, preparedly, and **knowledgeably**, as specified under ABA Rule 1.1.

### THE AMERICAN BAR ASSOCIATION'S RULE 1.1

A lawyer shall provide **competent** representation to a client. **Competent** representation requires the legal **knowledge, skill, thoroughness** and **preparation** reasonably necessary for the representation.

In the submission of the Defendants' Motion To Dismiss, whether by intent, incompetence, or negligence, the Defense Counsel's failed to perform a reasonable inquiry to the Plaintiff's disadvantage, improperly harassed the Plaintiff, needlessly increased the costs of proceedings, made factual contentions without evidentiary support, and, through all of these actions, violated its obligations to this Court to provide competent representation, as required under the ABA's Rule 1.1.

## II. STATEMENT OF THE FACTS

### Procedural Background

November 13th, 2017, the Plaintiff submitted his Complaint to this Court. This Complaint had some unquantified connection to Plaintiff's Prior Action, Briggs v Blomkamp, CV134679-PJH. The Complaint contained very serious claims, alleging that the Defendants violated 14 state and federal codes, routinely, over a period of many years.

Responsive to the Plaintiff's pleading, **and within 21 days of service**, the Defendants moved the Court to dismiss the Complaint, via the Defense Counsel's Motion to and Memorandum.

The Motion correctly identified the Plaintiff's erroneous citations of federal code violations; however, it repeatedly failed to apply, or improperly applied, many FRCP codes, rules, and case law favoring the Plaintiff. The Defense Counsel made these mistakes in willful violation of Rule 12(b), **OR** out of incompetence, in violation of ABA Rule 1.1.

Almost as disconcerting as the Motion itself, were the numerous statements it contained intent to mislead the Court or harass the Plaintiff.

Responsive to the Motion, after about about 4 hours of inquiry, the Plaintiff discovered the deficiencies cited by the Defense Counsel were superseded by numerous codes, ALL upholding the Plaintiff's Complaint or his right to amend (see Plaintiff's Opposition To Motion To Dismiss), and proving the Defense Counsel's Motion needless and improper.

As stated, in just a few hours the Plaintiff found numerous prevailing codes and rules, all in his favor. However, due to the Defense Counsel's ill-advised motion, the Plaintiff had to spend 6 days writing (at a standard warranting this Court's attention) both an amended complaint, and an Opposition to the Motion.

In filing their ill-advised Motion To Dismiss and Memorandum, the Defense Counsel:

a.  failed to perform reasonable inquiry;
b.  needlessly increased costs;
c.  acted with the improper purpose of harassing the Plaintiff; **AND**
d.  made factual contentions without evidentiary support, and which will never find evidentiary support.

### III. ARGUMENT

#### A.

#### The Defense Counsel Submitted Their Motion While The Plaintiff Was Still In His Period To Amend By Right —Making Their Motion A Frivolous, Needless Increase Of Costs, Violating Rule 11(b)(1)

Without restating all of many ways the Defense Counsel was mistaken about their diversity jurisdiction arguments, at the time the Defendants entered their Motion, the Plaintiff was still within the 21 days of service to amend as a matter of course, provided under Rule 15(a)(1)(A), and Rule 15(a)(1)(B).

> **Rule 15**. Amended and Supplemental Pleadings
> (a) Amendments Before Trial.
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it

In making their motion to dismiss when the Plaintiff was still within the timeframe to amend by right, under Rule 15, the Defense Counsel engaged in the a frivolous exercise that needlessly increased expenses. In so doing, the Defense Counsel violated Rule 11(b)(1).

#### B.

#### The Defense Counsel's Submitted Their Motion Without Performing A Reasonable Inquiry, Violating Rule 11(b)

In respect for the Court's time, the Plaintiff will not restate all the many ways that Defense Counsel was mistaken about their bases for dismissal (see Plaintiff's Opposition To Defendants' Motion To Dismiss); however, given that these mistakes were so rampant, and so easy to spot, and given that the Defense Counsel is adequately staffed, one can only conclude the Defense Counsel failed to perform a reasonable inquiry into their assertions. To support this conclusion, consider the following two examples of these inquiry failures:

#### INQUIRY FAILURE #1

The Defense Counsel's Motion effectively claimed this suit was brought by the Plaintiff out of sour grapes about his failed Prior Action (Briggs v Blomkamp). The Defense

Counsel then vociferously argued that this Court had no jurisdiction because the Plaintiff alleged a deficient diversity jurisdiction, and he could not claim "complete diversity," as required.

