KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
    rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
    brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:     (213) 633-6800
Facsimile:     (213) 633-6899

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>        Plaintiff,<br><br>     v.<br><br>UNIVERSAL CITY STUDIOS LLC;<br>NBCUNIVERSAL MEDIA, LLC;<br>SONY PICTURES ENT INC.; KEVIN<br>SPACEY; ARI (ARIEL) EMANUEL; MATT<br>DAMON; BEN AFFLECK; NEILL<br>BLOMKAMP; MORDECAI (MODI) WICZYK;<br>ASIF SATCHU; BILL BLOCK; DANA<br>BRUNETTI; MRC II DISTRIBUTION<br>COMPANY LP (AKA MRC, Media Rights<br>Capital, and all other MRC entities and<br>subsidiaries)<br><br>        Defendants. | Case No. 17-cv-06552-VC<br><br>[Hon. Vince Chhabria]<br><br>**NOTICE OF MOTION AND MOTION<br>TO DISMISS FIRST AMENDED<br>COMPLAINT; MEMORANDUM OF<br>POINTS AND AUTHORITIES**<br><br>(Proposed Order Filed Concurrently)<br><br>Date:       February 22, 2018<br>Time:      10:00 a.m.<br>Crtrm:    4 |

DAVIS WRIGHT TREMAINE LLP

PLEASE TAKE NOTICE that on February 22, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of the above-entitled court, located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102, the Honorable Vince Chhabria presiding, Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") will and hereby do move this Court to dismiss this action pursuant to Federal Rules of Civil Procedure 8(a)(2) and 41(b) and/or Federal Rule of Civil Procedure 12(b)(6).  This Motion is brought on the following grounds:

1.      The First Amended Complaint ("FAC") violates the requirement set forth in Federal Rule of Civil Procedure 8(a)(2) that a pleading seeking relief contain a "short and plain statement of the claim" showing entitlement to relief, and is therefore subject to dismissal under Federal Rule of Civil Procedure 41(b);

2.      The FAC is an improper collateral attack on a previously-dismissed lawsuit brought by Plaintiff against some of the same defendants;

3.      The FAC fails to state a claim upon which relief can be granted against NBCU pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically:

    a.  The FAC does not state any claim against NBCU that is plausible on its face, in violation of Ashcroft v. Iqbal, 556 U.S. 662 (2009).  For this reason, Plaintiff's first, second, seventh, eighth and ninth claims for relief – which are the only claims for relief brought against NBCU – should be dismissed.

    b.  Because California does not recognize a claim for conspiracy, Plaintiff's first claim for relief against NBCU should be dismissed for this independent reason.

    c.  Because California does not recognize a claim for spoliation, Plaintiff's second claim for relief against NBCU should be dismissed for this independent reason.

DAVIS WRIGHT TREMAINE LLP

1

d.  Because the FAC does not allege any facts identifying any

2

purportedly negligent acts by NBCU, Plaintiff's seventh and

3

eighth claims for relief against NBCU should be dismissed for

4

this independent reason.

5

e.  Because the FAC does not allege any facts identifying any acts

6

by NBCU that could conceivably give rise to a claim for

7

violation of Cal. Labor Code § 1700.39, Plaintiff's ninth claim

8

for relief against NBCU should be dismissed.

9

This Motion is based on the attached Memorandum of Points and Authorities; the

10

pleadings, files and records in this action; and upon such other arguments as may be received by

11

this Court at the hearing on this Motion.

12

Respectfully submitted this 16th day of January, 2018

13

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER

14

ROCHELLE L. WILCOX

15

BRENDAN N. CHARNEY

16

17

By: */s/ Rochelle L. Wilcox*
Rochelle L. Wilcox

18

Attorneys for Defendants

19

UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

## **TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF ARGUMENT ........................................................................ 1

II.    SUMMARY OF FACTS ............................................................................... 2

III.   THE FAC FAILS TO PROVIDE NOTICE OF THE  BASIS FOR PLAINTIFF'S CLAIMS AGAINST NBCU. ...................................................................... 4

IV.    THE FAC IS AN IMPROPER COLLATERAL ATTACK ON  THE DISMISSAL OF PLAINTIFF'S PRIOR LAWSUIT. ............................................. 4

