1 | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
2 |   mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
3 |   gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
4 | Santa Monica, California 90401
Telephone: 310.566.9800
5 | Facsimile: 310.566.9850

6 | Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
7 | MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
8 | ARIEL EMANUEL; and NEILL BLOMKAMP

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WILSON BRIGGS, | Case No. CV 17-6552-VC |
| Plaintiff, | [Hon. Vince Chhabria] |
| vs. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| UNIVERSAL CITY STUDIOS LLC, et al., | |
| Defendants. | |
| | [Request for Judicial Notice and Declaration of Gregory Korn Filed Contemporaneously Herewith] |
| | Date:      February 22, 2018 Time:      10:00 a.m. Crtrm.:   4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 22, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Vincent Chhabria, Defendants MRC II Distribution Company LP; Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc.; Ariel Emanuel; and Neill Blomkamp ("Defendants") will appear and move to dismiss each and every cause of action against them in the First Amended Complaint ("FAC")—namely, the First, Second, and Fourth through Eleventh Causes of Action.

Defendants' motion is made pursuant to Rules 12(b)(1), 12(b)(6), and 8(a) of the Federal Rules of Civil Procedure and seeks dismissal on the bases: (1) that the Court lacks jurisdiction pursuant to the "collateral attack doctrine"; (2) that the claims against Defendants are barred by the doctrine of res judicata; and/or (3) that the FAC fails to state a claim upon which relief can be granted in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompany Request for Judicial Notice and Declaration of Gregory Korn, all papers and pleadings on file in this action, and on such other and further evidence and argument as the Court may lawfully consider in the exercise of its wise discretion.

DATED: January 16, 2018          Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:  _____/s/ Michael J. Kump_____
        Michael J. Kump
        Attorneys for Defendants
        MRC II DISTRIBUTION COMPANY LP;
        MORDECAI WICZYK; ASIF SATCHU;
        SONY PICTURES ENTERTAINMENT INC.; ARIEL
        EMANUEL; and NEILL BLOMKAMP

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................. 1

II.  FACTUAL AND PROCEDURAL HISTORY ................................ 2

    A.  Plaintiff Lost His Copyright Claims In The Prior Action ................... 2

    B.  The Defendants' Motion To Dismiss The Initial Complaint In This Case For Lack Of Subject Matter Jurisdiction ................................ 4

    C.  Plaintiff Amended The Complaint In Response To Defendants' Motion ........ 4

III.  THE FIRST AMENDED COMPLAINT ................................ 5

IV.  ARGUMENT ................................................................. 7

    A.  The FAC Is Barred By The "Collateral Attack" Doctrine ................ 7

    B.  The FAC Is Barred By The Doctrine Of Res Judicata ................ 9

    C.  The FAC Should Further Be Dismissed On The Basis That It Fails To State A Claim For Relief Against Defendants ................ 11

V.  CONCLUSION ................................................................. 18

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Advocare Intern., L.P. v. Scheckenbach*
    WL 2196449 at (W.D. Wash. May 27, 2010) .......................................................... 7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ............................................... 2, 11, 12, 14, 15

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................... 2, 11, 12, 15

*Briggs v. Blomkamp*
    70 F. Supp. 3d 1155 (N.D. Cal. 2014) .......................... 1, 2, 3, 6, 8, 15

*Celotex Corp. v. Edwards*
    514 U.S. 300 S.Ct. 1493, 131 L.Ed.2d 403 (1995) .................... 7

*Chao v. A–One Med. Servs., Inc.*
    346 F.3d 908 (9th Cir.2003) ........................................ 10

*Claridge v. RockYou, Inc.*
    785 F. Supp. 2d 855 (N.D. Cal. 2011) .............................. 17

*Hall v. Time Inc.*
    158 Cal.App.4th 847 (2008) ........................................ 17

*Harris v. County of Orange*
    682 F.3d 1126 .................................................... 9

*Headwaters Inc. v. U.S. Forest Serv.*
    399 F.3d 1047 (9th Cir. 2005) ..................................... 9

*In re Pomona Valley Med. Group*
    476 F.3d 665 (9th Cir.2007) ....................................... 17

*In re Schimmels*
    127 F.3d 875 (9th Cir.1997) ....................................... 9

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ...................................... 9

*Mangindin v. Washington Mut. Bank*
    637 F. Supp. 2d 700 (N.D. Cal. 2009) .............................. 12

*Mpoyo v. Litton Electro-Optical Sys.*
    430 F.3d 985 (9th Cir. 2005) ..................................... 10, 11

*Mullis v. U.S. Bankr. Ct., Dist. of Nev.*
    828 F.2d 1385 (9th Cir. 1987) ..................................... 8

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Owens v. Kaiser Foundation Health Plan, Inc.*
244 F.3d 708 (9th Cir. 2001) ............................................................ 10

*Podolsky v. First Healthcare Corp.*
50 Cal.App.4th 632 (1996) ............................................................... 17

*Rein v. Providian Fin. Corp.*
270 F.3d 895 9th Cir. (2001) .............................................................. 7

*Rinegard-Guirma v. Ocwen Loan Servicing, LLC*
WL 4257765 (D. Or. Aug. 19, 2016) ............................................. 7, 8

*Samura v. Kaiser Found. Health Plan, Inc.*
17 Cal.App.4th 1284, 22 Cal.Rptr.2d 20 (1993) ........................... 17

*State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*
WL 2448474 (D. Haw. Aug. 11, 2009) ............................................. 7

*Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) ...............................11

*United States v. Lowry*
512 F.3d 1194 (9th Cir. 2008) ........................................................... 9

*Uptergrove v. U.S.*
WL 1035231 (E.D. Cal. Apr. 17, 2009) ............................................ 7

*Zella v. E.W. Scripps Co.*
529 F. Supp. 2d 1124 ......................................................................... 9


**STATUTES**

Business & Professions Code § 17200 ....................................... 8, 16, 17

