KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; ARIEL EMANUEL; and NEILL BLOMKAMP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNIVERSAL CITY STUDIOS LLC, et al.,<br><br>　　　　Defendants. | Case No. 3:17-CV-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS <u>INITIAL</u> COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)**<br><br>Date:　　February 8, 2018<br>Time:　　10:00 a.m.<br>Crtrm.:　4<br><br>Trial Date:　　None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants MRC II Distribution Company LP, Mordecai Wiczyk, Asif Satchu, Sony Pictures Entertainment Inc., Ariel Emanuel, and Neill Blomkamp ("Defendants") submit this brief reply in support of their motion to dismiss the <u>initial</u> Complaint of Plaintiff Steve Wilson Briggs ("Plaintiff").[1] This Court may deem the motion moot as the result of Plaintiff's voluntary filing of a First Amended Complaint ("FAC"). *See* Dkt. No. 21. Nevertheless, to the extent the Court believes it appropriate to rule on the motion to dismiss the initial Complaint, the motion is plainly meritorious and should be granted.

As demonstrated in the motion, Plaintiff, who asserted diversity jurisdiction in his initial Complaint, failed to allege the citizenship of all parties as he was required to do; he failed to allege *complete* diversity among the parties; and no allegation of complete diversity could be made in good faith because *many* of the defendants are California citizens for jurisdictional purposes, as is Plaintiff. *See* Dkt. No. 15 at 3-4. Plaintiff also failed to plead any viable claims for violation of federal law, such that the court lacked federal question jurisdiction. *See id.* at 4-5. Accordingly, the Court indisputably lacks subject matter jurisdiction over Plaintiff's claims as initially pled.

Plaintiff contends that the Court has supplemental jurisdiction over the initial Complaint

---

[1] The motion to dismiss was originally filed on behalf of the defendants listed here as well as additional named defendants that are affiliated with Defendant MRC II Distribution Company LP—namely, MRC II Holdings, L.P.; Oaktree Entertainment, Inc.; MRC I Hedge Co, LLC; MRC II Capital Company, L.P.; and MRC I Project Company, LLC. However, none of these other MRC entities were named as defendants in the caption of Plaintiff's First Amended Complaint. *See* Dkt. No. 21 at 1. Instead, the caption of the amended complaint lists MRC II Distribution Company LP and then, in parentheses, refers to "all other MRC entities and subsidiaries." *Id.* Manifestly, this does not suffice to identify any defendants other than the one named—MRC II Distribution Company LP. Accordingly, these other MRC entities which originally appeared in the case are no longer parties to Plaintiff's claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that no reference can be made to prior complaints to determine the defendants in the action because of the "well-established doctrine that an amended pleading supersedes the original pleading"); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (stating that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"; and holding: "Because Richard Feiner was not named as a party in Hal Roach Studio's first amended complaint, the district court erred in entering judgment against him.").

1  pursuant to 28 U.S.C. § 1367(a) because "this matter is substantially related to the Plaintiff's Prior

2  Action (Briggs v Blomkamp, C134679 PJH)." *See* Opp. at p. 6:7-8 (Dkt. No. 23). Plaintiff

3  misunderstands the concept of supplemental jurisdiction. Section 1367(a) provides that "in any

4  civil action of which the district courts have original jurisdiction, the district courts shall have

5  supplemental jurisdiction over all other claims that are so related to claims in the action within

6  such original jurisdiction that they form part of the same case or controversy …." 28 U.S.C. §

7  1367(a). Section 1367 relates to claims filed *in the same case*. Thus, a viable federal claim *in this

8  case* would confer supplemental jurisdiction over related state law claims. Plaintiff cannot,

9  however, point to federal claims in *other* cases as conferring this Court with subject matter

10  jurisdiction over claims as to which it would not otherwise have jurisdiction.

11      Plaintiff may well have corrected these jurisdictional deficiencies in the FAC, because he

12  now pleads copyright claims against Defendants Kevin Spacey and Dana Brunetti that appear on

13  their face to be related to the state law claims filed against the moving Defendants. But the initial

14  Complaint clearly failed in this regard and is subject to dismissal under Rule 12(b)(1).

15      Although Defendants' motion alternatively sought dismissal under Rules 8(a) and 12(b)(6),

16  the deficiencies in Plaintiff's pleading of his claims are now addressed in much greater detail in

17  Defendants' recently filed motion to dismiss the FAC. *See* Dkt. No. 27. Defendants ask that the

18  Court defer these issues for now and consider them in the context of that motion.

19  DATED: January 18, 2018         KINSELLA WEITZMAN ISER
                                     KUMP & ALDISERT LLP

                                     By:      /s/ Gregory Korn
                                     Gregory P. Korn
                                     Attorneys for MRC II DISTRIBUTION
                                     COMPANY LP; MORDECAI WICZYK; ASIF
                                     SATCHU; SONY PICTURES
                                     ENTERTAINMENT INC.; ARIEL EMANUEL;
                                     and NEILL BLOMKAMP