KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; ARIEL EMANUEL; and NEILL BLOMKAMP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, et al.,<br><br>Defendants. | Case No. 3:17-CV-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: February 22, 2018<br>Time: 10:00 a.m.<br>Crtrm.: 4<br><br>Trial Date: None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Motion for Sanctions of Plaintiff Steve Wilson Briggs is itself a Rule 11 violation and should be summarily denied.

Rule 11(c)(2) of the Federal Rules of Civil Procedure provides a procedure that a litigant must follow in seeking sanctions. The motion must be served without being filed; the party against whom sanctions are sought must be provided 21 days to withdraw or correct the allegedly offending document; and the proponent of sanctions may only file the motion thereafter. Fed. R. Civ. P. 11(c)(2). None of those procedures have been followed, and so the motion is procedurally improper. *See* Declaration of Gregory Korn ¶ 2.

Substantively, moreover, the motion is frivolous. Defendants' motion to dismiss Plaintiff's initial Complaint for lack of subject matter jurisdiction is the target of Plaintiff's Rule 11 claims. But that motion was indisputably meritorious. *See* Dkt. No. 15. As discussed in detail therein, Plaintiff, who asserted diversity jurisdiction in his initial Complaint, failed to allege the citizenship of all parties as he was required to do; he failed to allege *complete* diversity among the parties; and no allegation of complete diversity could be made in good faith because *many* of the defendants are California citizens for jurisdictional purposes, as is Plaintiff. *See* Dkt. No. 15 at 3-4. The motion further explained that Plaintiff had failed to plead any viable claims for violation of federal law, such that the court lacked federal question jurisdiction. *See id.* at 4-5.

Although Plaintiff now *concedes* that he had erred in pleading jurisdiction, he nevertheless contends the motion to dismiss was a Rule 11 violation. His belief in that regard, however, is due to misunderstandings of the law. First, Plaintiff mistakenly argues that Defendants violated Rule 11 by filing their motion before his 21-day period to amend under Rule 15 expired. *See* Mot. at 5. As this Court knows, this time period in Rule 15 has no effect on when Defendants could respond to the Complaint. Indeed, Defendants would have been in default had they waited more than 21 days after service of the Complaint to respond.

Second, Plaintiff appears to believe the motion to dismiss was unwarranted because he could easily correct the jurisdictional deficiency by alleging supplemental jurisdiction. *See* Mot. at 6. Plaintiff is confused about the nature of supplemental jurisdiction. As stated at page 6 of his

motion, Plaintiff is under the misapprehension that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because "this matter is substantially related to the Plaintiff's prior action (Briggs v. Blomkamp, C134679 PJH), and much of it 'arises from the same set of operative facts.'" *See also* First Amended Complaint, Dkt. No. 21 at ¶ 2 (mistakenly alleging supplemental jurisdiction on the basis that "this matter is substantially related to Plaintiff's prior federal action"). Plaintiff simply does not understand the concept of supplemental jurisdiction and the fact that his prior action for copyright infringement is irrelevant to the question of whether this Court has subject matter jurisdiction over the claims this case.

Plaintiff's various other attacks on Defendants' attorneys—*e.g.*, that they use the phrase "in pro per" in italics, or that they referred to his Complaint as "unintelligible"—do not merit a response except to state that counsel has done nothing wrong and no Rule 11 violation has been committed.

Plaintiff's motion should be denied in its entirety.

DATED: January 22, 2018                         Respectfully submitted,

                                                KINSELLA WEITZMAN ISER
                                                KUMP & ALDISERT LLP


                                                By:    /s/ Gregory Korn
                                                       Gregory P. Korn
                                                       Attorneys for MRC II DISTRIBUTION
                                                       COMPANY LP; MORDECAI WICZYK; ASIF
                                                       SATCHU; SONY PICTURES
                                                       ENTERTAINMENT INC.; ARIEL EMANUEL;
                                                       and NEILL BLOMKAMP

# DECLARATION OF GREGORY P. KORN

I, Gregory P. Korn, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Kinsella Weitzman Iser Kump & Aldisert LLP, attorneys of record for MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; ARIEL EMANUEL; and NEILL BLOMKAMP. If called as a witness, I could and would competently testify to all the facts within my personal knowledge except where stated upon information and belief.

2. Plaintiff's Motion for Sanctions was not served on me or my clients prior to it being filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2018, at Santa Monica, California.

_____
Gregory P. Korn

/543183