KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
  brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:     (213) 633-6800
Facsimile:     (213) 633-6899

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>              Plaintiff,<br><br>      v.<br><br>UNIVERSAL CITY STUDIOS LLC;<br>NBCUNIVERSAL MEDIA, LLC;<br>SONY PICTURES ENT INC.; KEVIN<br>SPACEY; ARI (ARIEL) EMANUEL; MATT<br>DAMON; BEN AFFLECK; NEILL<br>BLOMKAMP; MORDECAI (MODI) WICZYK;<br>ASIF SATCHU; BILL BLOCK; DANA<br>BRUNETTI; MRC II DISTRIBUTION<br>COMPANY LP (AKA MRC, Media Rights<br>Capital, and all other MRC entities and<br>subsidiaries)<br><br>              Defendants. | Case No. 17-cv-06552-VC<br><br>[Hon. Vince Chhabria]<br><br>**DEFENDANTS' UNIVERSAL CITY<br>STUDIOS LLC'S AND NBCUNIVERSAL<br>MEDIA, LLC'S (1) OPPOSITION TO<br>MOTION FOR SANCTIONS AND<br>(2) REQUEST FOR AWARD OF<br>EXPENSES UNDER F.R.C.P. 11(c)(2)**<br><br>[Declaration of Brendan N. Charney With<br>Exhibits A-E Filed Concurrently.]<br><br>Date:           February 22, 2018<br>Time:           10:00 a.m.<br>Crtrm:          4 |

*DAVIS WRIGHT TREMAINE LLP*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT. ........................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND. ........................................ 2

III.   THE MOTION FOR SANCTIONS IS PROCEDURALLY IMPROPER. ........................ 5

IV.   THE MOTION FOR SANCTIONS IS FRIVOLOUS. ........................................ 6

    A.   Plaintiff Conceded That The Jurisdictional Arguments in the Motion to Dismiss Are Valid; Plainly, Those Arguments Are Not Sanctionable. .................... 6

    B.   NBCU Cannot Be Sanctioned For Following Standard Formatting Rules. .............. 8

    C.   Plaintiff's Complaint Is Unintelligible Within the Meaning of FRCP 8(a). ............. 9

V.   PLAINTIFF SHOULD BE ORDERED TO PAY NBCU THE EXPENSES IT INCURRED IN RESPONDING TO THIS MOTION. ........................................ 9

VI.   CONCLUSION. ............................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adhikari v. Daoud & Partners,
   2017 WL 5904782 (S.D. Tex., 2017)...................................................................... 13

Boim v. Quranic Literacy Institute,
   2003 WL 1956132 (N.D. Ill. 2003)........................................................................ 13

Briggs v. Blomkamp,
   70 F. Supp. 3d 1155 (N.D. Cal. 2014) ..................................................................... 5

Briggs v. Sony Pictures Ent.,
   9th Cir. No. 14-17175 (filed Oct. 8, 2013)............................................................. 5

Buster v. Greisen,
   104 F.3d 1186 (9th Cir. 1997)................................................................................ 11

Claudet v. First Federal Credit Control, Inc.,
   2015 WL 7984410 (M.D. Fla., 2015) .................................................................... 13

Domondon v. First Franklin,
   2016 WL 7479399 (C.D. Cal. 2016)............................................................ 9, 12, 13

Exxon Mobil Corp. v. Allapattah Services, Inc.,
   545 U.S. 546 (2005) .............................................................................................. 11

Harman v. City of University Park,
   1997 WL 53120 (N.D. Tex., 1997) ....................................................................... 13

Kinney v. Bridge,
   No. 3:16-cv-03211, 2017 WL 130240 (N.D. Cal., Jan 13, 2017)........................... 8

Matter of Pozsga,
   158 F.R.D. 435 (D. Ariz. 1994) ............................................................................ 12

Montrose Chemical Corp. of California v. American Motorists Ins. Co.,
   117 F.3d 1128 (9th Cir. 1997)................................................................................ 11

Nevijel v. North Coast Life Ins. Co.,
   651 F.2d 671 (9th Cir. 1981)................................................................................. 12

Patelco Credit Union v. Sahni,
   262 F.3d 897 (9th Cir. 2001)................................................................................. 12

