1  KELLI L. SAGER (State Bar No. 120162)
   kellisager@dwt.com
2  ROCHELLE L. WILCOX (State Bar No. 197790)
   rochellewilcox@dwt.com
3  BRENDAN N. CHARNEY (State Bar No. 293378)
   brendancharney@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, Suite 2400
5  Los Angeles, California 90017
   Telephone:   (213) 633-6800
6  Facsimile:   (213) 633-6899

7  Attorneys for Defendants
   UNIVERSAL CITY STUDIOS LLC and
8  NBCUNIVERSAL MEDIA, LLC

*DAVIS WRIGHT TREMAINE LLP*

## IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS, | Case No. 17-cv-06552-VC |
| Plaintiff, | [Hon. Vince Chhabria] |
| v. | **DECLARATION OF BRENDAN N. CHARNEY IN SUPPORT OF DEFENDANTS' UNIVERSAL CITY STUDIOS LLC'S AND NBCUNIVERSAL MEDIA, LLC'S (1) OPPOSITION TO MOTION FOR SANCTIONS AND (2) REQUEST FOR AWARD OF EXPENSES UNDER F.R.C.P. 11(c)(2)** |
| UNIVERSAL CITY STUDIOS LLC; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NEILL BLOMKAMP; MORDECAI (MODI) WICZYK; ASIF SATCHU; BILL BLOCK; DANA BRUNETTI; MRC II DISTRIBUTION COMPANY LP (AKA MRC, Media Rights Capital, and all other MRC entities and subsidiaries) | |
| Defendants. | Date:   February 22, 2018<br>Time:   10:00 a.m.<br>Crtrm:   4 |

**DAVIS WRIGHT TREMAINE LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF BRENDAN N. CHARNEY

I, BRENDAN N. CHARNEY, declare:

1.     I am an associate with the law firm Davis Wright Tremaine, LLP, and one of the attorneys representing Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") in this matter.  I submit this declaration in support of NBCU's Opposition to Plaintiff Steven Briggs' Motion for Sanctions.  The matters stated in this declaration are true based on my personal knowledge and, if called, I could and would testify competently thereto.

2.     On January 6, 2018, Plaintiff filed a Rule 11 Motions for Sanctions and served it on NBCU via the Northern District of California's Electronic Case Filing system.  A true and correct copy of the Notice of Electronic Filing of Plaintiff's Motion for Sanctions is attached hereto as **Exhibit A**.

3.     I have been one of the attorneys of record for NBCU since the beginning of this matter, and, on that basis, am familiar with all of the documents served on NBCU in this matter.  As far as I am aware, based upon my personal knowledge and a review of the papers served on NBCU in this matter, Plaintiff did not serve his Motions for Sanctions on NBCU prior to filing it on January 6, 2018.

4.     On Wednesday, January 17, 2018, I caused to be sent a letter to Plaintiff that notified Plaintiff of various deficiencies with the Motion for Sanctions and demanded that Plaintiff withdraw the Motion for Sanctions.  Attached hereto as **Exhibit B** is a true and correct copy of the January 17, 2018 letter to Plaintiff.

5.     On January 18, 2018, my legal assistant, Lina Pearmain, received an e-mail from Plaintiff in response to the January 17, 2018 letter, which informed counsel for NBCU of Plaintiff's "inten[t] to withdraw the motion for sanctions today or tomorrow."  Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's January 18, 2018 e-mail.

6.     On January 19, 2018, my legal assistant, Lina Pearmain, received an e-mail from Plaintiff to "assure" counsel for NBCU that Plaintiff would "withdraw the motion for sanctions

DECLARATION OF BRENDAN CHARNEY IN OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4822-8989-7818v.2 0020040-000144

by tomorrow (Saturday)." Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's January 19, 2018 e-mail.

7.     In reliance on Plaintiff's promises to withdraw the Motion for Sanctions in his January 18 and January 19 e-mails, I deferred drafting an opposition to Plaintiff's Motions for Sanctions. When Plaintiff failed to file a notice of withdrawal by midnight on Saturday, January 20, as he had promised to do, I resumed drafting NBCU's Opposition to the Motion for Sanctions on Sunday, January 21.

8.     On Sunday, January 21, 2018, Plaintiff sent an email to my legal assistant, Lina Pearmain, stating that he "cannot agree to withdraw my motion for sanctions at this time." Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's January 22, 2018 e-mail. Ms. Pearmain, like the rest of our legal staff, does not customarily work on weekends. Accordingly, counsel for NBCU did not receive Plaintiff's January 21, 2018 message until Monday, January 22, 2018 – the deadline for NBCU to file an opposition.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on the 22nd day of January, 2018, in Los Angeles, California.

