1  KELLI L. SAGER (State Bar No. 120162)
      kellisager@dwt.com
2  ROCHELLE L. WILCOX (State Bar No. 197790)
      rochellewilcox@dwt.com
3  BRENDAN N. CHARNEY (State Bar No. 293378)
      brendancharney@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, Suite 2400
5  Los Angeles, California 90017
   Telephone:     (213) 633-6800
6  Facsimile:     (213) 633-6899

7  Attorneys for Defendants
   UNIVERSAL CITY STUDIOS LLC and
8  NBCUNIVERSAL MEDIA, LLC

9

10                  IN THE UNITED STATES DISTRICT COURT

11                  THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  STEVE WILSON BRIGGS,                   Case No. 17-cv-06552-VC

15              Plaintiff,                 [Hon. Vince Chhabria]

16        v.                              **NOTICE OF MOTION AND MOTION
                                          TO CONTINUE CASE MANAGEMENT
17  UNIVERSAL CITY STUDIOS LLC;           CONFERENCE AND EXTEND CASE
    NBCUNIVERSAL MEDIA, LLC;              MANAGEMENT SCHEDULE (L.R. 16-
18  SONY PICTURES ENT INC.; KEVIN         2(d)); MEMORANDUM OF POINTS AND
    SPACEY; ARI (ARIEL) EMANUEL; MATT     AUTHORITIES**
19  DAMON; BEN AFFLECK; NEILL
    BLOMKAMP; MORDECAI (MODI) WICZYK;     (Proposed Order, Declaration Of Brendan N.
20  ASIF SATCHU; BILL BLOCK; DANA         Charney With Exhibit A Filed Concurrently)
    BRUNETTI; MRC II DISTRIBUTION
21  COMPANY LP (AKA MRC, Media Rights
    Capital, and all other MRC entities and   Date:      March 15, 2018
22  subsidiaries)                             Time:      10:00 a.m.
                                              Crtrm:     4
23
                Defendants.
24

25

26

27

28

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

DAVIS WRIGHT TREMAINE LLP

1    PLEASE TAKE NOTICE that on March 15, 2018, at 10:00 a.m., or as soon thereafter as

2  counsel may be heard, in Courtroom 4 of the above-entitled court, located at the Phillip Burton

3  Federal Building & United States Courthouse, 450 Golden Gate Ave., San Francisco, California,

4  94102, the Honorable Vince Chhabria presiding, Defendants Universal City Studios LLC and

5  NBCUniversal Media, LLC (collectively, "NBCU") will and hereby do move this Court to grant

6  NBCU relief from case management obligations under N.D. Cal. Local Rule 16-2(d), and, in

7  particular, to continue the Case Management Conference currently set for February 13, 2018

8  until **June 12, 2018** – or, in the alternative, to at least 30 days after the hearing on NBCU's

9  pending dispositive Motion to Dismiss the FAC (ECF No. 26) – and to extend the case

10  management schedule accordingly.  This Motion is brought on the following grounds:

      a.  It is impossible for the parties to have a productive case management discussion

12        because, as set forth in NBCU's pending Motion to Dismiss the First Amended

13        Complaint ("FAC"), the FAC is unintelligible; therefore it is not possible to create a

14        discovery plan, arrange for initial disclosures, or discuss other aspects of discovery or

15        the preservation of evidence because the FAC does not identify any wrongdoing by

16        NBCU that could inform the scope of discovery in this case; for similar reasons, the

17        unintelligibility of the FAC makes it impossible to discuss alternative dispute

18        resolution or to plan the schedule of the case; and

19        b.  Judicial economy and the efficient and proportional use of the parties' resources will

20        be served by deferring case management procedures until after the Court has had an

21        opportunity to rule on the pending dispositive Motions to Dismiss filed by NBCU and

22        the other defendants in this action and, if warranted, any motion to dismiss the second

23        amended complaint if Plaintiff is given another opportunity to attempt to state a claim

24        against Defendants.