However, with very little inquiry, the Plaintiff was able to correct these false assertion, and direct the Court to the **supplemental jurisdiction** provisions of 28 U.S. Code § 1367(a), as this matter is substantially related to the Plaintiff's Prior Action (Briggs v Blomkamp, C134679 PJH), and much of it "arises from the same set of operative facts."

## INQUIRY FAILURE #2

The Defendants' failure to do basic inquiry for their Motion was so severe that in one short sentence the Defense Counsel contradicted at least three (3) FRCP codes and rules. Consider, on page 4, line 3 of their Memorandum, the Defense Counsel wrote: **"The Plaintiff cannot amend in good faith to allege complete diversity of citizenship."**:

1. Had the Defense Counsel inquired to find **28 U.S. Code § 1367(a)**, they may have learned that in Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), the Supreme Court ruled that **28 U.S. Code § 1367(a)** confers **complete diversity**, by holding that this supplemental jurisdiction statute **grants diversity jurisdiction over additional plaintiffs** who fail to satisfy minimum requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies amount-in-controversy requirement.
2. The Plaintiff was still able to amend in good faith under **Rule 15(a)(1)(A)**; and
3. The Plaintiff was still able to amend in good faith under **Rule 15(a)(1)(B)** (BTW: Plaintiff would also be able to amend in good faith because the Defense Counsel responded with a Rule 12(b) motion.

If we rule out the possibility that the Defense Counsel made this statement to mislead the Court, we're left with 2 options. The Defense Counsel made this misstatement because:
1. they lacked the competence necessary to conduct a reasonable inquiry; **OR**
2. they simply failed to do reasonable inquiry.

Therefore, the Defense Counsel should either be sanctioned for their inability to meet the demands of the ABA's Rule 1.1, or sanctioned for transparently violating Rule 11(b).

### C.
### The Defense Counsel's Motion Was Intended To Harass The Plaintiff,
### And They Corruptly Insinuated The Court Into Their Misconduct

Rule 11(b)(1) requires attorneys certify that their pleadings are not presented to harass. However, the Defense Counsel routinely referred to the Plaintiff's 'In Pro Per' status in *italics*. Each unnecessary mention of his Pro Se status was made in italics (see Motion's Memorandum: p1 line 4; p1 line 11; p2 line 20; p6 line 4). This was done for two reasons:

1. To **harass** and antagonize the Plaintiff (who defends his right defend himself);
2. To corruptly draw the Court's attention to the Plaintiff's Pro Se status, spurred by the cynical belief that US courts possess an inherent bias against Pro Se plaintiffs.

This conduct violates Rule 11(b)(1), and is sanctionable under Rule 11(c).

### D.
### Defense Counsel Made Central Factual Contentions
### That Cannot Be Supported By Evidence, Violating Rule 11(b)(3)

Repeatedly and throughout their Motion To Dismiss, the Defense Counsel claimed that the Complaint was unintelligible, and that neither they nor their clients could understand it.

However, as the Court may verify, the Plaintiff succinctly expressed most of this case's major issues on pages **2 to 3** of the Complaint, under the heading "**NATURE OF ACTION**". The Plaintiff then explained matters, in context, on pages **5 to 7**, under the heading **"STATEMENT OF FACTS AND ALLEGATIONS, Brief Case Overview."** Then, from page **7 to 44**, he gives a thorough explanation of circumstances and events leading up to the violations, then of the actual violations—including the specific actions of all 13 Defendants. The Plaintiff then restated the Defendants 16 major or violations, under the heading **SUMMARY Review Of Facts Regarding Defendants' Actions, Resulting In Injury To Plaintiff**, from page 45 to 52. Finally, the Plaintiff incorporated and re-alleged all of this into the the body of each of his 14 claims for relief, from page **52 to 61**.

With this degree of clarity, the assertion that the Defendants and the Defense Counsel found the Complaint unintelligible, could never be supported evidentiarily. Therefore, the Defendants should be sanctioned for violating rule 11(b)(3) under Rule 11(c).

## **CONCLUSION:**

For the Foregoing reasons, plaintiff Steve Wilson Briggs respectfully asks the Court to impose such sanctions as the Court deems appropriate, against the Defendants' attorneys, namely Michael J. Kump (SBN 100983), Gregory P. Korn (BN 205306), Rochelle Wilcox (SBN 197790), Kelli Sager (SBN 120162), and Brendan Charney (SBN 293378), for violations of Federal Rules of Civil Procedure Rule 11(b), enforceable under the Federal Rules of Civil Procedure Rule 11(c).

Dated: January 6, 2018

Respectfully Submitted,

By, /s/ Steve Wilson Briggs
Steve Wilson Briggs
Plaintiff, In Propria Persona