V.     THE FAC FAILS TO STATE A CLAIM. .......................................................... 7

       A.     The FAC Fails To State A Plausible Claim Against NBCU. ...................... 7

       B.     California Law Does Not Recognize A Claim For Conspiracy. ................. 8

       C.     No Tort Claim Exists For Spoliation Under California Law. ................... 8

       D.     The FAC Fails To Allege Any Conduct By NBCU That Supports A Negligence Claim. ...................................................................... 9

       E.     The FAC Does Not Allege Any Conduct By NBCU Violating The Labor Code. .......................................................................... 9

VI.    CONCLUSION ................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Advocare Intern., L.P. v. Scheckenbach,
   2010 WL 2196449 (W.D. Wash. May 27, 2010) ........................................................ 6

Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,
   7 Cal. 4th 503 (1994) ........................................................................................ 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................... 1, 7, 9

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ......................................................................................... 7, 9

Brazil v. U.S. Dept. of Navy,
   66 F.3d 193 (9th Cir. 1995) ................................................................................. 4

Briggs v. Blomkamp,
   70 F. Supp. 3d 1155 (N.D. Cal. 2014) ............................................................... 1, 2

Briggs v. Blomkamp,
   N.D. Cal. No 13-cv-04679 ........................................................................... passim

Briggs v. Sony Pictures Ent.,
   9th Cir. No. 14-17175 (filed Oct. 8, 2013) ............................................................ 2

Buckey v. County of Los Angeles,
   968 F.2d 791 (9th Cir. 1992) ................................................................................ 9

Cedars-Sinai Medical Center v. Superior Court,
   18 Cal. 4th 1 (1998) .......................................................................................... 8

Dydzak v. United States,
   2017 WL 4922450 (N.D. Cal. Oct. 31, 2017) ....................................................... 5

Harper v. City of Monterey,
   2012 WL 195040 (N.D. Cal. Jan. 23, 2012) .......................................................... 6

In re Braughton,
   520 F.2d 765 (9th Cir. 1975) ................................................................................ 5

Kenne v. Stennis,
   230 Cal. App. 4th 953 (2014) ............................................................................... 8

Liddell v. Smith,
   345 F.2d 491 (7th Cir. 1965) ................................................................................ 5

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVIS WRIGHT TREMAINE LLP

Mangindin v. Washington Mut. Bank,
637 F. Supp. 2d 700 (N.D. Cal. 2009) ...................................................................... 8

Mullis v. U.S. Bankr. Court for Dist. of Nevada,
828 F.2d 1385 (9th Cir. 1987) ......................................................................... 5, 6

Nevijel v. North Coast Life Ins. Co.,
651 F.2d 671 (9th Cir. 1981) ................................................................................ 4

Rein v. Providian Fin. Corp.,
270 F.3d 895 (9th Cir. 2001) ................................................................................ 5

Rinegard-Guirma v. Ocwen Loan Servicing, LLC,
2016 WL 4257765 (D. Or. Aug. 19, 2016) ....................................................... 5, 6

San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.,
568 F.3d 725 (9th Cir. 2009) ................................................................................ 6

Temple Cmty. Hosp. v. Superior Court,
20 Cal. 4th 464 (1999) ..................................................................................... 5, 8

Uptergrove v. U.S.,
2009 WL 1035231 (E.D. Cal. 2009) ...................................................................... 5

Warden v. Cross,
94 Fed. Appx. 474 (9th Cir. 2004) ........................................................................ 8

Wawrzynski v. Byron Hibshman,
2011 WL 1004822 (S.D. Cal. Mar. 18, 2011) ....................................................... 6

**Statutes**

California Labor Code § 1700.39 ................................................................... 2, 3, 9, 10

**Rules**

Federal Rule of Civil Procedure
8(a) ........................................................................................................... 3, 4
8(a)(2) ........................................................................................................... 1, 4
8(e) ................................................................................................................... 4
11(c)(2) ............................................................................................................. 3
12(b)(6) ...................................................................................................... 1, 3, 7
41(b) ................................................................................................................. 4

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-9880-1242v.4 0020040-000144

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**SUMMARY OF ARGUMENT**

Plaintiff's First Amended Complaint ("FAC") is a transparent attempt to re-litigate claims that already were rejected in an earlier lawsuit.  That prior case, which claimed that the space-adventure film <u>Elysium</u> infringed Plaintiff's copyrighted screenplay, was dismissed with prejudice by the Honorable Phyllis J. Hamilton in 2014, and is the subject of an appeal to the Ninth Circuit.  <u>Briggs v. Blomkamp</u>, 70 F. Supp. 3d 1155 (N.D. Cal. 2014).  Apparently unsatisfied with the progress or likelihood of success of his appeal, Plaintiff has concocted a new lawsuit, which attempts to resurrect his copyright claim by wrapping it into pages of largely incomprehensible theories about some kind of industry-wide "conspiracy."