California Civ. Code § 1709 ............................................................... 15

California Labor Code § 1700.39 ......................................................... 7

Copyright Act, 17 U.S.C. 504(a) .......................................................11


**FEDERAL STATUTES**

28 U.S.C. § 1331 ................................................................................. 4

28 U.S.C. § 1332(a)(2) ........................................................................ 4

28 U.S.C. § 1367 ................................................................................. 5

Fed. R. Civ. P. 12(b), et. seq. ......................................................... 9, 11

Fed. R. Civ. P. 8(a) .............................................................................2

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     INTRODUCTION**

3        In October 2013, the plaintiff in this action, Steve Wilson Briggs ("Plaintiff"), filed an

4   action *in pro per* in this Judicial District entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.,*

5   N.D. Cal. Case No. 13-cv-4679-PJH (the "Prior Action"). The complaint in the Prior Action

6   asserted that certain of the defendants in this case, who include the writer, director, producer, and

7   distributor of the motion picture *Elysium* (the "Film"), infringed a screenplay Plaintiff wrote in

8   producing and exhibiting that Film. The Court in the Prior Action, the Honorable Phyllis J.

9   Hamilton presiding, granted summary judgment. *See Briggs v. Blomkamp*, 70 F. Supp. 3d 1155

10  (N.D. Cal. 2014). The Prior Action is currently on appeal to the Ninth Circuit, where it has been

11  fully briefed and is awaiting a ruling. This new action is a blatant, impermissible attempt to

12  collaterally attack the rulings and judgment issued by Judge Hamilton in the Prior Action, and for

13  this and the other reasons discussed below, the action should be dismissed in its entirety.

14       The First Amended Complaint ("FAC") in this case, once again filed by Plaintiff *in pro*

15  *per*, alleges a grandiose conspiracy perpetrated by film studios Universal Studios, NBCUniversal,

16  Sony Pictures, and Media Rights Capital, actors Matt Damon, Ben Affleck, and Kevin Spacey,

17  talent agent Ari Emanuel, and film producers/executives Bill Block (of MGM) and Modi Wiczyk

18  and Asif Satchu (of Media Rights Capital). *See* Dkt. No. 21 (hereinafter "FAC"). In large part, the

19  FAC is unintelligible as to what each of these defendants did and how it supposedly harmed

20  Plaintiff. What can be discerned from the FAC, nevertheless, is that the claims here all arise out of

21  the Prior Action and are an improper attempt to collaterally attack the judgment there. Plaintiff

22  alleges that the defendants conspired in some way to dupe the Court in the Prior Action, thereby

23  leading the Court to issue erroneous rulings on discovery motions, on a motion to exclude a

24  defense expert, and on the ultimate decision granting summary judgment. He further alleges that

25  the defendants in this case conspired after summary judgment was granted in the Prior Action to

26  destroy evidence that he would use were the Ninth Circuit to reverse and remand. According to the

27  FAC, the injury suffered by Plaintiff for which he seeks a remedy was "a judgement [sic] against

28  the Plaintiff in his effort to protect his copyright." FAC ¶ 224. As demonstrated by this claim of

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1

1   injury and the FAC's many assaults on the rulings in the Prior Action, Plaintiff's FAC is

2   essentially a "horizontal appeal" to another district judge that contravenes the "collateral attack

3   doctrine" and should be dismissed.

4          Additionally, the FAC is barred by the doctrine of res judicata. According to the FAC, the

5   injuries for which Plaintiff seeks a remedy also include "the misappropriation of Plaintiff's work"

6   and the "infringement of the Plaintiff's copyright—by a foreign actor (Blomkamp)." FAC ¶ 224.

7   Although Plaintiff does not explicitly plead a cause of action that *Elysium* infringed the copyright

8   in his screenplay, that alleged infringement is the harm he is seeking to redress. Thus, in

9   substance, the FAC seeks to relitigate Plaintiff's unsuccessful copyright infringement claim, and it

10   is barred on that additional basis.

11          Finally, and distinct from these bases for dismissal, the allegations in the FAC are woefully

12   deficient and must be dismissed. Not only does the pleading fail to provide a "short and plain

13   statement of the case" as required by Fed. R. Civ. P. 8(a), but without exception, the pleaded

14   causes of action are either frivolous on their face or lack sufficient factual allegations

15   demonstrating a "plausible" claim, as required by the Supreme Court decisions in *Bell Atlantic

16   Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

17          For these and the additional reasons discussed herein, Defendants MRC II Distribution

18   Company LP ("MRC"); Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc.; Ariel

19   Emanuel; and Neill Blomkamp (collectively, the "Defendants") respectfully request that each of

20   the claims asserted against them be dismissed—namely, the First, Second, and Fourth through

21   Eleventh Claims.

22   II.   **FACTUAL AND PROCEDURAL HISTORY**

23          A.   **Plaintiff Lost His Copyright Claims In The Prior Action**

24          In or about 2013, Plaintiff filed an action for copyright infringement in the United States

25   District Court of the Northern District of California entitled *Steve Wilson Briggs v. Neill

26   Blomkamp, et al.*, N.D. Cal. Case No. 13-CV-4679-PJH, which was assigned to the Honorable

27   Phyllis J. Hamilton. *See* Request for Judicial Notice ("RJN") ¶ 1; Declaration of Gregory Korn

28   ("Korn Decl."), Ex. 1. A copy of the Amended Complaint in that Prior Action by Plaintiff is

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

2

1   provided herewith. *See id.*

2       In the Prior Action, Plaintiff alleged that the feature film *Elysium* infringed a screenplay he

3   wrote entitled "Butterfly Driver." Korn Decl., Ex. 1 ¶ 1. Among the defendants named in the Prior

4   Action were three who are also named in this matter: (1) Neill Blomkamp, the writer and director

5   of *Elysium* (*id.* ¶ 10); (2) Sony Pictures, the distributor of *Elysium* (*id.* ¶ 11); and (3) "Media