DAVIS WRIGHT TREMAINE LLP

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144

Radcliffe v. Rainbow Const. Co.,
    254 F.3d 772 (9th Cir. 2001) .................................................................... 4, 8

Ramirez v. County of San Bernardino,
    806 F.3d 1002 (9th Cir. 2015) ...................................................................... 9

Rich v. Taser Intern., Inc.,
    2012 WL 3155137 (D. Nev., 2012) ............................................................ 13

Siegel v. Consolidated Edison, Inc.,
    318 F.Supp.2d 176 (S.D.N.Y., 2004) ........................................................... 9

Toumajian v. Frailey,
    135 F.3d 648 (9th Cir. 1998) ...................................................................... 10

Yagman v. Republic Ins.,
    987 F.2d 622 (9th Cir. 1993) ...................................................................... 12

**Statutes**

28 U.S.C.
    § 1367 ...................................................................................................... 9, 10
    § 1367(a) ...................................................................................................... 11

**Rules**

Federal Rules of Civil Procedure
    7(b) .............................................................................................................. 11
    8(a) ..................................................................................................... 5, 6, 12
    11 ............................................................................................................. *passim*
    11(c)(2) ................................................................................................... *passim*
    12(b)(6) .......................................................................................................... 5

**Other Authorities**

THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION, Rule 7(b) (Columbia Law
    Review Ass'n et al. eds., 20th ed. 2015) .................................................... 11

DAVIS WRIGHT TREMAINE LLP

Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") respectfully submit this Memorandum of Law to (1) oppose Plaintiff Steven Briggs's Motion for Sanctions and (2) request an award of expenses under Fed. R. Civ. Proc. 11(c)(2).

## I.    SUMMARY OF ARGUMENT.

Plaintiff's Motion for Sanctions is procedurally improper and utterly baseless.  Although Plaintiff acknowledged the flaws in his original Complaint when he filed a First Amended Complaint specifically in response to Defendants' Motion To Dismiss and Joinder, he now inconsistently claims that the Motion To Dismiss and Joinder were frivolous, warranting sanctions.  His Motion for Sanctions should be denied and NBCU should be awarded the expenses it has incurred in opposing that Motion.

Initially, the Motion for Sanctions is fatally defective on procedural grounds, because Plaintiff failed to comply with Federal Rule of Civil Procedure 11(c)(2)'s safe-harbor provision, which requires that a sanctions motion be served 21 days before it is filed.  Plaintiff's failure to comply with this "strict" and "mandatory" procedural requirement alone requires denial. Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001).  Section III, infra.

In addition, even if the Motion for Sanctions were procedurally proper, none of its arguments justify sanctions.  Plaintiff asks the Court to impose sanctions on defense counsel for joining a Motion to Dismiss that correctly identified several serious defects in Plaintiff's initial Complaint – including jurisdictional defects that Plaintiff himself concedes and has attempted to remedy in the FAC.  Section IV, infra.

NBCU advised Plaintiff about the defects in his Motion for Sanctions and Plaintiff promised to withdraw his Motion.  Instead, he delayed, purporting to apologize for being "busy" while again promising NBCU's counsel – twice in writing – that he would withdraw the Motion. NBCU reasonably relied on these broken promises as long as it could, ultimately deciding that it had no choice except to prepare this Opposition with short turnaround on a Sunday.  While Plaintiff's Motion for Sanctions was already itself sanctionable, Plaintiff's contumacious conduct bolsters the basis for awarding NBCU its fees and costs for being forced to respond to Plaintiff's improper and unfounded Motion.  Section V, infra.

1

DAVIS WRIGHT TREMAINE LLP

## II.     FACTUAL AND PROCEDURAL BACKGROUND.

As set forth in greater detail in the Motion to Dismiss the initial Complaint and NBCU's pending Motion to Dismiss Plaintiff's First Amended Complaint, this lawsuit is Plaintiff's second attempt to recover damages for his claim that the creators of the film Elysium infringed a copyright in his screenplay, "Butterfly Driver."  In Plaintiff's first lawsuit, filed in 2013, he sued three of the defendants sued in this lawsuit.  Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679 (the "Prior Lawsuit").  After his claim was rejected by the district court (Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014)), Plaintiff appealed to the Ninth Circuit, Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (filed Oct. 8, 2013).  That appeal is currently pending.