*/s/Brendan N. Charney*
              Brendan N. Charney

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF BRENDAN CHARNEY IN OPPOSITION TO MOTION FOR SANCTIONS
Case No. 17-cv-06552-VC
4822-8989-7818v.2 0020040-000144

# EXHIBIT A

Pearmain, Lina

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Saturday, January 06, 2018 3:21 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:17-cv-06552-VC Briggs v. Universal Pictures et al Motion for Sanctions |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 1/6/2018 at 3:20 PM PST and filed on 1/6/2018
**Case Name:**      Briggs v. Universal Pictures et al
**Case Number:**   3:17-cv-06552-VC
**Filer:**               Steve Kenyatta Wilson Briggs
**Document Number:** 24

**Docket Text:**
**MOTION for Sanctions *Against Defense Counsel* filed by Steve Kenyatta Wilson Briggs. Motion Hearing set for 2/15/2018 10:00 AM in Courtroom 4, 17th Floor, San Francisco before Judge Vince Chhabria. Responses due by 1/22/2018. Replies due by 1/29/2018. (Wilson Briggs, Steve) (Filed on 1/6/2018)**

**3:17-cv-06552-VC Notice has been electronically mailed to:**

Gregory Philip Korn      gkorn@kwikalaw.com, bdipalma@kwikalaw.com

Michael Joseph Kump      mkump@kwikalaw.com, msanks@kwikalaw.com

Rochelle L. Wilcox      rochellewilcox@dwt.com, brendancharney@dwt.com, ellenduncan@dwt.com, linapearmain@dwt.com

Steve Kenyatta Wilson Briggs      snc.steve@gmail.com

**3:17-cv-06552-VC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

1

**Document description:**Main Document
**Original filename:**C:\fakepath\motion for sanctions against defense counsel.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=1/6/2018] [FileNumber=14402419-0]
[73e06659d79dd8922538f7b15a7a64e77b64029412670f7427e724997be9f123c9820
e7bc4c71f64ee784dacaf3ab33f5c24c9bd405bd4e7ed4903b249a04f74]]

# EXHIBIT B

## Charney, Brendan

| | |
|---|---|
| **From:** | Pearmain, Lina |
| **Sent:** | Wednesday, January 17, 2018 4:57 PM |
| **To:** | snc.steve@gmail.com |
| **Cc:** | Wilcox, Rochelle; Charney, Brendan |
| **Subject:** | Briggs v. Universal City Studios, et al., N.D. Cal. No. 17-cv-06552-VC |
| **Attachments:** | 2018-01-17 Letter to Briggs re Rule 11 Motion.pdf |

Dear Mr. Briggs:

Please see the attached letter on behalf of Rochelle Wilcox.

Lina Pearmain
Assistant to Brendan Charney

**Lina Pearmain** | Davis Wright Tremaine LLP
Legal Secretary
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8640 | Fax: (213) 633-6899
Email: linapearmain@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.



DAVIS WRIGHT TREMAINE
"Innovative Law
Firm of the Year"


Davis Wright
Tremaine LLP

Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Rochelle L. Wilcox**
213.633.6883 tel
213.633.6899 fax

rochellewilcox@dwt.com

January 17, 2018

<u>**VIA E-MAIL AND REGISTERED U.S. MAIL**</u>

Steve Wilson Briggs
681 Edna Way
San Mateo, CA  94402
snc.steve@gmail.com

   Re: <u>Briggs v. Universal City Studios LLC et. al.</u>, **N.D. Cal. No. 17-cv-06552-VC**

Dear Mr. Briggs:

  As you know, Davis Wright Tremaine represents Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") in the above-captioned matter.

  I write to notify you of serious procedural and substantive deficiencies with the Motion for Sanctions you filed on January 6, 2018 (ECF No. 24) (the "Motion"), and, on that basis, to demand that you immediately withdraw the Motion.

  Initially, the Motion is procedurally improper, as you failed to provide NBCU with notice and an opportunity to cure, as required by Federal Rule of Civil Procedure 11's "safe harbor" provision.  In particular, Rule 11 requires that, at least <u>21 days</u> before <u>filing</u> a motion seeking sanctions, a party must <u>serve</u> that motion on the party against whom sanctions are sought and give that party an opportunity to withdraw or correct the "challenged paper, claim, defense, contention, or denial."  Fed. R. Civ. Pro. 11(c)(2).  The Motion "<u>must not</u> be filed or … presented to the court" until at least 21 days after service – and even after 21 days has elapsed, the motion may be filed only if the party against whom sanctions are sought declines to withdraw or correct the challenged conduct.  <u>Id.</u> (emphasis added).  This procedural "safe harbor" requirement is "strict" and "mandatory."  <u>Radcliffe v. Rainbow Const. Co.</u>, 254 F.3d 772, 789 (9th Cir. 2001) (reversing sanctions award because moving party "did not follow the mandatory service procedure").