25  / / /

26  / / /

27  / / /

28  / / /

i

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

1    This Motion is based on the attached Memorandum of Points and Authorities and

2  Declaration of Brendan N. Charney With Exhibit A; the pleadings, files and records in this

3  action; and upon such other arguments as may be received by this Court at the hearing on this

4  Motion.

5    Respectfully submitted this 30th day of January, 2018

6                                          DAVIS WRIGHT TREMAINE LLP
                                           KELLI L. SAGER
7                                          ROCHELLE L. WILCOX
                                           BRENDAN N. CHARNEY
8

9
                                           By: */s/ Rochelle L. Wilcox*
10                                             Rochelle L. Wilcox

11                                         Attorneys for Defendants
                                           UNIVERSAL CITY STUDIOS LLC and
12                                         NBCUNIVERSAL MEDIA, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF ARGUMENT ................................................................................ 1

II.     SUMMARY OF PERTINENT FACTS AND PROCEDURAL HISTORY ........................ 2

III.    GOOD CAUSE EXISTS TO EXTEND THE CASE MANAGEMENT
        SCHEDULE. ..................................................................................................... 4

        A.      The Unintelligible FAC Does Not Permit A Meaningful Case
                Management Conference............................................................................ 4

        B.      Continuing The CMC Will Serve Judicial Economy And Keep Discovery-
                Related Procedures Proportional To The Needs of the Case. .................... 5

IV.     PROPOSED REVISED CASE MANAGEMENT SCHEDULE......................................... 7

V.      CONCLUSION .................................................................................................. 8

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

1

2

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**SUMMARY OF ARGUMENT**

4       Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively,

5   "NBCU") bring this Motion to extend the Case Management Conference, as well as the

6   corresponding discovery and other obligations, because Plaintiff's Complaint is unintelligible

7   and also fails to state a claim against Defendants, rendering a productive case management

8   conference impossible and unnecessary.

9       Plaintiff's rambling and baseless pleadings give NBCU no notice of the wrongs it

10  allegedly committed.  NBCU cannot identify the legal or factual basis for Plaintiff's claims, and

11  as a result, it cannot begin to evaluate the potential scope of discovery, options for alternative

12  dispute resolution, or the appropriate schedule for this case.  Plaintiff nonetheless demands that

13  NBCU and the other defendants engage in fruitless case management discussions about claims

14  that cannot be understood – and that they do so before the Court has had an opportunity to rule

15  on dispositive Motions to Dismiss filed by both sets of defendants in this action.

16      Because these Motions seek to dismiss this action with prejudice on the grounds that

17  Plaintiff's First Amended Complaint is unintelligible, and that it is legally barred on multiple

18  grounds, continuing the CMC until after these Motions are heard will serve judicial economy and

19  protect the Defendants from being required to incur fees and costs on discovery and case

20  management requirements that ultimately should be unnecessary.

21      NBCU proposed to Plaintiff that the parties stipulate to move the CMC until after the

22  Motions to Dismiss are heard, as contemplated by this Court's Civil Standing Order.  Plaintiff,

23  however, refused to cooperate in this request, forcing NBCU to bring this Motion.

24      Therefore, good cause exists to continue the Case Management Conference until June 12,

25  2018, or, in the alternative, at least 30 days after the February 22, 2018 hearing on Defendants'

26  Motions to Dismiss the First Amended Complaint.

27

28

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

DAVIS WRIGHT TREMAINE LLP

1

2

## II.
## SUMMARY OF PERTINENT FACTS AND PROCEDURAL HISTORY

3        As set forth in greater detail in NBCU's pending Motion to Dismiss Plaintiff's First

4   Amended Complaint (ECF No. 26) ("FAC") and NBCU's Opposition to Plaintiff's Motion for

5   Sanctions (ECF No. 32), this lawsuit appears to allege that competing film studios and prominent

6   individuals in the film industry engaged in some undefined "conspiracy" that purportedly relates

7   in some way to Plaintiff's previous lawsuit against some of the same defendants sued in this

8   action (Briggs v. Blomkamp, N.D. Cal. No 13-cv-04679).[1]

9        Defendants in this action have twice moved to dismiss this case on the grounds that the

10  initial Complaint and the FAC are both unintelligible.  Specifically, on December 28, 2017,

11  NBCU joined a Motion to Dismiss filed by the other defendants in this action, seeking dismissal

12  of the Complaint with prejudice for, among other grounds, failure to provide a short and plain

13  statement of the claim under Rule 8(a), and failure to state a claim under Rule 12(b)(6).  ECF

14  Nos. 15, 17.  After Plaintiff amended the Complaint (ECF No. 21) a few days after the filing of

15  the Motion to Dismiss, NBCU filed a new Motion to Dismiss the First Amended Complaint

16  ("FAC") with prejudice, arguing, among other grounds, that the FAC remains unintelligible and

17  therefore fails again under Rules 8(a) and 12(b)(6).  ECF No. 26 at 3-4.  The other defendants in

18  the action also moved to dismiss the FAC as unintelligible (among other grounds).  ECF No. 27.