Despite two attempts, however, Plaintiff has not set out any facts that give rise to any cognizable claim against Defendants Universal City Studios LLC or NBCUniversal Media, LLC (collectively, "NBCU"), or that even identify the conduct that Plaintiff purports to believe was wrongful.  Instead, the few direct references to NBCU assert only that it has been involved in <u>entirely unrelated</u> business deals with some of the other defendants, on projects that have nothing whatsoever to do with Plaintiff, his screenplay, or the film <u>Elysium</u> that he claims infringed his copyright.  Because Plaintiff has failed to set forth an intelligible statement of facts showing entitlement to any relief against NBCU, his claims against these moving defendants must be dismissed.  F.R.C.P.  8(a)(2).  Section III, <u>infra</u>.

Independently, Plaintiff's claims should be dismissed as an improper attempt to collaterally attack the result in a prior lawsuit, where his claims were rejected.  Basic principles of federal procedure prevent Plaintiff from engaging in this kind of "horizontal appeal."  Plaintiff's only avenue for review of Judge Hamilton's order is his pending appeal to the Ninth Circuit; this lawsuit should be dismissed in its entirety.  Section IV, <u>infra</u>.

Finally, despite his attempt to amend, the allegations in the FAC fail to meet the requirements of Federal Rule of Civil Procedure 12(b)(6), or the standard for plausibility of <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  There are no facts pleaded against NBCU that explain

DAVIS WRIGHT TREMAINE LLP

the basis for any claims against it; there is no tort claim or statutory violation that arises from a company doing business with someone against whom the Plaintiff has entirely unrelated claims. Section V, infra.  Moreover, Plaintiff's First and Second Claims For Relief against NBCU purport to assert causes of action for "conspiracy" and "spoliation" that do not exist under California law.  Plaintiff's only other claims against the moving parties – his Seventh Claim for Relief for "negligence," Eighth Claim for Relief for "gross negligence," and Ninth Claim for Relief for alleged violation of Labor Code § 1700.39, are not supported by any facts whatsoever concerning NBCU that could support these claims.  Section V, infra.

Because Plaintiff's FAC fails again to state any claims against NBCU, demonstrating that further amendment would be futile, this Court should grant NBCU's motion in its entirety, with prejudice.

## II.
## SUMMARY OF FACTS

In 2013, Plaintiff Steven Briggs sued Neill Blomkamp, Sony Pictures, Media Rights Capital ("MRC"), and others, claiming that the film Elysium infringed Plaintiff's copyrighted screenplay, "Butterfly Driver."  Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679 (the "Prior Lawsuit").  The District Court for the Northern District of California, the Honorable Phyllis J. Hamilton presiding, granted summary judgment to defendants, rejecting Plaintiffs' copyright claim in a thorough and carefully reasoned opinion.  Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014).  The Court dismissed Plaintiff's claims and entered judgment for Defendants.  Judgment, Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679 (October 3, 2014) (ECF No. 87).  Plaintiff's appeal from that decision is currently pending in the Ninth Circuit.  Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (filed Oct. 8, 2013).

On December 7, 2017, Plaintiff brought this lawsuit against some[1] of the same defendants sued in the Prior Lawsuit.  He also added 10 new defendants, including Universal City Studios LLC and NBCUniversal Media, LLC.  Plaintiff's initial Complaint stated that it was

---

[1] Neill Blomkamp, Sony Pictures and MRC are named in both this case and Plaintiff's Prior Lawsuit.

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-9880-1242v.4 0020040-000144

DAVIS WRIGHT TREMAINE LLP

"related" to the Prior Lawsuit and that "certain new events, related to [the Prior Lawsuit], inform[] this matter" – principally, Plaintiff's allegation that all of the defendants were engaged in some undefined "conspiracy" that Plaintiff believes was relevant to the Prior Lawsuit.  ECF No. 1 at ¶ 19.