6   Rights Capital," the producer of *Elysium* (*id.* ¶ 13).[1]

7       The Amended Complaint in the Prior Action contended that these Defendants must have

8   accessed Plaintiff's screenplay online and used it in producing *Elysium*. It alleged that Plaintiff

9   had posted his screenplay "on Kevin Spacey's and Dana Brunetti's filmmaker-screenwriter

10  website, 'Trigger Street' (triggerstreet.com) … designed to link filmmakers and screenwriters with

11  industry professionals." *Id.* ¶ 18. Plaintiff alleged that triggerstreet.com was the "ONLY place the

12  Plaintiff ever posted a complete script of Butterfly Driver," and that this website was "where the

13  Defendants had access to the Plaintiff's script." *Id.* ¶¶ 22-23. Plaintiff then alleged in exhaustive

14  detail the similarities he contended were present between his work and that of Defendants. *See*

15  *generally id.*

16      The Court granted summary judgment of the case in its entirety. *See Briggs v. Blomkamp*,

17  70 F. Supp. 3d 1155. The Court found that Plaintiff presented no evidence that anyone associated

18  with *Elysium* had accessed his screenplay on triggerstreet.com. *Id.* at 1165-1167. The Court

19  further found that the parties' works were not substantially similar as a matter of law, even if there

20  were access. *Id.* at 1167-1177. In a portion of the *Briggs* opinion that is relevant to this case, the

21  Court admitted into evidence and credited the testimony of defense expert Jeff Rovin. *Id.* at 1177-

22  1178.

23      The grant of summary judgment in the Prior Action is currently on appeal and is awaiting a

24  ruling from the Ninth Circuit. *See* RJN ¶ 3, Korn Decl. Ex. 2.

25  _____

26      [1] "Media Rights Capital" is not actually an entity but rather the colloquially-used name for
27  a group of affiliated companies that produce films and television under that brand, including MRC
    II Distribution Company L.P., which is named as a defendant here.

28

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**B.**     **The Defendants' Motion To Dismiss The Initial Complaint In This Case For Lack Of Subject Matter Jurisdiction**

Plaintiff filed his initial Complaint in this case *in pro per*. Dkt. No. 1. The substance of Plaintiff's allegations are discussed in more detail below.

Plaintiff's initial Complaint alleged that the Court had diversity jurisdiction "per 28 U.S.C. § 1332(a)(2), as one or more Defendant[s] are foreign citizens, and (a)(2), as one is a citizen of a different state." Dkt. No. 1, ¶ 2. Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction. Dkt. No. 15. Defendants' motion demonstrated (1) that the Complaint's allegation of jurisdiction was deficient by virtue of its failure to allege the citizenship of each party and its failure to allege *complete* diversity, (2) that complete diversity could not be alleged in good faith, as several of the named defendants were citizens of California like Plaintiff, and (3) that while the Complaint referenced various federal statutes, the statutes were criminal provisions and customs and duties provision under which Plaintiff has no private right of action, and thus the Court lacked federal question jurisdiction. *See generally id.*

**C.**     **Plaintiff Amended The Complaint In Response To Defendants' Motion**

Plaintiff filed an opposition to Defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 23), but also filed the FAC a day earlier in a seeming attempt to cure the jurisdictional deficiency (Dkt. No. 21). As discussed more in the following section, the FAC pleads thirteen causes of action against several studios, actors, producers, and one talent agent.

Plaintiff has attempted to and perhaps succeeded in curing the jurisdictional deficiency in his pleading by pleading Twelfth and Thirteenth Causes of Action for copyright infringement against actor Kevin Spacey and producer Dana Brunetti. FAC ¶¶ 265 *et seq.* Those two copyright claims appear to allege that Spacey and Brunetti infringed his "Butterfly Driver" screenplay by making it available on triggerstreet.com to Internet users around the world rather than in the United States alone. *Id.* On the basis of those claims, the FAC alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* ¶ 2. Plaintiff appears to contend that the Court has supplemental

1  jurisdiction over the balance of the state law claims pursuant to 28 U.S.C. § 1367, although the

2  FAC erroneously pleads the existence of such jurisdiction.[2]

## III.   THE FIRST AMENDED COMPLAINT

4       Large swaths of the FAC are unintelligible, not because the language is unclear, but

5  because the allegations seem to have nothing to do with Plaintiff or any harm he claims to have

6  suffered. The FAC includes a lengthy background discussion of the defendants' histories in the

7  entertainment industry and the work they have done together. *See*, *e.g.*, FAC ¶¶ 27-148. It

8  inexplicably discusses the Sony email leak scandal and certain defendants' involvement in the

9  wholly unrelated film *Steve Jobs*, as well as an unrelated company called "Screenbid." *See id.* ¶¶

10  123-148. With these and many other allegations, it is impossible to understand how they pertain to

11  Plaintiff.

12       Although much of the FAC is impenetrable, it can be discerned from allegations sprinkled

13  throughout the document that the thrust of Plaintiff's claims against Defendants is three-fold:

14       <u>First</u>, Plaintiff claims that he was wronged in the Prior Action by various purported

15  misdeeds of the defendants. He contends that the defendants in that case "hired a conman, Jeff

16  Rovin" who "committed fraud upon the Court." FAC p. 42 (heading); *see also* FAC ¶ 6 (alleging

17  the defendants "provided a falsified report to the court" in the Prior Action), ¶ 190 ("Rovin's fraud

18  was so extensive that the Plaintiff moved the court to exclude Rovin's 'expert' report"), ¶ 217

19  (referring to "falsified 'expert' report"). He also contends that the defendants in Prior Action

20  committed discovery abuses. *See*, *e.g.*, *id.* ¶ 19 (alleging "false statements made during

21  discovery"), ¶ 150 (alleging that interrogatory responses in the Prior Action "made [a] false

22  statement, under oath, regarding a substantial matter in that case"), ¶¶ 159 *et seq.* (alleging a "Rule

---

24       [2] The FAC erroneously alleges that supplemental jurisdiction exists because "this matter is
25  substantially related to Plaintiff's prior federal action." (FAC ¶ 2.) While Defendants agree that
    this action is substantially related to the Prior Action, this is of course not indicative of
26  supplemental jurisdiction under Section 1367, which is instead concerned with the relationship
    between the state and federal claims *in this case*. *See* 28 U.S.C. § 1367. That said, in spite of the
27  impenetrability of the FAC as a whole, it would appear that the First through Eleventh Claims
    have some relationship to the Twelfth and Thirteenth Causes of Action for copyright infringement.