On December 7, 2017, Plaintiff brought this lawsuit, naming the defendants sued in the Prior Lawsuit, along with 10 new defendants, including Universal City Studios LLC and NBCUniversal Media, LLC.  Plaintiff appears to allege that the competing film studios and prominent individuals in the film industry sued in this lawsuit engaged in some undefined "conspiracy," which purportedly relates in some way to the Prior Lawsuit and his pending appeal.  ECF No. 1 at ¶ 19.

On December 28, 2017, NBCU joined a Motion to Dismiss filed by the other defendants in this action, seeking dismissal of the Complaint for lack of subject matter jurisdiction, failure to provide a short and plain statement of the claim under Rule 8(a), and failure to state a claim under Rule 12(b)(6).  ECF Nos. 15, 17.  Five days later, Plaintiff filed the First Amended Complaint (ECF No. 21) ("FAC"), adding copyright and infringing exportation claims that seem to be based on the same alleged facts that gave rise to the Prior Lawsuit – purported infringement of his screenplay "Butterfly Driver."  See FAC at Counts 12 and 13; see also FAC at ¶¶ 111, 117.  On the same day, Plaintiff also filed an Opposition to the now-moot Motion to Dismiss his initial Complaint.  ECF No. 23.  The Opposition includes a "mea culpa" for Plaintiff's failure to adequately allege subject-matter jurisdiction in the initial Complaint, and argues that the copyright and infringing exportation claims in the FAC now confer federal-question jurisdiction. See id. at 1, 8.  Along with the Opposition to the Motion to Dismiss, Plaintiff included a

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144

DAVIS WRIGHT TREMAINE LLP

declaration from a high school English teacher, who opines that Plaintiff's initial Complaint is not unintelligible, but is instead "clear and understandable."  ECF No. 23 at 15.

Two days later, on January 6, 2018 – only nine days after NBCU joined the Motion to Dismiss the initial Complaint – Plaintiff filed a Motion for Sanctions under Federal Rule of Civil Procedure 11 (ECF No. 24).  The Motion seeks sanctions against attorneys Michael J. Kump and Gregory P. Korn, counsel for other defendants in this action, for filing the Motion to Dismiss the initial Complaint; and against NBCU's counsel Kelli Sager, Rochelle Wilcox, and Brendan Charney for filing a Joinder to the Motion to Dismiss.  Plaintiff also included a declaration from himself in support of the Motion for Sanctions, arguing, that "to the best of [his] knowledge" all of the allegations in the Complaint, Motion for Sanctions, and FAC are true.  ECF No. 25 at 2-3.

Plaintiff did not serve a copy of the Motion for Sanctions on defense counsel at least 21 days before filing it, as required by Rule 11's "safe harbor" provision, Fed. R. Civ. Pro 11(c)(2).  See Declaration of Brendan N. Charney ("Charney Decl.") at ¶¶ 2-3.  Rather; the Motion for Sanctions was first served via the Northern District of California's Electronic Case Filing system on the same day it was filed.  See Charney Decl. Ex. A.

The Motion seeks sanctions on the following purported grounds:

- Plaintiff alleges that defense counsel "failed to conduct a reasonable inquiry" prior to filing the Motion to Dismiss, apparently because defense counsel filed the Motion to Dismiss without assuming that Plaintiff would amend the Complaint to allege jurisdiction under the new theories presented in the FAC, see ECF No. 24 at 4-6;

- Plaintiff alleges that defense counsel italicized the Latin phrase "pro se" in what Plaintiff believes was an attempt to "harass and antagonize" Plaintiff and to "corruptly draw the Court's attention to the Plaintiff's Pro Se status, spurred by the cynical belief that US courts possess an inherent bias against Pro Se plaintiffs," see id. at 7; and

- Plaintiff contends that defense counsel made "factual contentions" that "could never be supported evidentiarily" by arguing that the initial Complaint was

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144

DAVIS WRIGHT TREMAINE LLP

"unintelligible" and should therefore be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a), see id.