  Here, the Motion was filed on January 6, 2018 – nine days after NBCU's December 28, 2017, filing of the Joinder that the Motion attacks – and served via the Court's electronic filing

4848-3516-3994v.6 0020040-000144

Anchorage  New York  Seattle
Bellevue   Portland  Shanghai
Los Angeles  San Francisco Washington, D.C.
100%

www.dwt.com

Steve Wilson Briggs
January 17, 2018
Page 2

system that same day.  Thus, there can be no question that you failed to comply with Rule 11's 21-day "safe harbor" provision.  For this reason alone, the Motion must be withdrawn.

In addition, the Motion is frivolous, i.e., it patently lacks any basis in fact or law.  The Motion alleges that sanctions are warranted because NBCU joined a Motion to Dismiss filed by other defendants in this matter, but NBCU's joinder to the Motion to Dismiss cannot support sanctions because the defenses it raised were valid and properly presented.[1]  While this letter does not purport to state all of NBCU's defenses to the Motion (all of which are expressly reserved), this letter summarizes a few of the substantive defects in the Motion to illustrate why it is frivolous and should be withdrawn.

First, you claim that the jurisdictional defenses in the Motion to Dismiss justify sanctions because you had an opportunity to amend the jurisdictional allegations in the Complaint as a matter of right.  Motion at 5.  A good-faith challenge to subject-matter jurisdiction, however, will not support sanctions under Rule 11, even if an amended pleading would more quickly resolve a concern about jurisdiction.  See, e.g., Toumajian v. Frailey, 135 F.3d 648, 658 (9th Cir. 1998) (reversing sanctions against plaintiff for challenging jurisdiction through motion before filing amended complaint ordered by the court) (abrogated on other grounds).  Indeed, in your Opposition to the Motion to Dismiss, you concede that defendants' jurisdictional arguments were valid, and that they alerted you to jurisdictional defects in the Complaint.  See Opposition to Motion to Dismiss at 1 ("Mea Culpa").  It makes no sense to claim that defense counsel failed to conduct a "reasonable inquiry" in correctly pointing out the jurisdictional defects that you concede.  See id.; Motion at 5-6.  Simply put, it is not sanctionable to join a motion to dismiss that correctly points out the court's lack of subject-matter jurisdiction.

Second, the Motion also claims that the Motion to Dismiss was "intended to harass" you by referring to your status as "In Pro Per" in italics.  Motion at 7.  This was not, as you claim, an attempt to "corruptly draw the Court's attention to the Plaintiff's Pro Se status, spurred by the cynical belief that US courts possess an inherent bias against Pro Se plaintiffs." Id.  Rather, the term appears in emphasized text simply because it is in a foreign language, as required by formatting rules widely used in the U.S. legal system.  See THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION, Rule 7(b) at 83 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015) ("Italicize

---

[1] The Motion to Dismiss the initial Complaint was rendered moot by your filing of a First Amended Complaint on January 2, 2018 (ECF No. 21).  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[T]he Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.").

Steve Wilson Briggs
January 17, 2018
Page 3

non-English words and phrases unless they have been incorporated into common English usage."). Your unreasonable perception of a slight from a common – and obligatory – practice in legal formatting cannot support sanctions.

Third, the Motion claims that defense counsel made "factual contentions that cannot be supported by evidence" in arguing that your 287-plus-paragraph Complaint was "unintelligible." Whether a complaint is unintelligible, however, depends on the Court's evaluation of the text of the pleading – and specifically, whether it is "verbose, confusing [or] conclusory." Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); see also Domondon v. First Franklin, 2016 WL 7479399, at *5 (C.D. Cal. 2016). It does not depend, as you appear to argue through your declaration and the declaration of Dr. Morgan Marchbanks, on "evidence" of the plaintiff's (or others') subjective belief that it can be understood. See Matter of Pozsga, 158 F.R.D. 435, 437 (D. Az. 1994) ("Counsel's subjective belief in the propriety of the pleading is irrelevant in determining if Rule 11 has been violated since that assessment must be made using an objective test of reasonableness."). Defense counsel were well within their rights to conclude and argue that the Complaint's bewildering and rambling factual allegations – paired with its bare or inapposite legal conclusions – are "unintelligible." See, e.g., Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993) (reversing Rule 11 sanctions arising from counsel's characterization of lawsuit). The claim that defense counsel argued that the Complaint was unintelligible without "evidence" for this conclusion cannot support sanctions.