19       Plaintiff also moved to sanction counsel for NBCU and the other defendants for filing the

20  Motion to Dismiss the Initial Complaint (ECF No. 24), which NBCU and the other defendants

21  each opposed on the grounds that Plaintiff's Motion is procedurally improper and frivolous (ECF

22  Nos. 31, 32).

23       On January 19, 2018, the Court reset the hearing dates for the Motions to Dismiss and the

24  Motion for Sanctions to February 22, 2018, so that all pending motions can be heard on the same

25  date and time.  ECF No. 30.

26

27  _____

[1] Plaintiff's previous lawsuit was rejected by the district court (Briggs v. Blomkamp, 70 F. Supp.
28  3d 1155 (N.D. Cal. 2014)), and Plaintiff's appeal to the Ninth Circuit is currently pending
(Briggs v. Sony Pictures Ent., 9th Cir. No. 14-17175 (filed Oct. 8, 2013)).

2

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

1    A Case Management Conference ("CMC") is currently set for February 13, 2018.  ECF

2  No. 9.  NBCU was never served with notice of this CMC; instead, Plaintiff served NBCU with

3  notice of a CMC set for February 15 by the previously assigned magistrate judge.[2]  On January

4  23, 2018, Plaintiff sent a message to Greg Korn, counsel for other defendants in this action,

5  proposing that the parties meet and confer in advance of the vacated February 15 CMC.

6  Charney Decl. Ex. A.  NBCU's counsel proposed that the parties stipulate to move the CMC to

7  12 days after the hearing on the defendants' dispositive Motions to Dismiss, in accordance with

8  this Court's Civil Standing Order, ¶ 12.  Id.  Plaintiff rejected this proposal without providing a

9  reason.  Id.

10    Counsel for NBCU then informed Plaintiff and Mr. Korn that it intended to file the

11  instant motion to continue the CMC.  Id.  In doing so, NBCU's counsel provided a summary of

12  the grounds on which this Motion is made, including that 1) fruitful case management

13  discussions are impossible in light of the unintelligibility of the FAC and, 2) judicial economy

14  will be served by deferring case management procedures until after resolution of the Defendants'

15  Motions to Dismiss the FAC.  Id.  In the same e-mail, Plaintiff was invited to meet and confer

16  concerning the instant Motion, and to identify any grounds for objection to the instant Motion.

17  Id.  Plaintiff has not responded to NBCU's email attempting to meet-and-confer regarding this

18  Motion.  Id.  NBCU has been informed by counsel for other defendants in this matter that they

19  plan to join this Motion.  Charney Decl. ¶ 3.

20

21

22

23

24

25  [2] This case was initially assigned to Magistrate Judge Beeler, who set a Case Management
    Conference for February 15, 2018.  ECF No. 2.  On November 28, 2017, the case was reassigned
26  to this Court, the Honorable Judge Chhabria presiding, and the Case Management Conference
    was rescheduled for February 13, 2018.  ECF No. 9.  NBCU was not served with the Summons
27  and Complaint until December 7, 2017.  Declaration of Brendan N. Charney ("Charney Decl."),
    ¶ 4.  In serving NBCU, Plaintiff did not include the Notice from this Court rescheduling the
28  CMC for February 13, 2018.  Id.

3

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

*(left margin)* DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1

2

**III.**
**GOOD CAUSE EXISTS TO EXTEND THE CASE MANAGEMENT SCHEDULE.**

3   **A.     The Unintelligible FAC Does Not Permit A Meaningful Case Management**

4            **Conference.**

5            Northern District of California Local Rule 16-2(d) provides that "a party, including a

6   party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or

7   26 or the Order Setting Initial Case Management Conference."  In accordance with this Court's

8   Civil Standing Order, such a motion must be filed no later than 72 hours before the case

9   management conference.  Civil Standing Order at ¶ 13.

10           The obligations imposed in connection with Case Management Procedures in this District

11  are substantial, and depend on the parties' basic understanding of the legal and factual nature of

12  the claims.  For instance, in advance of a case management conference, the parties must meet

13  and confer and then file a joint case management statement that addresses 21 separate items

14  including the "principal factual issues in dispute"; the scope of discovery and initial disclosures;

15  preservation of "evidence relevant to the issues reasonably evident in this action"; identification

16  of discovery and motions that may position the parties to negotiate a resolution; and the schedule

17  for the case, including dates of anticipated dispositive motions and discovery cutoff, and the

18  length of trial.  Standing Order For All Judges Of The Northern District Of California, Contents

19  Of Joint Case Management Statement (Jan. 17, 2017), available at

20  http://www.cand.uscourts.gov/filelibrary/373/Standing_Order_All_Judges_1.17.2017.pdf.