On December 28, 2017, NBCU joined a Motion to Dismiss filed by the other defendants in this action, seeking dismissal of the Complaint for lack of subject matter jurisdiction, failure to provide a short and plain statement of the claim under Rule 8(a), and failure to state a claim under Rule 12(b)(6).  ECF Nos. 15, 17.  Five days later, Plaintiff filed the FAC (ECF No. 21), adding copyright and infringing exportation claims that seem to be based on the same alleged facts that gave rise to the Prior Lawsuit – purported infringement of his screenplay "Butterfly Driver."  See FAC at Counts 12 and 13; see also FAC at ¶¶ 111, 117.[2]

Like the initial Complaint, the FAC is indecipherable.  See generally FAC. Through a tangled web of allegations, relying heavily on innuendo and rote speculation, the FAC appears to claim a decades-long conspiracy running rampant throughout Hollywood's major studios.  See id.  As best can be discerned, Plaintiff appears to allege that NBCU conspired with competing film studios and other prominent professionals in the film industry to somehow frustrate Plaintiff's Prior Lawsuit and pending appeal.  See, e.g., FAC at ¶¶ 1, 149-152, 155, 158, 159-161, 165, 174, 184, 190, 217, 219, 221, 224, 229, 235, 236.  At bottom, NBCU's alleged wrong appears to be working with renowned talent agent Ari Emanuel, and producing motion pictures.

As to NBCU, although the FAC asserts claims for conspiracy, spoliation, negligence and gross negligence against both defendants, and a claim for alleged violation of Labor Code § 1700.39 against Universal City Studios, the FAC does not include a single factual allegation tying his claims to alleged wrongs by NBCU.  FAC at ¶¶ 225-237, 250-258.

---

[2] Plaintiff also filed an Opposition to the now-moot Motion to Dismiss his initial Complaint, arguing that the copyright and infringing exportation claims in the FAC confer federal-question jurisdiction.  See ECF No. 23 at 8.  In addition, Plaintiff filed a motion to sanction defense counsel for filing the original Motion to Dismiss and Joinder, although he failed to provide the pre-filing notice required by Fed. R. Civ. Pro. 11(c)(2).  See ECF No. 24.  For the reasons discussed in this Motion and in the previous Motion To Dismiss, Plaintiff's Complaint and FAC are subject to dismissal on multiple grounds, and his Motion for Sanctions is both procedurally improper and patently baseless.

3

DAVIS WRIGHT TREMAINE LLP

### III.
### THE FAC FAILS TO PROVIDE NOTICE OF THE BASIS FOR PLAINTIFF'S CLAIMS AGAINST NBCU.

To give a defendant fair notice of the nature of a lawsuit, Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) (dismissing with prejudice complaint that was "verbose, confusing and almost entirely conclusory"). Even pro se pleadings must "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff has now twice failed to meet this threshold requirement.

The FAC, like the initial Complaint, is a perplexing pastiche of innuendo, non sequitur, guesses, and unsupported assumptions and conclusions, all loosely spun together with bizarre conspiratorial themes. See, e.g., FAC at ¶¶ 23, 28, 55-62, 179. It remains impossible to discern what conduct NBCU is alleged to have engaged in that was wrongful, or how NBCU's conduct purportedly caused harm to Plaintiff. There is no legal basis for Plaintiff to sue NBCU simply because it has done business with other companies or individuals with whom Plaintiff has a dispute. Because the FAC fails to meet the fundamental requirement of providing intelligible notice of the nature of and basis for Plaintiff's claims against NBCU, their Motion To Dismiss should be granted.

### IV.
### THE FAC IS AN IMPROPER COLLATERAL ATTACK ON THE DISMISSAL OF PLAINTIFF'S PRIOR LAWSUIT.

In this sequel litigation, Plaintiff seeks to revive his Prior Lawsuit by alleging that competing film studios and other film professionals all conspired to engage in a constellation of purportedly improper conduct for the alleged purpose of hindering Plaintiff's Prior Lawsuit and pending appeal. See FAC at ¶¶ 1, 149-152, 155, 158, 159-161, 165, 174, 184, 190, 217, 219, 221, 224, 229, 235, 236. In other words, this case is a collateral attack on Judge Hamilton's order dismissing Plaintiff's Prior Lawsuit. Although Plaintiff is entitled to seek review of that

DAVIS WRIGHT TREMAINE LLP

order by appealing to the Ninth Circuit – which he has done – he cannot burden a district court with this sort of "horizontal appeal."