28

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

37 violation" in the Prior Action), ¶ 218 (alleging that "answers to the Plaintiff's interrogatories" in the Prior Action were part of a "conspiracy to commit fraud and deceit"), ¶ 219 (alleging that "Defendants violated Rule 37" in the Prior Action and "may have changed the outcome of the case").

Second, Plaintiff claims that the Court in the Prior Action made erroneous rulings in denying his motion to exclude defense expert Jeff Rovin and in granting summary judgment. *See*, *e.g.*, *id.* ¶ 190 ("Oddly, the court took no interest in the fraud contained in Rovin's report … and denied the motion [to exclude his testimony]."), ¶ 224 (alleging that Plaintiff's injury is the "judgement [sic] against the Plaintiff in his efforts to protect his copyright").

Third, Plaintiff claims that all Defendants conspired to shut down the triggerstreet.com website after the Prior Action concluded in order to destroy evidence that his "Butterfly Driver" screenplay had been accessed there by the writer/director of *Elysium*. *See*, *e.g.*, *id.* ¶ 25 (alleging that "6 days after Plaintiff filed his Notice of Appeal (Briggs v. Blomkamp) … the Defs surreptitiously closed TS [*i.e.*, triggerstreet.com], to destroy incriminating evidence"), ¶ 216 ("Defendants engaged in Spoliation of Evidence by closing and destroying the TS website 6 days after the Plaintiff filed his Notice of Appeal ….")

The FAC concludes these allegations with a "STATEMENT OF INJURY" in which Plaintiff identifies three alleged injuries:

> Among the injuries caused by the Defendants' actions were (1) the misappropriation of Plaintiff's work; (2) the infringement of the Plaintiff's copyright—by a foreign actor (Blomkamp); and (3) a judgement [sic] against the Plaintiff in his effort to protect his copyright.

*Id.* ¶ 224. This allegation of purported harm leaves no doubt that however Plaintiff may style his causes of action, he is simply using this case to collaterally attack the result in the Prior Action and to relitigate the copyright infringement claims he lost there. Indeed, the FAC's prayer for relief seeks "restitution and disgorgement of all profits [from *Elysium*] (estimated at $850,000,000— which represents all projected profits the Defendants will realize from the misappropriation of the Plaintiff's work)." FAC p. 60. These are the *same* damages for copyright infringement that Plaintiff sought in the Prior Action. *See* Korn Decl., Ex. 1, ¶ 255 (alleging in the Prior Action that

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    "Defendants have realized and continue to realize profits, rightfully belonging to the Plaintiff").

2    **IV.    ARGUMENT**

3         Some or all of the moving Defendants are named in each of the First Claim for Civil

4    Conspiracy, the Second Claim for Spoliation of Evidence, the Fourth Claim for Fraud, the Fifth

5    Claim for Deceit, the Sixth Claim for Concealment, the Seventh and Eighth Claims for Negligence

6    and Gross Negligence, the Ninth Claim for violation of California Labor Code § 1700.39, the

7    Tenth Claim for Unfair Business Practices, and the Eleventh Claim for Witness Tampering. For

8    the reasons discussed below, the FAC as a whole should be dismissed on the basis that it violates

9    the collateral attack doctrine and is barred by the doctrine of res judicata. Further, each of the

10   causes of action against Defendants is not adequately alleged and/or fails as a matter of law and

11   should be dismissed on these additional bases.

12        **A.    The FAC Is Barred By The "Collateral Attack" Doctrine**

13        "The collateral attack doctrine precludes litigants from collaterally attacking the judgments

14   of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001), citing *Celotex*

15   *Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("We have made

16   clear that it is for the court of first instance to determine the question of the validity of the law, and

17   until its decision is reversed for error by orderly review, either by itself or by a higher court, its

18   orders based on its decisions are to be respected.") (internal quotation marks omitted); *see also*

19   *Uptergrove v. U.S.*, 2009 WL 1035231 at *3-4 (E.D. Cal. Apr. 17, 2009) ("Plaintiffs cannot use

20   this lawsuit to collaterally attack the judgment in *Uptergrove I*. While an appeal is pending, the

21   district court's judgment is the law of the case unless and until reversal by the Court of Appeals.");

22   *State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*, 2009 WL 2448474 at *4-5 (D. Haw. Aug.

23   11, 2009). Under the collateral attack doctrine, not only are challenges to the judgment in a prior

24   case prohibited, but so too is "[a]ny challenge to the admissibility of certain evidence" in that prior

25   proceeding. *Rinegard-Guirma v. Ocwen Loan Servicing, LLC*, 2016 WL 4257765 at *2 (D. Or.

26   Aug. 19, 2016). Similarly, a claim that "false testimony led to a fraudulent verdict is an attack on

27   the merits of the prior proceeding" and violates the collateral attack doctrine. *Advocare Intern.,*

28   *L.P. v. Scheckenbach*, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010).

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1    In dismissing a complaint as an improper collateral attack, the district court in *Ringard-*

2    *Guirma* aptly summarized the doctrine, stating:

3        [T]his Court is without authority to revisit issues that were previously decided in
         another district court case. To question rulings made in Plaintiff's prior case
4        "would be to permit, in effect, a 'horizontal appeal' from one district court to
         another."
5

6    2016 WL 4257765 at *3, quoting *Mullis v. U.S. Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1392-

7    1393 (9th Cir. 1987).