On January 17, 2018, NBCU e-mailed and mailed a letter to Plaintiff outlining the various procedural and substantive deficiencies with the Motion for Sanctions and demanding that Plaintiff withdraw the Motion for Sanctions. Charney Decl. Ex. B. In particular, the letter informed Plaintiff of the requirement, set forth in Rule 11(c)(2), that a party seeking sanctions under Rule 11 serve the motion on the party against whom sanctions are sought at least 21 days before the motion is filed. The letter cited controlling Ninth Circuit authority holding that compliance with Rule 11(c)(2) is "mandatory" and that failure to comply with this requirement compels denial of a motion for sanctions. Id. at 1. The letter also addressed substantive defects in Plaintiff's Motion, including that:

- it makes no sense for Plaintiff to argue that defense counsel can be sanctioned for identifying jurisdictional defects that Plaintiff himself concedes were valid and properly presented, see id. at 2;

- the Latin phrase "pro se" was italicized under formatting rules requiring italicization of foreign-language phrases, not to "harass and antagonize" Plaintiff, see id. at 2-3; and

- defense counsel's argument that the initial Complaint was unintelligible and failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" is not the sort of "factual contention" that must be supported by "evidence," but instead is borne out by a simple review of the bewildering and rambling Complaint, id. at 3.

On January 18, 2018, Plaintiff responded to the letter, writing: "Thank you for forwarding the information. I'd appreciate it if you would tell the relevant attorneys that I intend to withdraw the motion for sanctions today or tomorrow." Charney Decl. Ex. C. The following day, Plaintiff followed up with another message, writing "If it's not too much trouble, please assure the same attorneys that I'll withdraw the motion for sanctions by tomorrow (Saturday). I originally committed to get it done by today, but my work schedule is looking tighter than I

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144

DAVIS WRIGHT TREMAINE LLP

expected.  Thanks a ton."  Charney Decl. Ex. D. (emphasis added).  Counsel for NBCU relied on these written promises that Plaintiff would withdraw the Motion for Sanctions.  Charney Decl. ¶ 7.  On Sunday, January 21 – the day before NBCU's deadline to file an opposition – Plaintiff abruptly reneged, sending an e-mail advising that he no longer intended to withdraw the Motion.  Charney Decl. Ex. E.  But Plaintiff sent this message to a staff member who does not work on the weekends, without copying counsel, despite the fact that the e-mail addresses for each of NBCU's counsel are listed on the front page of each of NBCU's filings in this case.  Counsel received Plaintiff's email Monday morning.

**III.   THE MOTION FOR SANCTIONS IS PROCEDURALLY IMPROPER.**

To avoid burdening courts and parties with unnecessary disputes concerning sanctions, a party who moves for sanctions "must comply" with Federal Rule of Civil Procedure 11's "safe harbor" provision.  Kinney v. Bridge, No. 3:16-cv-03211, 2017 WL 130240, *2 (N.D. Cal., Jan 13, 2017).  This provision requires that, at least 21 days before filing a motion seeking sanctions, the moving party must serve the motion on the party against whom sanctions are sought and give that party an opportunity to withdraw or correct the "challenged paper, claim, defense, contention, or denial."  Fed. R. Civ. Pro. 11(c)(2).  The Motion "must not be filed or … presented to the court" until at least 21 days after service, and even after 21 days has elapsed, the motion may be filed only if the party against whom sanctions are sought declines to withdraw or correct the challenged conduct.  Id. (emphasis added).  This procedural "safe harbor" requirement is "strict" and "mandatory."  Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001).

Accordingly, a movant's failure to comply with the "safe harbor," standing alone, requires that the motion for sanctions be denied.  See, e.g., id. (reversing sanctions award because moving party "did not follow the mandatory service procedure"); Kinney, 2017 WL 130240 at *2 ("The Court DENIES the motion for sanctions because defense counsel did not comply with Rule 11's safe harbor provision").

Plaintiff's Motion for Sanctions was filed on January 6, 2018 – nine days after NBCU's December 28, 2017, filing of the Joinder that the Motion attacks – and first served via the

DAVIS WRIGHT TREMAINE LLP

Court's electronic filing system that same day.  Thus, Plaintiff indisputably failed to comply with Rule 11's 21-day "safe harbor" provision.  For this reason alone, the Motion must be denied.