Because of these fatal procedural and substantive deficiencies, it is clear that your Motion is frivolous and intended to harass NBCU for defending its rights in this litigation.

Be advised that if NBCU is forced to incur further attorneys' fees to brief the Motion's many deficiencies to the Court, we will ask the Court to order you to pay those fees. In particular, and without limitation, we reserve the right to invoke the fee-shifting provision of Rule 11, which provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. Pro. 11(c)(2); see also, e.g., Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001) (affirming award of counter-sanctions to prevailing party who successfully opposed Rule 11 motion, noting that "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions"); Adhikari v. Daoud & Partners, 2017 WL 5904782, at *3 (S.D. Tex., 2017) (awarding fees to party that successfully opposed a Rule 11 motion for sanctions); Claudet v. First Federal Credit Control, Inc., 2015 WL 7984410, at *3 (M.D. Fla., 2015) (same); Rich v. Taser Intern., Inc., 2012 WL 3155137, at *3 (D. Nev., 2012) (same); Boim v. Quranic Literacy Institute, 2003 WL 1956132, at *4 (N.D. Ill. 2003) (same); Harman v. City of University Park, 1997 WL 53120, at *1 (N.D. Tex., 1997) (same).

Steve Wilson Briggs
January 17, 2018
Page 4

For all of these reasons, NBCU demands that you immediately withdraw your Motion.

Sincerely,

Rochelle L. Wilcox
DAVIS WRIGHT TREMAINE LLP

# EXHIBIT C

**Pearmain, Lina**

| | |
|---|---|
| **From:** | Steve Wilson Briggs <snc.steve@gmail.com> |
| **Sent:** | Thursday, January 18, 2018 12:57 PM |
| **To:** | Pearmain, Lina |
| **Subject:** | Re: Briggs v. Universal City Studios, et al., N.D. Cal. No. 17-cv-06552-VC |

Ms Pearmain,

Thank you for forwarding the information. I'd appreciate it if you would tell the relevant attorneys that I intend to withdraw the motion for sanctions today or tomorrow.
Thanks so much.

Steve Wilson Briggs

On Wed, Jan 17, 2018 at 4:57 PM, Pearmain, Lina <LinaPearmain@dwt.com> wrote:

Dear Mr. Briggs:


Please see the attached letter on behalf of Rochelle Wilcox.



Lina Pearmain

Assistant to Brendan Charney



**Lina Pearmain** | Davis Wright Tremaine LLP
Legal Secretary
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8640 | Fax: (213) 633-6899
Email: linapearmain@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.



DAVIS WRIGHT TREMAINE
"Innovative Law
Firm of the Year"

1

# EXHIBIT D

**Pearmain, Lina**

| | |
|---|---|
| **From:** | Steve Wilson Briggs <snc.steve@gmail.com> |
| **Sent:** | Friday, January 19, 2018 11:10 AM |
| **To:** | Pearmain, Lina |
| **Subject:** | Re: Briggs v. Universal City Studios, et al., N.D. Cal. No. 17-cv-06552-VC |

Lin,

If it's not too much trouble, please assure the same attorneys that I'll withdraw the motion for sanctions by tomorrow (Saturday). I originally committed to get it done by today, but my work schedule is looking tighter than I expected.
Thanks a ton.

Steve

# EXHIBIT E

**Pearmain, Lina**

| | |
|---|---|
| **From:** | Steve Wilson Briggs <snc.steve@gmail.com> |
| **Sent:** | Sunday, January 21, 2018 11:47 AM |
| **To:** | Pearmain, Lina |
| **Subject:** | Re: Briggs v. Universal City Studios, et al., N.D. Cal. No. 17-cv-06552-VC |

Lin,

I'm sorry, I was mistaken about circumstances last Thursday and Friday when I emailed you about withdrawing my motion. But, as you may be aware, on Tuesday, Jan 16th, the attorneys you represent, and their partners representing the remaining defendants, filed two separate motions to dismiss my action.
Somehow when I glanced over the documents last Tuesday I thought one of the motions was just a statement in support of the other motion. I didn't realize my mistake until I had time to thoroughly review the documents on Saturday (yesterday). In light of circumstances, as they are, faced with redundant motions to dismiss, I cannot agree to withdraw my motion for sanctions at this time. After I address the motions to dismiss I'll consider what further action to take regarding sanctions.
I'd appreciate it if you would forward this information to the attorneys.

Thank You.


Steve Wilson Briggs