21           As NBCU argues in its Motion to Dismiss the FAC, however, Plaintiff's pleadings are

22  woefully unintelligible, rendering a meaningful discussion about any of these topics impossible.

23           First, it is not clear what factual issues are in dispute, because Plaintiff's theory of

24  liability against NBCU is incoherent, and the purported causes of action are founded on a stream-

25  of-consciousness narrative of innuendo and non-sequitur.  As best as NBCU can glean from the

26  FAC, Plaintiff seems to suggest that NBCU is subject to liability because it worked with

27  prominent talent agent Ari Emanuel – but the FAC completely fails to state any facts showing

28  what NBCU did wrong, or how its conduct harmed Plaintiff.  See, e.g., FAC at ¶¶ 1, 24 ("Def

4

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

1  Emanuel cultivated unethical relationships with Universal Pictures"), 26, 28 ("Def Emanuel

2  traveled to New Jersey to congratulate President-elect Trump.  Emanuel is also President

3  Trump's former talent agent.  Predictably, The Apprentice (starring Trump) was broadcast on

4  NBCUniversal"), 32 ("likely on the order of Def Ari Emanuel, Def Wiczyk was hired by

5  Universal Pictures as Vice President of Productions"), 40, 43, 44, 47, 55, 57, 59, 61, 63, 64, 80-

6  83, 91, 92, 100-102, 115, 122, 125, 133 ("Universal Pictures, who would produce any film Def

7  Emanuel suggested"), 135, 140, 141, 227, 230.

8         NBCU cannot engage in a meaningful conference about the scope of discovery under

9  Federal Rule of Civil Procedure 26(b)(1), because it is impossible to conceive what evidence

10  might be relevant to the bizarre and disjointed conspiracy theory set forth in the FAC.  See id.

11  For similar reasons, the parties cannot identify what evidence to preserve.  Nor is NBCU able to

12  identify any witnesses or documents connected to Plaintiff's illusory claims for purposes of

13  initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

14         Second, because it is impossible to tie the FAC's unintelligible factual claims to legal

15  issues, it is not possible to meaningfully discuss settlement or alternative dispute resolution,

16  anticipate additional dispositive or procedural motions, nor to estimate the length of trial.  For

17  this reason alone, the CMC should be continued until the Court has had a chance to rule on

18  NBCU's pending Motion to Dismiss.  In the unlikely event that Plaintiff is able to demonstrate

19  the ability to amend his Complaint to state a viable claim against NBCU, the CMC should be

20  rescheduled for no earlier than June 12, 2018.  This would give Plaintiff an opportunity to

21  attempt to cure the FAC's failure to state a claim against NBCU, and give NBCU adequate time

22  to move to dismiss that amended pleading if warranted and for that motion to be heard.

23  **B.**      **Continuing The CMC Will Serve Judicial Economy And Keep Discovery-Related**

24         **Procedures Proportional To The Needs of the Case.**

25         It is simply unnecessary to engage in detailed case management procedures when the

26  case may be resolved by a pending dispositive motion.  Indeed, this Court's own Civil Standing

27  Order recognizes the propriety of parties cooperatively stipulating to defer case management

28  until a dispositive motion is heard.  Civil Standing Order, ¶ 12.  Plaintiff, however, refused this

DAVIS WRIGHT TREMAINE LLP

5

1   common measure, adding to a streak of vexing conduct that already has multiplied costs well

2   beyond the needs of this case.

3         Indeed, to prevent discovery and related procedures from imposing greater burdens than

4   the needs of the case justify, the Federal Rules of Civil Procedure were recently amended to limit

5   discovery to a manner "proportional to the needs of the case."  Fed. R. Civ. Pro. 12(b)(1), (2).

6   As one district court recently observed, "proportionality can best be achieved through an iterative

7   approach as the pretrial process evolves and the parties' claims and defenses come into sharper

8   focus."  Witt v. GC Services Limited Partnership, 307 F.R.D. 554, 561 (D. Colo., 2014).  Here,

9   continuing the CMC until after a dispositive hearing will permit the parties to either resolve the

10  case prior to launching into a discovery plan on vaporous claims, or give Plaintiff an opportunity

11  to amend his complaint to state a viable, understandable claim against NBCU, if he can state

12  such a claim.