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." Uptergrove v. U.S., No. 1:08-CV-01900-OWW SMS, 2009 WL 1035231, at *3 (E.D. Cal. Apr. l7, 2009) (citing Rein v. Providian Fin. Corp., 270 F.3d 895, 902 (9th Cir. 2001)).  The principle is fundamental:  a losing party may not seek to nullify a district court's decision by seeking relief from another district court.  See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1392-93 (9th Cir. 1987) (even where judicial immunity did not apply, injunctive relief could not be ordered against bankruptcy judges and clerks because "collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper"); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975) ("the second judge correctly refused to entertain a 'horizontal' appeal from the warrant issued by the first judge"); Dydzak v. United States, No. 17-cv-04360-EMC, 2017 WL 4922450, at *7 (N.D. Cal. Oct. 31, 2017) (a litigant may raise alleged judicial error and litigation misconduct only through "the normal appellate process," not a forbidden "horizontal appeal"), appeal docketed, Dydzak v. U.S.A., 9th Cir. No. 17-17401 (November 30, 2017); Rinegard-Guirma v. Ocwen Loan Servicing, LLC, No. 3:16-cv-01036-HZ, 2016 WL 4257765 at *3 (D. Or. Aug. 10, 2016) ("[T]his Court is without authority to revisit issues that were previously decided in another district court case.").

The bar on horizontal appeals is supported by the same policy underlying the doctrine of res judicata:  "the interest of the State that there should be an end to the litigation." Liddell v. Smith, 345 F.2d 491, 493 (7th Cir. 1965).  Clever plaintiffs have attempted this tactic before, and courts readily reject creating such an obvious loophole to finality in judgment.  In Uptergrove, for instance, the court dismissed a complaint as an impermissible collateral attack because it sought relief from an adverse judgment issued against the plaintiff in a prior case.  2009 WL 1035231 at *3.  Indeed, the Supreme Court of California has declined to recognize a tort remedy for spoliation of evidence, recognizing that permitting such a claim would produce an "endless spiral of lawsuits over litigation-related misconduct." Temple Cmty. Hosp. v. Superior Court, 20 Cal. 4th 464, 473 (1999); see also Liddell, 345 F.2d at 494 (affirming dismissal of previously-

DAVIS WRIGHT TREMAINE LLP

5

dismissed claims on grounds of <u>res judicata</u>, and dismissing perjury claim arising from prior litigation on grounds that perjury does not give rise to a private cause of action).  Moreover, a claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding" and violates the collateral attack doctrine.  <u>Advocare Intern., L.P. v. Scheckenbach</u>, No. C08-5332 RBL, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010); <u>see</u> <u>also</u> <u>Rinegard-Guirma</u>, 2016 WL 4257765 at *2 (a "challenge to the admissibility of certain evidence in either the state or federal case cannot be raised" in a separate federal action).

Given its relationship to <u>res judicata</u>, it also is clear that a party that was not involved in a prior lawsuit nonetheless may seek dismissal of a horizontal appeal of that suit, just as "res judicata may be asserted against a party that was a party in the prior proceeding even if there are new different parties in the later proceeding." <u>Wawrzynski v. Byron Hibshman</u>, No. 10-CV-2347-H (WMC), 2011 WL 1004822, at *3 (S.D. Cal. Mar. 18, 2011) (res judicata barred plaintiff's second lawsuit, notwithstanding the addition of a new defendant), <u>aff'd</u> <u>sub</u> <u>nom</u> <u>Wawrzynski v. Hibsham</u>, 490 F. App'x 70 (9th Cir. 2013).  As one court explained, "[u]nder California claim preclusion rules, the only identity of parties required is the identity of the party <u>against whom preclusion is sought</u>." <u>Harper v. City of Monterey</u>, No. 11-cv-02903-LHK, 2012 WL 195040, at *4 (N.D. Cal. Jan. 23, 2012) (emphasis added), <u>aff'd</u>, 519 F. App'x 503 (9th Cir. 2013), citing <u>San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.</u>, 568 F.3d 725, 734 (9th Cir. 2009).