8        This case is a clear violation of the collateral attack doctrine. The allegations of the FAC

9    attack the defendant's discovery conduct in the prior action; they attack the merits of the testimony

10   of expert Jeff Rovin; and they attack the district court's reliance on the Rovin report in granting

11   summary judgment. Within the causes of action pleaded against Defendants are also explicit

12   attacks on the conduct and rulings in the Prior Action. For example, the First Claim for conspiracy

13   alleges that "Defendants devised a second conspiracy to prevent the Plaintiff from prevailing in his

14   copyright lawsuit," and specifically challenges Defendants' supposed discovery abuses there. FAC

15   ¶ 229. The Sixth Claim for concealment alleges that "during discovery in Briggs v. Blomkamp,

16   witnesses and agents for the Defendants intentionally failed to disclose certain facts ...." *Id.* ¶ 248.

17   The Tenth Claim for violation of Business & Professions Code § 17200 alleges "Defendants'

18   misappropriation of the Plaintiff's work." *Id.* ¶ 260. The Eleventh Claim for witness tampering

19   attacks the testimony elicited by Defendants from witnesses in the Prior Action. *Id.* ¶ 263.

20       Based on these allegations, it is clear Plaintiff is attempting to relitigate issues that had to

21   be and were addressed in the Prior Action. Moreover, the only *injury* Plaintiff pleads is the

22   infringement of his screenplay by the film *Elysium* and the adverse judgment against him in the

23   Prior Action. *Id.* ¶ 224.

24       Plaintiff's allegations demonstrate that, regardless of how he styles his causes of action, the

25   FAC is nothing more than a collateral attack on the Prior Action. So too does Plaintiff's prayer for

26   relief in the FAC, where he demands an award of $850 million in profits which "represents all

27   projected profits the Defendants will realize from the misappropriation of the Plaintiff's work"

28   (FAC p. 60)—the very relief Plaintiff was denied when the Court disposed of his claims in the

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3ʳᴰ Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1   Prior Action. To find for Plaintiff on his claims, and to award him the relief he seeks, would in

2   effect reverse the district court's rulings in the Prior Action and its final judgment dismissing

3   Plaintiff's copyright infringement claim.

4       It is well-established that on a Rule 12 motion to dismiss, the Court may consider matters

5   that are properly the subject of judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-

6   89 (9th Cir. 2001) (holding that on a Rule 12(b)(6) motion the "court may take judicial notice of

7   'matters of public record'"); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 ("On a motion

8   to dismiss, it is proper for the court to consider matters subject to judicial notice pursuant to

9   Federal Rule of Evidence 201."). This includes pleadings and opinions in prior litigation. *See Lee*,

10  250 F.3d at 690 (holding that on a Rule 12(b)(6) motion, a court make "take[ ] judicial notice of

11  another court's opinion … for the existence of the opinion"); *Harris v. County of Orange*, 682

12  F.3d 1126, 1132 (holding that courts "may take judicial notice of undisputed matters of public

13  record … including documents on file in federal or state courts").

14      Defendants respectfully request that the Court take judicial notice of Plaintiff's complaint

15  in the Prior Action and the opinion of the district court granting summary judgment there, and that

16  it find Plaintiff's claims here are an impermissible collateral attack on the judgment in the Prior

17  Action, such that the Court lacks jurisdiction and the FAC should be dismissed under Fed. R. Civ.

18  P. 12(b)(1). *See State Farm*, 2009 WL 2448474 at *4 ("Collateral attack is a jurisdictional issue

19  that is properly addressed under a Rule 12(b)(1) motion.") (citing *United States v. Lowry*, 512 F.3d

20  1194, 1203 (9th Cir. 2008).

21  **B.      The FAC Is Barred By The Doctrine Of Res Judicata**

22      Similar to but distinct from the collateral attack doctrine, the claims against Defendants are

23  also barred by the doctrine of res judicata. "The doctrine of res judicata provides that a final

24  judgment on the merits bars further claims by parties or their privies based on the same cause of

25  action," and "is central to the purpose for which civil courts have been established, the conclusive

26  resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d

27  1047, 1051–52 (9th Cir. 2005), quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997)

28  (internal quotation marks omitted). The elements of res judicata are: "(1) an identity of claims, (2)

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  a final judgment on the merits, and (3) privity between parties." *Id.*

2      There is no dispute that the Prior Action resulted in a final judgment for res judicata

3  purposes: the requirement of a final judgment "is satisfied by a summary judgment dismissal

4  which is considered a decision on the merits for res judicata purposes." *Mpoyo v. Litton Electro-*

5  *Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). There is also no dispute that there is an identity of

6  parties. Plaintiff is suing the same Defendants he named in the Prior Action—MRC, Sony, and

7  Blomkamp. The only question is whether there is an identity of claims.

8      Although Plaintiff does not style any of his causes of action as a claim for infringement of

9  his screenplay by *Elysium*, it is axiomatic that the "identity of claims" requirement for res judicata

10 does not necessitate that the plaintiff has pled identically-styled causes of action. *See Owens v.*

11 *Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713-714 (9th Cir. 2001) (finding identity of

12 claims despite that second action pled different causes of action than the first, where both cases

13 were "predicated on racial discrimination and allege the same circumstances regarding Appellents'

14 termination"); *see also Mpoyo*, 430 F.3d at 987. As the Ninth Circuit stated in *Mpoyo*, "[w]hether

15 the two suits involve the same claim or cause of action requires us to look at four criteria, which

16 we do not apply mechanistically: (1) whether the two suits arise out of the same transactional

17 nucleus of facts; (2) whether rights or interests established in the prior judgment would be

18 destroyed or impaired by prosecution of the second action; (3) whether the two suits involve

19 infringement of the same right; and (4) whether substantially the same evidence is presented in the

20 two actions." *Id.* (quoting *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003)).