## IV.   THE MOTION FOR SANCTIONS IS FRIVOLOUS.

**A.   Plaintiff Conceded That The Jurisdictional Arguments in the Motion to Dismiss Are Valid; Plainly, Those Arguments Are Not Sanctionable.**

Plaintiff advances several incoherent theories that seek, at bottom, to sanction defense counsel for pointing out jurisdictional defects in the initial Complaint that Plaintiff purports to cure in the FAC.  But it is not sanctionable to file (or join) a motion to dismiss that correctly points out the court's lack of subject-matter jurisdiction.  To the contrary, Plaintiff's arguments are themselves sanctionable, given that he failed to withdraw his Motion for Sanctions – forcing NBCU to spend time and money responding to the Motion – after being informed of its invalidity.

First, Plaintiff claims that the jurisdictional defenses in the Motion to Dismiss "needlessly increased expenses" because Plaintiff had an opportunity to amend the jurisdictional allegations in the Complaint as a matter of right.  Motion at 5.  Unsurprisingly, Plaintiff provides no authority for this remarkable – and incorrect – position.

As a threshold matter, an initial complaint is "supersed[ed]" by the filing of an amended complaint.  Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).  Plaintiff's original Complaint and FAC are separate pleadings, despite Plaintiff's repeated attempts to link the two for purposes of his Motion for Sanctions.[1]  Plaintiff cannot support a

---

[1] Because Plaintiff's Motion for Sanctions arises out of NBCU's Joinder to a Motion to Dismiss the initial Complaint, not NBCU's recently filed Motion to Dismiss the First Amended Complaint, NBCU is not required to – and does not – address the merits of the jurisdictional allegations that Plaintiff makes in the FAC.  See Ramirez, 806 F.3d at 1008.  However, NBCU notes that Plaintiff is simply wrong in claiming that he can establish supplemental jurisdiction based on the alleged connection between this lawsuit and his Prior Lawsuit.  Each lawsuit must establish its own jurisdiction.  E.g., Siegel v. Consolidated Edison, Inc., 318 F.Supp.2d 176, 179 (S.D.N.Y., 2004) (where plaintiff asserted "supplemental jurisdiction over a new, independent, and freestanding civil action," court granted motion to dismiss for lack of subject-matter jurisdiction, holding that Section 1367 confers supplemental jurisdiction only "when the plaintiff would be expected to bring all claims in one proceeding" (emphasis in original)).

DAVIS WRIGHT TREMAINE LLP

1   sanctions request against NBCU because it failed to predict that Plaintiff would assert new

2   federal claims in an amended pleading in an attempt to establish federal jurisdiction.

3         Moreover, a good-faith challenge to subject-matter jurisdiction will not support sanctions

4   under Rule 11, even if an amended pleading would more quickly resolve a concern about

5   jurisdiction.  See, e.g., Toumajian v. Frailey, 135 F.3d 648, 658 (9th Cir. 1998) (reversing

6   sanctions against plaintiff for challenging removal jurisdiction through motion before filing

7   amended complaint ordered by the court) (abrogated on other grounds).

8         Finally, even if Plaintiff's claim that valid jurisdictional arguments "needlessly increased

9   expenses" were legally tenable – although it is not – this claim assumes that Plaintiff would have

10   cured the jurisdictional defects absent the filing of the Motion to Dismiss, and that NBCU should

11   have anticipated that amendment.  Yet, Plaintiff's Opposition to the Motion to Dismiss concedes

12   that defendants' jurisdictional arguments were valid and alerted him to jurisdictional defects in

13   the Complaint.  See Opposition to Motion to Dismiss at 1 ("Mea Culpa").  Plaintiff cannot

14   reasonably argue that NBCU's valid jurisdictional arguments were made for the "improper

15   purpose" of "needlessly increas[ing] the cost of litigation" within the meaning of Rule 11, given

16   his concession that he did not know about the jurisdictional defects until Defendants pointed

17   them out.

18         Second, Plaintiff also argues that defense counsel failed to conduct a "reasonable

19   inquiry" in pointing out the same jurisdictional defects that Plaintiff concedes.  See Motion at

20   5-6; Opposition to Motion to Dismiss at 1.  Although listed under a separate heading, this

21   argument appears to be an adjunct of Plaintiff's argument that it is somehow improper for

22   defense counsel to point out jurisdictional defects if the Plaintiff may amend the jurisdictional

23   allegations in the complaint as of right.  See Motion at 6 ("with very little inquiry, the Plaintiff

24   was able to correct these false assertion [sic], and direct the Court to the supplemental

25   jurisdiction provisions of 28 U.S. Code").  To the extent Plaintiff is simply repeating the

26

27

28

DAVIS WRIGHT TREMAINE LLP

7

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144

1  argument that NBCU should have anticipated the amendment of the Complaint and waived its

2  jurisdictional arguments based on such anticipation, this argument fails for the same reason.[2]

3  Moreover, under Rule 11, a filing is sanctionable as frivolous only if it is "both [(1)]

4  baseless and [(2)] made without a reasonable and competent inquiry." Montrose Chemical Corp.