13        NBCU already has incurred expenses that are disproportionate, given the fact that

14  Plaintiff's claim against NBCU are baseless and illogical.  This Court had not even had a chance

15  to consider the Motion to Dismiss the initial Complaint when Plaintiff, in an attempt to confer

16  federal jurisdiction, amended to add copyright claims that attempt to revive Plaintiff's failed

17  Copyright lawsuit.  See ECF No. 27 at 2-3, 7-11; ECF No. 26 at 4-7.  Plaintiff then brought a

18  frivolous motion that seeks to sanction defense counsel for raising jurisdictional defects in the

19  Complaint, although Plaintiff himself concedes that he failed to properly allege subject matter

20  jurisdiction in his original Complaint.  ECF No. 32.  At minimum, the Court should have an

21  opportunity to address the pending Motions to Dismiss the FAC before the parties are forced to

22  embark on an expensive and quixotic quest to fit the perplexing allegations of the FAC into a

23  case management plan.

24        In short, continuing a CMC pending a dispositive motion is generally appropriate to

25  preserve judicial economy; here it is crucial to keep the costs of this case from further ballooning

26  out of proportion to its needs.

27

28

DAVIS WRIGHT TREMAINE LLP

6

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

DAVIS WRIGHT TREMAINE LLP

# IV.
## PROPOSED REVISED CASE MANAGEMENT SCHEDULE.

NBCU respectfully proposes the following revised case management schedule (including relevant non-case-management events for reference):

| Date | Event | Governing Rule |
| --- | --- | --- |
| Feb. 22, 2018 | Date of Hearing on Defendants' Motions to Dismiss and Plaintiff's Motion for Sanctions. | N/A |
| Mar. 8, 2018 | Proposed last day for Plaintiff to file second amended complaint (*if* Motion to Dismiss granted with leave to amend). | Fed. R. Civ. P. 15(a)(2) |
| Mar. 22, 2018 | Proposed last day for Defendants to respond to second amended complaint (if applicable). | Fed. R. Civ. P. 15(a)(3) |
| May 3, 2018 | Proposed hearing date for motion to dismiss second amended complaint (if applicable). | Fed. R. Civ. P. 15(a)(3) |
| May 22, 2018 | Proposed last day to:<br>• Meet and confer concerning initial disclosures, discovery plan, case scheduling, and other case management issues;<br>• File ADR Certification; and,<br>• File Stipulation to ADR Process or Notice of Need for ADR Phone Conference. | Fed. R. Civ. P. 26(f); ADR L.R. 3-5; Civil L.R . 16-8(b) |
| June 5, 2018 | Proposed last day to:<br>• File Rule 26(f) Report and Case Management Statement; and,<br>• Make initial disclosures. | Fed. R. Civ. P. 26(a)(1); Civil L.R . 16-9 |
| June 12, 2018 | Proposed date of Initial Case Management Conference. | Civil L.R . 16-10 |

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144

DAVIS WRIGHT TREMAINE LLP

1

# V.
# CONCLUSION

2

3       It would be fruitless to force the parties to spend time meeting and conferring to craft a

4   detailed case management statement when the essential facts and legal theories underlying the

5   operative pleading are unintelligible.  Moreover, given that both sets of defendants have filed

6   dispositive Motions to Dismiss, continuing the CMC will serve judicial economy and prevent the

7   expense of this action from further exceeding what is proportional to the needs of the case.  For

8   these reasons, NBCU respectfully requests that the Court grant relief from case management

9   obligations by continuing the CMC and related deadlines as proposed above.

10

11   DATED: January 30, 2018            DAVIS WRIGHT TREMAINE LLP
                                        KELLI L. SAGER
12                                      ROCHELLE L. WILCOX
                                        BRENDAN N. CHARNEY
13

14
                                        By: */s/ Rochelle L. Wilcox*
15                                          Rochelle L. Wilcox

16                                      Attorneys for Defendants
                                        UNIVERSAL CITY STUDIOS LLC and
17                                      NBCUNIVERSAL MEDIA, LLC

18

19

20

21

22

23

24

25

26

27

28

8

MOTION TO DISMISS
Case No. 17-cv-06552-VC
4824-7734-9979v.7 0020040-000144