Likewise, courts do not hesitate to dismiss "horizontal appeals" when this improper tack is challenged by a defendant who was not a party in the prior action.  <u>See</u>, <u>e.g.</u>, <u>Mullis</u>, 828 F.2d at 1386, 1392-93 (dismissing plaintiff's "horizontal appeal" of treatment of his bankruptcy petition; defendants were not parties to bankruptcy petition).  For the same reasons, NBCU may seek dismissal of this horizontal appeal, to avoid being drawn into an endless spiral of litigation arising from Plaintiff's attempt to re-litigate his failed claims against others.  All of Plaintiff's claims against NBCU depend on his claims against the other defendants – the purported conspiracy is the thread that Plaintiff invokes to sue NBCU along with the other defendants – and so all of his claims against NBCU must fall with his claims against those defendants.

6

Here, the essence of the FAC is Plaintiff's grievance about the conduct of litigation in the Prior Lawsuit and alleged impairment of his appeal from dismissal of that lawsuit.  See FAC at ¶¶ 1, 149-152, 155, 158, 159-161, 165, 174, 184, 190, 217, 219, 221, 224, 229, 235, 236.  After failing to recover damages for alleged copyright infringement in the Prior Lawsuit, Plaintiffs' allegations of spoliation and conspiracy seek essentially the same remedy as in the Prior Lawsuit: millions of dollars of compensation for the claimed "misappropriation of the Plaintiff's work." See FAC, Prayer for Relief at ¶ 4.  Indeed, Plaintiff seems to believe that his spoliation claim will allow <u>this</u> court to review the treatment of evidence in the Prior Lawsuit and "decide that the [concealed or destroyed] evidence would have been unfavorable to" the defendants in the <u>Prior</u> Lawsuit.  FAC at ¶ 234.  This, however, is an impermissible collateral attack on the conduct of the Prior Lawsuit.

Plaintiff is not entitled to a second bite at this apple in a different district court; review is limited to the proper appellate channels, and this lawsuit should therefore be dismissed.

## V.   THE FAC FAILS TO STATE A CLAIM.

**A.    The FAC Fails To State A Plausible Claim Against NBCU.**

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The plausibility standard requires "more than 'a sheer possibility that a defendant has acted unlawfully'; and is met only when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citation and internal quotation marks omitted).

Here, the FAC's allegations – concerted action by a host of competing film studios and professionals to somehow facilitate wide-ranging copyright infringement and spoliation of evidence through routine, widely-reported transactions and film deals – is inherently implausible. Even putting that inherent implausibility aside, Plaintiff peppers the FAC with <u>possibilities</u>, not allegations.  See, <u>e.g.</u>, FAC at ¶ 57 ("Emanuel likely received a percentage of the films"); ¶ 77

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-9880-1242v.4 0020040-000144

1  ("maybe…that could be"); ¶ 102 ("likely, Universal Pictures wouldn't put their name on the

2  film").  The FAC cannot meet the bare minimum pleading standard and must be dismissed.

3  **B.      California Law Does Not Recognize A Claim For Conspiracy.**

4        California does not recognize conspiracy as a freestanding cause of action.  Kenne v.

5  Stennis, 230 Cal. App. 4th 953, 968-69 (2014) (citing Applied Equipment Corp. v. Litton Saudi

6  Arabia Ltd., 7 Cal. 4th 503, 510–11 (1994)); see also Mangindin v. Washington Mut. Bank, 637

7  F. Supp. 2d 700, 708 (N.D. Cal. 2009) ("A conspiracy is not an independent cause of action

8  …").  Rather, conspiracy is a "theory of liability" that depends on the commission of an

9  underlying tort.  Kenne, 230 Cal. App. 4th at 968-69.  As discussed below, Plaintiff's other

10  asserted bases for liability against NBCU fail.  Because the spoliation claim is non-existent, and

11  none of the factual allegations even approach supporting a negligence or Labor Code claim

12  against NBCU, the conspiracy claim must be dismissed.

13  **C.      No Tort Claim Exists For Spoliation Under California Law.**

14        As discussed above, "a tort cause of action does not lie against a person who has

15  intentionally destroyed or suppressed evidence relevant to a lawsuit."  Warden v. Cross, 94 Fed.