21     Each of these factors demonstrates an identity of claims here. The two cases arise out of

22 the "same transactional nucleus of facts"—they both involve Plaintiff's claims that his screenplay

23 was accessed and copied unlawfully to his detriment. Plaintiff has in fact admitted as much in his

24 filings in this case. *See* Plaintiff's Motion for Sanctions, Dkt. No. 24 at 6 ("[T]his matter is

25 substantially related to the Plaintiff's Prior Action (Briggs v Blomkamp, C134679 PJH), and much

26 of it 'arises from the same set of operative facts.'"). The two cases "involve infringement of the

27 same right"—indeed, Plaintiff's claimed injury in Paragraph 224 of the FAC is "the infringement

28 of the Plaintiff's copyright" by Blomkamp and others, which was the injury he asserted in the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1  Prior Action. *Accord Mpoyo*, 430 F.3d at 987 (stressing that the two cases "involve the same

2  overall harms" in finding identity of claims). The two cases would involve substantially the same

3  evidence relating to this alleged infringement. Finally, the "rights or interests established" in the

4  Prior Action would be "destroyed or impaired by prosecution of the second action." Plaintiff seeks

5  in this case to recover the profits from *Elysium*. FAC p. 60. This is a remedy that Plaintiff could

6  recover *only* under the Copyright Act, 17 U.S.C. 504(a), for the infringement of his screenplay by

7  Defendants' film. Were Plaintiff somehow to successfully prosecute this action and recover a

8  disgorgement award, the judgment in the Prior Action dismissing his copyright claim would

9  effectively be nullified.

10     While, as stated above, Plaintiff pleads differently styled causes of action—*e.g.*, for

11  conspiracy, deceit, negligence, *etc.*—the FAC at its heart seeks to relitigate the copyright claim

12  that was litigated and lost in the Prior Action. It is barred by res judicata and should be dismissed.[3]

13  **C.     The FAC Should Further Be Dismissed On The Basis That It Fails To State A**

14  **Claim For Relief Against Defendants**

15     Separate and apart from the preclusive doctrines discussed above, the FAC should be

16  dismissed as to Defendants pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that it fails to state a

17  claim upon which relief may be granted. Although Rule 8(a) requires only that a complaint contain

18  a "short and plain statement of the claim showing that the pleader is entitled to relief," this

19  standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

20  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and

21  conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.*,

22  quoting *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]'

23

24     [3] To the extent the Court concludes that res judicata is not applicable to those of the
moving Defendants who were not parties to the Prior Action, the doctrine of "nonmutual collateral

25  estoppel" would nevertheless apply to preclude Plaintiff from relitigating his failed copyright
claim. *See Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (holding

26  that "nonmutual issue preclusion" applies where "(1) there was a full and fair opportunity to
litigate the identical issue in the prior action …; (2) the issue was actually litigated in the prior

27  action … (3) the issue was decided in a final judgment … and (4) the party against whom issue
preclusion is asserted was a party or in privity with a party to the prior action").

28

1  devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

4  U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

5  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

6  *Id.* The determination of whether a complaint asserts a "plausible" claim is a "context-specific task

7  that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

8  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility

9  of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to

10  relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

11  The requirements of *Twombly* and *Iqbal* apply with particular force to allegations of

12  conspiracy. "[B]are assertion[s] of conspiracy will not suffice," *Twombly*, 550 U.S. at 556, nor

13  will a "conclusory allegation of agreement at some unidentified point." *Id.* at 557.

14  Taken as a whole, the allegations of the FAC are anything but "plausible" and do not

15  permit the reasonable inference that Defendants are liable for anything. And as discussed below,

16  each of the claims is insufficiently pled and/or fails as a matter of law.

### 1.      The First Cause Of Action For Civil Conspiracy

18  Plaintiff pleads a First Claim for Civil Conspiracy. "A conspiracy is not an independent

19  cause of action …." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal.

20  2009). On this basis alone, the claim should be dismissed. Additionally, Plaintiff's pleading of this

21  "conspiracy" claims, which he divides into three separate conspiracies, is patently deficient under

22  Rule 8(a) and the *Twombly* and *Iqbal* opinions:

### (a)      The First Conspiracy

24  Plaintiff alleges a "First Conspiracy" involving the triggerstreet.com website, where he

25  claims to have posted his screenplay. FAC ¶ 227. Specifically, he alleges that *all* Defendants

26  conspired to create the triggerstreet.com website, to mislead members about its security features,

27  and to "erase evidence of their access of the Plaintiff's script." *Id.*

28  These allegations fail to state a claim against the moving Defendants. Absolutely no facts

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

are pled or could be pled to support that Defendants had any involvement at all in the triggerstreet.com website (which they did not) and were part of a conspiracy involving this website (which they were not). Plaintiff knows full well that triggerstreet.com was a website owned and operated by actor Kevin Spacey and his producing partner, Dana Brunetti—not the other defendants in this case—and his allegations elsewhere show as much.

Many of Plaintiff's allegations concede that Spacey and Brunetti alone were the creators and operators of triggerstreet.com. Plaintiff alleged as much in the Prior Action. *See* Korn Decl., Ex. 1 ¶ 18 (referring to triggerstreet.com as "Kevin Spacey's and Dana Brunetti's … website"). Similarly, in his FAC here, Plaintiff alleged that "Defs Spacey and Brunetti … created the social network, TS," FAC ¶ 1(2), and that Spacey and Brunetti "conceived of TS." *Id.* ¶ 33; *see also id.* ¶ 72 (noting that "Trigger Street Productions" is the name of Spacey's production company), ¶ 77 (referring to Spacey's and Brunetti's creation of triggerstreet.com). There is no suggestion in these allegations—nor could there be in good faith—that the moving Defendants had anything to do with Spacey's and Brunetti's website.

Similarly, several of Plaintiff's causes of action tacitly concede Spacey and Brunetti were alone responsible for triggerstreet.com. The Third Claim for breach of contract regarding the triggerstreet.com terms of service, and the Twelfth and Thirteenth Claims relating to supposed misuse of Plaintiff's screenplay on that site, are all pled against Spacey and Brunetti *alone*.