5  of California v. American Motorists Ins. Co., 117 F.3d 1128, 1133 (9th Cir. 1997) (quoting

6  Buster v. Greisen, 104 F.3d 1186, 1189, 1190 (9th Cir. 1997)).  Therefore, it makes no sense to

7  charge a party with failing to make a "reasonable and competent inquiry" in connection with

8  legal and factual contentions that are valid.  See id. at 1134 (reversing sanctions award for

9  assertion that was "made without a reasonable and competent inquiry" but was not "baseless").

10  Here, as discussed above, the jurisdictional challenges at issue are concededly valid, and

11  the fact that Plaintiff purports to cure these jurisdictional defects through amendment is of no

12  moment.  Moreover, Plaintiff has not identified any way in which defense counsel failed to make

13  a "reasonable and competent inquiry" in correctly pointing out these jurisdictional defects.  For

14  these reasons, the jurisdictional arguments in the Motion to Dismiss cannot support sanctions,

15  and Plaintiff's arguments are patently frivolous.

**B.**  **NBCU Cannot Be Sanctioned For Following Standard Formatting Rules.**

17  The Motion also claims that the Motion to Dismiss was "intended to harass" Plaintiff by

18  referring to his status as "In Pro Per" in italics.  Motion at 7.  This was not, as Plaintiff claims,

19  motivated by some pernicious intent.  Id.  Rather, the term appears in emphasized text simply

20  because it is in a foreign language, as required by applicable formatting rules.  See THE

---

[2] Plaintiff appears to argue that defense counsel should be sanctioned for writing that "[t]he Plaintiff cannot amend in good faith to allege complete diversity … [because] … [b]ased on the caption of the Complaint, Plaintiff resides in California … [and m]any if not most of the named defendants are likewise 'citizens' of California"  Motion for Sanctions at 6 (quoting Motion to Dismiss at 4).  To this end, Plaintiff argues that the Supreme Court held in Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), that the federal supplemental jurisdiction statute, 28 U.S. Code § 1367(a), somehow abrogates the requirement for complete diversity.  Motion for Sanctions at 6.  In Exxon Mobil Corp., the Court merely held that, in a class action, a district court may exercise supplemental jurisdiction over claims of class members who do not meet the minimum amount-in-controversy requirement.  See 545 U.S. at 558.  However, the Court expressly rejected the proposition for which Plaintiff cites the case.  Id. at 554 ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.").

8

DAVIS WRIGHT TREMAINE LLP

1   BLUEBOOK: A UNIFORM SYSTEM OF CITATION, Rule 7(b) at 83 (Columbia Law Review Ass'n et

2   al. eds., 20th ed. 2015) ("Italicize non-English words and phrases unless they have been

3   incorporated into common English usage.").  Plaintiff's unreasonable perception of a slight from

4   a common – and obligatory – practice in legal formatting cannot support sanctions.

5   **C.      Plaintiff's Complaint Is Unintelligible Within the Meaning of FRCP 8(a).**

6          Finally, the Motion claims that defense counsel made "factual contentions that cannot be

7   supported by evidence" in arguing that Plaintiff's 287-plus-paragraph Complaint was

8   "unintelligible."  Whether a complaint is unintelligible, however, depends on an evaluation of the

9   text of the pleading – and specifically, whether it is "verbose, confusing [or] conclusory."

10  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); see also Domondon v.

11  First Franklin, 2016 WL 7479399, at *5 (C.D. Cal. 2016).  It does not depend, as Plaintiff

12  appears to argue through his declaration and the declaration of Dr. Morgan Marchbanks, on

13  "evidence" of the plaintiff's (or others') subjective belief that it can be understood.  See Matter

14  of Pozsga, 158 F.R.D. 435, 437 (D. Ariz. 1994) ("Counsel's subjective belief in the propriety of

15  the pleading is irrelevant in determining if Rule 11 has been violated since that assessment must

16  be made using an objective test of reasonableness.").