16  Appx. 474, 475 (9th Cir. 2004) (applying California law); see Cedars-Sinai Medical Center v.

17  Superior Court, 18 Cal. 4th 1, 17-18 (1998) (rejecting tort remedy for intentional spoliation of

18  evidence by a party to an action).  In Temple Cmty. Hosp., the California Supreme Court

19  rejected a claim for alleged spoliation by a third party.  20 Cal. 4th at 473.  As the Court

20  explained, its concerns about endless litigation fully apply to lawsuits against third parties:  "We

21  are reluctant to provide disappointed litigants a second opportunity to seek the compensation

22  they sought in the original lawsuit, even if they seek it against a party not involved in the original

23  lawsuit."  Id. at 472.  But even if spoliation claims were allowed under California law, Plaintiff's

24  claim against NBCU still fails because he has not alleged any facts to support such a claim.  The

25  spoliation claim must be dismissed.

26  / / /

27  / / /

28  / / /

**D.**     **The FAC Fails To Allege Any Conduct By NBCU That Supports A Negligence Claim.**

The claims for negligence and gross negligence are not supported by any factual allegations concerning NBCU.  See FAC ¶¶ 250-255.  Plaintiff does not allege that NBCU had a duty to Plaintiff, nor that it was breached.  Rather, the only factual allegations in the FAC that refer to negligence (or "neglect") concern other defendants:  MRC and Sony Pictures.  See FAC ¶¶ 166-182.  Therefore, to the extent any allegations in the FAC are colorable as negligence, they do not relate to NBCU.  Because Plaintiff's negligence and gross negligence claims against NBCU consist of "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 557, they also must be dismissed as to NBCU.

**E.**     **The FAC Does Not Allege Any Conduct By NBCU Violating The Labor Code.**

As with the vague negligence claims, Plaintiff's claim under Cal. Labor Code § 1700.39 relates to other defendants, and is not supported by any factual allegations concerning Universal City Studios, LLC (the only NBCU entity named in this claim for relief).  FAC ¶¶ 256-258.  Specifically, the FAC includes the puzzling claim that Universal City Studios somehow ran afoul of the rule prohibiting a talent agency from dividing fees with an employer.  FAC ¶¶ 256-258.  Universal City Studios, however, is not a talent agency; the FAC does not allege otherwise, nor does the FAC allege that Universal City Studios divided any fees with a talent agency.  See id.; see also, generally, FAC.  Rather, Plaintiff claims that defendant Emanuel divided fees with defendant MRC while acting simultaneously as a talent agent and owner of MRC.  FAC ¶¶ 213, 257.  Plaintiff's conclusory and far-fetched allegations of conspiracy, see FAC ¶ 230, cannot suffice to impose liability on Universal City Studios for the alleged conduct of defendants Emanuel and MRC.  See, e.g., Twombly, 550 U.S. at 557 ("a conclusory allegation of agreement at some unidentified point" does not establish conspiracy); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992) (complaint must "allege specific facts to support the existence of a conspiracy among the defendants").  Nor does Plaintiff establish standing to complain of the alleged violation of Section 1700.39, as the FAC does not allege that Plaintiff was injured by the

DAVIS WRIGHT TREMAINE LLP

1   alleged fee-splitting, as, for example, a talent agent or client of a talent agency.  Therefore, the

2   Section 1700.39 claim must be dismissed as to NBCU.

3                                                          **VI.**
                                                      **CONCLUSION**
4

5          The FAC, like the initial Complaint, does not come close to stating a viable claim against

6   NBCU.  Plaintiff asserts claims that do not exist, or that are bereft of supporting factual

7   allegations.  The only thing that is clear is that Plaintiff is seeking to re-litigate a lawsuit that

8   previously was dismissed, and currently is the subject of a pending appeal.   Dismissal with

9   prejudice is therefore warranted.

10

11  DATED: January 16, 2018                    DAVIS WRIGHT TREMAINE LLP
                                               KELLI L. SAGER
12                                             ROCHELLE L. WILCOX
                                               BRENDAN N. CHARNEY
13

14

15                                             By: */s/ Rochelle L. Wilcox*_____
                                                    Rochelle L. Wilcox
16
                                               Attorneys for Defendants
17                                             UNIVERSAL CITY STUDIOS LLC and
                                               NBCUNIVERSAL MEDIA, LLC
18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

                                                10