Also notable is Paragraph 192 of the FAC. Plaintiff alleges there: "Kevin Spacey and Dana Brunetti, *acting alone* or in conspiracy with other Defendants, created a social network website called Trigger Street." FAC ¶ 192 (emphasis added). This too is a concession from Plaintiff that the other defendants in this case may well have not been involved in triggerstreet.com (which they were not).

In short, Plaintiff has no basis to allege that the any of the defendants other than Spacey and Brunetti had any involvement at all in triggerstreet.com; he pleads no facts to support that they did; and various of Plaintiff's allegations in the FAC as well as in the complaint in the Prior Action belie his claim that these other defendants were involved in the website. Accordingly, Plaintiff's conclusory allegations in his First Claim that the moving Defendants conspired in some

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3ʳᴰ Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

13

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   way regarding the creation, operation, and shutting down of the triggerstreet.com website is a

2   "bare assertion of conspiracy [that] will not suffice." *Twombly*, 550 U.S. at 556.

3          Not only are there no facts pled supporting that the moving Defendants had any

4   involvement in triggerstreet.com, but this "First Conspiracy" claim is utterly devoid of any

5   specific allegations concerning what the moving Defendants are accused of doing *and how it*

6   *injured Plaintiff*. In fact, looking at the allegations under the heading "First Conspiracy," it is

7   impossible to discern how Plaintiff contends he was damaged. Thus, the moving Defendants are at

8   a loss as to what the claim against them is. For each of the reasons stated above, this "First

9   Conspiracy" claim fails as a matter of law.

10                 **(b)        The "Second Conspiracy"**

11         The "Second Conspiracy" subsumed within the First Claim alleges a supposed "conspiracy

12   to prevent the Plaintiff from prevailing in his copyright lawsuit." FAC ¶¶ 228-229. Not only does

13   this claim obviously fail under the collateral attack and res judicata doctrines discussed above, but

14   it pleads *no facts* supporting with "facial plausibility" that Defendants are guilty of the conduct

15   alleged. *Iqbal*, 556 U.S. at 678.

16                 **(c)        The "Third Conspiracy"**

17         The "Third Conspiracy" is simply a mystery. FAC ¶¶ 230-232. It alleges a vague,

18   amorphous conspiracy "to break California business, labor and ethics codes" in the production of

19   *Elysium* and other business arrangements not involving Plaintiff. There is no indication of what

20   Defendants supposedly did that was wrongful, nor any indication of how Plaintiff was harmed as a

21   result. This is an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

22   678. These allegations fail to establish Plaintiff's entitlement to relief in accordance with Rule 8(a)

23   and do not state a claim upon which relief can be granted.

24                 **2.        The Second Cause Of Action For Spoliation Of Evidence**

25         Plaintiff alleges that all Defendants "engaged in spoliation of evidence by closing and

26   destroying their social network, TS (TriggerStreet.com)." FAC ¶ 235. Besides being an attempt at

27   collaterally attacking the judgment in the Prior Action, this claim, like the First Claim, is devoid of

28   facts supporting that any of the defendants other than Spacey and Brunetti were involved in

1   triggerstreet.com. Plaintiff's bare allegations of conspiracy do not suffice.

2        **3.**      **The Fourth Cause Of Action For Fraud**

3        Plaintiff's Fourth Claim for fraud offers nothing more than a "formulaic recitation of the

4   elements" of a fraud claim. *Iqbal*, 556 U.S. at 678. The FAC alleges that "Defendants made claims

5   that they purported as true," but that the claims were in fact false. FAC ¶ 242. What those

6   supposedly false claims were and how Plaintiff was harmed is not explained. These allegations do

7   not suffice under *Twombly* and *Iqbal*, much less under Rule 9(b), which requires the pleading of

8   fraud with particularity.

9        **4.**      **The Fifth Cause Of Action For Deceit**

10       Just as with the Fourth Claim, the Fifth Claim for deceit contains a rote listing of the

11  elements of a claim with no facts alleged concerning what was purportedly represented, how it

12  was false, and how Plaintiff was harmed. These allegations contravene *Twombly* and *Iqbal* and do

13  not state a claim, let alone in compliance with Rule 9(b).

14       **5.**      **The Sixth Cause Of Action For Concealment**

15       The Sixth Claim alleged that Defendants "engaged in numerous acts of Concealment (e.g.

16  during discovery in Briggs v. Blomkamp, witnesses and agents for the Defendants intentionally

17  failed to disclose certain facts that were known only to them, which the Plaintiff could not have

18  discovered), in violation of California Civ. Code § 1709." FAC ¶ 248. This claim fails as a matter

19  of law. It violates the collateral attack doctrine for the reasons discussed above. It also fails to

20  allege any facts supporting that Defendants "intentionally failed to disclose certain facts that were

21  known only to them." Section 1709 of the Civil Code is a fraud-based provision. Plaintiff had to

22  plead this claim with particularity under Rule 9(b) and yet pled no facts at all supporting this

23  supposed fraud. This claim consists solely of a "formulaic recitation of the elements of a cause of

24  action" and does not satisfy the *Twombly* and *Iqbal* standard.

25       **6.**      **The Seventh Cause Of Action For Negligence**

26       The Seventh Claim for negligence is patently deficient. It pleads *no facts* supporting that

27  any of Defendants owed a duty to Plaintiff. It pleads *no facts* to show that Defendants breached

28  such a duty. It pleads *no facts* supporting that Defendants' breach of some unnamed duty to

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1   Plaintiff caused him harm. Plaintiff does not come close to satisfying the pleading standard with

2   this claim.