17         Defense counsel were well within their rights to conclude and argue that the Complaint's

18  rambling and confusing factual allegations – paired with its bare or inapposite legal conclusions

19  – are "unintelligible."  See, e.g., Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993)

20  (reversing Rule 11 sanctions arising from counsel's characterization of lawsuit).  This claim also

21  does not support Plaintiff's sanctions request.

22         **V.      PLAINTIFF SHOULD BE ORDERED TO PAY NBCU THE EXPENSES IT**

23                 **INCURRED IN RESPONDING TO THIS MOTION.**

24         To prevent Rule 11 from being abused through the filing of frivolous motions for

25  sanctions, Rule 11 expressly provides that "[i]f warranted, the court may award to the prevailing

26  party the reasonable expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ.

27  Pro. 11(c)(2).  Although the party who files a Rule 11 motion must comply with procedural

28  requirements (including the safe-harbor requirement that Plaintiff ignored here), "[a] party

DAVIS WRIGHT TREMAINE LLP

9

defending a Rule 11 motion <u>need not comply</u> with the separate document and safe harbor provisions when counter-requesting sanctions." <u>Patelco Credit Union v. Sahni</u>, 262 F.3d 897, 913 (9th Cir. 2001) (emphasis added).

Courts regularly exercise their discretion to award sanctions to parties that successfully oppose Rule 11 motions. <u>See</u>, <u>e.g.</u>, <u>id</u>. (affirming award of counter-sanctions to prevailing party who successfully opposed Rule 11 motion); <u>Adhikari v. Daoud & Partners</u>, 2017 WL 5904782, at *3 (S.D. Tex., 2017) (awarding fees to party that successfully opposed a Rule 11 motion for sanctions); <u>Claudet v. First Federal Credit Control, Inc</u>., 2015 WL 7984410, at *3 (M.D. Fla., 2015) (same); <u>Rich v. Taser Intern., Inc</u>., 2012 WL 3155137, at *3 (D. Nev., 2012) (same); <u>Boim v. Quranic Literacy Institute</u>, 2003 WL 1956132, at *4 (N.D. Ill. 2003) (same); <u>Harman v. City of University Park</u>, 1997 WL 53120, at *1 (N.D. Tex., 1997) (same).

Here, the Motion for Sanctions and Plaintiff's conduct warrant an award of fees and expenses to NBCU for four independent reasons.  <u>First</u>, it was manifestly improper for Plaintiff to file the Motion for Sanctions without complying with Rule 11's "safe harbor" procedure. Section III, <u>supra</u>.  <u>Second</u>, not a single one of Plaintiff's substantive arguments for sanctions has any basis in law or fact.  Section IV, <u>supra</u>.  <u>Third</u>, Plaintiff failed to withdraw his Motion after NBCU gave notice of these procedural and substantive deficiencies.  <u>Fourth</u>, Plaintiff engaged in contumacious conduct and improper gamesmanship by repeatedly promising to withdraw his Motion, and then reneging on the day before NBCU's deadline to file an opposition – in an apparent attempt to sandbag defense counsel in the hope of denying them a full opportunity to respond to this Motion at the last minute.  For these reasons, Plaintiff's conduct warrants awarding NBCU the expenses it was forced to incur to respond to Plaintiff's Motion for Sanctions.

## VI.    CONCLUSION.

For all of the foregoing reasons, NBCU respectfully requests that the Court deny Plaintiff's Motion for Sanctions as procedurally improper, sanction Plaintiff for filing a frivolous Motion and engaging in gamesmanship in connection with that Motion, order that NBCU is

10

DAVIS WRIGHT TREMAINE LLP

entitled to an award of expenses Rule 11(c)(2), and permit NBCU to file an affidavit setting forth the expenses, including attorneys' fees, it has incurred in responding to the Motion.

Respectfully submitted this 22nd day of January, 2018

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY


By: */s/ Rochelle L. Wilcox*
    Rochelle L. Wilcox

Attorneys for Defendants
    UNIVERSAL CITY STUDIOS LLC and
    NBCUNIVERSAL MEDIA, LLC

DAVIS WRIGHT TREMAINE LLP

OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4845-6758-4858v.8 0020040-000144