### 7.      The Eighth Cause Of Action For Gross Negligence

4          The Eighth Claim for gross negligence fails for the same reasons as the Seventh Claim.

5   Plaintiff suggests Defendants "engaged in grossly negligent business practices" by "engaging in

6   prohibited business relationships, and failing to read the screenplay [for *Elysium*] before buying its

7   rights." FAC ¶ 254. These allegations are utterly deficient and fail as a matter of law. First,

8   Plaintiff pleads no facts supporting that Defendants owed a legal duty to him. He states that

9   Defendants engaged in "prohibited business relationships," but no facts are alleged to support that

10  Defendants owed a legal duty *to Plaintiff* to avoid doing so. Likewise, Plaintiff's claim that

11  Defendants were negligent in purportedly failing to read the screenplay for *Elysium* before buying

12  the film is nonsensical. Even taking the allegation at face value, Defendants owed not duty *to*

13  *Plaintiff* to review Blomkamp's screenplay before acquiring the rights to *Elysium*. Additionally,

14  Plaintiff pleads no facts (as contrasted with conclusions) supporting that Defendants breached any

15  duty, or that this breach harmed Plaintiff in a legally cognizable way. The claim of gross

16  negligence consists of "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556

17  U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### 8.      The Ninth Cause Of Action For Violation Of Labor Code § 1700.39

19         Plaintiff asserts a Ninth Claim for violation of Section 1700.39 of the California Labor

20  Code, which provides: "No talent agency shall divide fees with an employer, an agent or other

21  employee of an employer." Plaintiff fails to allege facts supporting that any of Defendants are

22  subject to this provision. Indeed, none of the moving Defendants is a talent agency. Plaintiff fails

23  to allege facts supporting that he has *standing* to assert this claim, which he could not possibly

24  have. Plaintiff fails to adequately allege facts supporting a breach of this provision. Lastly,

25  Plaintiff fails to allege facts supporting that he was damaged by whatever occurrences he claims

26  were in violation of this provision.

### 9.      The Tenth Cause Of Action For Unfair Business Practices

28         Plaintiff's Tenth Claim for violation of Business & Professions Code § 17200 contends

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   that certain defendants "secretly entered into a private business partnership with Sony Pictures

2   Entertainment's CEO, Michael Lynton, as co-owners of Screenbid ...." FAC ¶ 260. Plaintiff

3   alleges that "[i]n these actions the Defendants violated the California's Unfair Business Practices

4   Act …." *Id.* These allegations are frivolous.

5        "California's unfair competition statute prohibits any unfair competition, which means 'any

6   unlawful, unfair or fraudulent business act or practice.'" *In re Pomona Valley Med. Group*, 476

7   F.3d 665, 674 (9th Cir.2007) (citing Cal. Bus. & Prof. Code § 17200, *et seq*.). "Generally

8   speaking, unlawful practices are any activities that are forbidden by law." *Claridge v. RockYou,*

9   *Inc.*, 785 F. Supp. 2d 855, 862 (N.D. Cal. 2011) (citing *Samura v. Kaiser Found. Health Plan,*

10  *Inc.*, 17 Cal.App.4th 1284, 1292, 22 Cal.Rptr.2d 20 (1993). Unfair acts are those that "offend[ ] an

11  established public policy" or are "immoral, unethical, oppressive, unscrupulous, or substantially

12  injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647 (1996).

13       "[T]o pursue either an individual or a representative claim under the California unfair

14  competition law," a plaintiff "must have suffered an 'injury in fact' and 'lost money or property as

15  a result of such unfair competition.'" *Hall v. Time Inc.*, 158 Cal.App.4th 847, 849 (2008). Courts

16  have described this as a "heightened concept of injury." *Claridge*, 785 F.Supp.2d at 863. To state a

17  claim, an individual must have "parted, deliberately or otherwise, with some *identifiable sum*

18  formerly belonging to him," or that he has "parted with some particular item of property he

19  formerly owned or possessed." *Id.* at 862 (emphasis in original).

20       Plaintiff fails to allege any facts supporting that Defendants' supposed conduct is unlawful,

21  unfair, or fraudulent. He further alleges no facts supporting that he suffered an injury in fact and

22  "lost money or property" as a result of whatever it is Defendants are accused of doing.

23                    **10.        The Eleventh Cause Of Action For Witness Tampering**

24       Plaintiff's Eleventh Claim alleges that certain Defendants engaged in witness tampering.

25  According to Plaintiff, such tampering included the disclosure of Rovin's purportedly falsified

26  expert report and "proffering a statement from writer Simon Kinberg stating that he merely

27  'polished' Def Blomkamp's screenplay." FAC ¶ 263. To start, Defendants are aware of no

28  authority supporting that a civil claim lies for damages as the result of supposed witness

1   tampering. The CACI instruction that Plaintiff cites (FAC ¶ 263) obviously does not create such a

2   cause of action.

3       Further, Plaintiff's claim at its core is a collateral attack on the rulings of the Court in the

4   Prior Action to admit the Rovin report and to rely on it and other evidence in granting summary

5   judgment. It fails on that basis.

6       Lastly, Plaintiff simply fails to plead *facts* supporting a "plausible" claim. Plaintiff pleads

7   no facts supporting that anything in the Rovin expert report or the testimony of Mr. Kinberg is

8   false, let alone that Defendants were the ones to procure a false statement. This cause of action

9   consists of naked assertions of wrongdoing which do not establish a claim.

10  **V.    CONCLUSION**

11      For all the reasons set forth above, Defendants respectfully request that the Court grant

12  their Motion and dismiss the Complaint in its entirety.

13

14  DATED: January 16, 2018              Respectfully submitted,

15                                       KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

16

17                             By:          /s/ Michael J. Kump
                                         Michael J. Kump
18                                       Attorneys for Defendants
                                         MRC II DISTRIBUTION COMPANY LP;
19                                       MORDECAI WICZYK; ASIF SATCHU;
                                         SONY PICTURES ENTERTAINMENT INC.; ARIEL
20                                       EMANUEL; and NEILL BLOMKAMP

21  /541481

22

23

24

25

26

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850