KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
  brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:   (213) 633-6800
Facsimile:   (213) 633-6899

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSAL CITY STUDIOS LLC; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NEILL BLOMKAMP; MORDECAI (MODI) WICZYK; ASIF SATCHU; BILL BLOCK; DANA BRUNETTI; MRC II DISTRIBUTION COMPANY LP (AKA MRC, Media Rights Capital, and all other MRC entities and subsidiaries)<br><br>    Defendants. | Case No. 17-cv-06552-VC<br><br>[Hon. Vince Chhabria]<br><br>**DECLARATION OF BRENDAN N. CHARNEY IN SUPPORT OF DEFENDANTS' UNIVERSAL CITY STUDIOS LLC'S AND NBCUNIVERSAL MEDIA, LLC'S MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND CASE MANAGEMENT SCHEDULE**<br><br>Date:   March 15, 2018<br>Time:   10:00 a.m.<br>Crtrm:   4 |

## **DECLARATION OF BRENDAN N. CHARNEY**

I, BRENDAN N. CHARNEY, declare:

1. I am an associate with the law firm Davis Wright Tremaine, LLP, and one of the attorneys representing Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") in this matter. I submit this declaration in support of NBCU's Motion to Continue Case Management Conference And Extend Case Management Schedule. The matters stated in this declaration are true based on my personal knowledge and, if called, I could and would testify competently thereto.

2. On January 24, 2018, I received a message originally sent on January 23, 2018 by Plaintiff to Greg Korn, counsel for other defendants in this matter, concerning case management procedures in this matter. On January 24, 2018, I sent a message to Plaintiff noting that NBCU had not been served with an order by Judge Chhabria setting a case management conference in this matter, and proposing that the parties stipulate to continue the CMC to 12 days after the hearing on defendants' motions to dismiss the First Amended Complaint. In response, Plaintiff refused to stipulate to continue the CMC. In light of Plaintiff's refusal, I sent a message to him on January 26, 2018 to meet and confer concerning NBCU's intent to file a motion to continue the CMC. In my January 26 message, I informed Plaintiff of the grounds for the anticipated motion and asked Plaintiff to let me know if he planned to oppose the motion and, if so, on what grounds. As of the date of filing of this declaration, I have not received a response from Plaintiff. A true and correct copy of the e-mail thread containing Plaintiff's message to Mr. Korn, Mr. Korn's forwarding message to NBCU's counsel, and my ensuing correspondence with Plaintiff to meet and confer about continuing the CMC is attached hereto as **Exhibit A**.

3. On Thursday, January 25, 2018, I spoke with Mr. Korn about NBCU's anticipated motion to continue the CMC. Mr. Korn advised me that his clients planned to join the motion.

4. I have been one of the attorneys of record for NBCU since the beginning of this matter, and, on that basis, am familiar with all of the documents served on NBCU in this matter. Based upon my personal knowledge and a review of the papers served on NBCU in this matter,

DAVIS WRIGHT TREMAINE LLP

1  NBCU was served with the initial Summons and Complaint in this matter on December 7, 2017.
2  The packet of documents served on NBCU included a copy of Magistrate Judge Beeler's vacated
3  Order setting a Case Management Conference (ECF No. 2).  It did not include notice of an order
4  by this Court, the honorable Judge Chhabria presiding, setting a CMC following Plaintiff's
5  declination of consent to Magistrate Judge Beeler.

6      I declare under penalty of perjury under the laws of the United States and the State of
7  California that the foregoing is true and correct, and that this declaration was executed on the
8  30th day of January, 2018, in Los Angeles, California.

                                                        */s/ Brendan N. Charney*
                                                          Brendan N. Charney

2
DECLARATION OF BRENDAN CHARNEY ISO MOTION TO CONTINUE CMC
Case No. 17-cv-06552-VC
4822-8989-7818v.2 0020040-000144

# EXHIBIT A

| | |
|---|---|
| **From:** | Charney, Brendan |
| **To:** | "Steve Wilson Briggs" |
| **Cc:** | Wilcox, Rochelle; "gkorn@kwikalaw.com"; Sager, Kelli; Pearmain, Lina |
| **Subject:** | RE: Meet and confer; ADR, etc. |
| **Date:** | Friday, January 26, 2018 1:24:33 PM |

Mr. Briggs,

In light of your refusal to stipulate to continue the CMC until after the hearing on defendants' dispositive Motions to Dismiss, defendants plan to move for relief from case management procedures under N.D. Cal. Local Rule 16-2(d).  We anticipate filing this motion early next week. The motion will request that the CMC be continued until at least 30 days after February 22—the date that defendants' Motions to Dismiss will be heard.

I write to meet and confer about this motion.  Put simply, the grounds for the motion are:

1)   Case management procedures are not appropriate at this time because, as set forth in defendants' pending Motions to Dismiss, the FAC is unintelligible; therefore it is not possible to create a discovery plan, arrange for initial disclosures, discuss the preservation of evidence, etc. because the FAC does not identify any wrongdoing by our clients that could inform the scope of discovery in this case.  For similar reasons, the unintelligibility of the FAC makes it impossible to discuss alternative dispute resolution or to plan the schedule of the case.
2)   Judicial economy and the efficient use of the parties' resources will be served by deferring case management procedures until after the Court has had an opportunity to rule on defendants' pending dispositive motions to dismiss.

In light of the above, we reiterate our proposal that the parties avoid unnecessary motion practice by jointly stipulating to continue the CMC in accordance with Judge Chhabria's Standing Order. **If you continue to decline to cooperate with a stipulation, please let us know if you will oppose the above-described motion for relief from case management procedures, and if so, on what grounds.**

Also, given the unintelligibility of the FAC, we do not see how a conference under FRCP 26(f) could be productive, for the same reasons set forth in item number 1, above. Therefore, we decline to participate in a Rule 26(f) conference, pending the Court's decision on the motion for relief from case management procedures.

Finally, to resolve the confusion created by your message below, please note that there is a CMC currently set for February 13. Please see ECF No. 9. (And, for the record, NBCU was never served with notice of this CMC.)

We look forward to your response.

Regards,

Brendan

**Brendan Charney** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6824 | Fax: (213) 633-6899
Email: brendancharney@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Steve Wilson Briggs [mailto:snc.steve@gmail.com]
**Sent:** Wednesday, January 24, 2018 11:39 PM
**To:** Charney, Brendan
**Cc:** Wilcox, Rochelle; gkorn@kwikalaw.com
**Subject:** Re: Meet and confer; ADR, etc.

Mr. Korn, Mr. Charney, and Ms Wilcox,

    I think we may be talking about different deadlines, and we also may have different uderstandings of certain central dates. My initial email was just an effort to adhere to the Case Schedule - Multi-Option Program event schedule, from the Order Setting Initial Case Management Conference And ADR Deadline. Page 2 of that order set Jan 25th as the last day to meet and confer about ADR, initial disclosures, early settlement, discovery plan, etc. I've attached the first two pages of that order, for your convenience.
    If this is correct, you have my phone number and times I can talk, Thursday, if you'd like.
    I think Mr. Charney's dates may be a bit off, as he suggested the docket indicated the CMC was set for Feb 13th. I still have the understanding that the CMC is set for Feb 15th.
    Although I hate being disagreeable, I don't agree to moving the CMC to March 6th. So please do not prepare that stipulation.
    If somehow I was mistaken about any of the Jan 25th meet and confer deadline info, my apologies.

    Thanks


Steve Wilson Briggs


On Wed, Jan 24, 2018 at 4:55 PM, Charney, Brendan <BrendanCharney@dwt.com> wrote:
Mr. Briggs,

Thank you for your message. We also had not received an order by Judge Chhabria setting a CMC—although we now understand from reviewing the docket that a CMC is set for February 13.

As you may have seen, Judge Chhabria's Civil Standing Order provides that, "If a dispositive motion to dismiss is filed, the parties can stipulate to move the initial case management conference to 12 days after the hearing on that motion."

Given the upcoming February 22 hearing on defendants' motions to dismiss, we propose stipulating to move the CMC to March 6.  Do you have any objection to doing so? If not, we will prepare a joint

stipulation for your review.

Regards,

Brendan


**Brendan Charney** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6824 | Fax: (213) 633-6899
Email: brendancharney@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Gregory P. Korn [mailto:GKorn@kwikalaw.com]
**Sent:** Wednesday, January 24, 2018 8:51 AM
**To:** Steve Wilson Briggs
**Cc:** Wilcox, Rochelle
**Subject:** RE: Meet and confer; ADR, etc.

Mr. Briggs,

I am copying Rochelle Wilcox, who represents NBC Universal.

I wasn't aware we had a Jan. 25 deadline. I haven't seen the issuance of an order setting a scheduling conference that would then require us to meet and confer under Rule 26. If you're referring to an order that was issued when Magistrate Judge Beeler had the case, I don't believe that's applicable.

**Rochelle**, what's your take on this?

Note that I'm in deposition today and won't be accessible most of the day.

Regards,

Greg

Gregory P. Korn | Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
Direct Dial: 310.566.9807 | Direct Fax: 310.566.9877
Main Tel: 310.566.9800 | Main Fax: 310.566.9850

---

**From:** Steve Wilson Briggs [mailto:snc.steve@gmail.com]
**Sent:** Tuesday, January 23, 2018 10:09 PM
**To:** Gregory P. Korn
**Subject:** Meet and confer; ADR, etc.

Mr. Korn,

I hope all is well.

I'm contacting you because, as I'm sure you're aware, Thursday, Jan 25th, is our deadline to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan.

As I recall, a few years ago you reached out to me to initiate that process; so, I thought I might reach out to you this time.

As far as convenient times to call...

**Wednesday** (1/24) my work schedule is pretty full, but I can take a call anytime between 7:30pm-9pm. If this is your preferred time, it would be nice to receive a call or text sometime in the afternoon. Or, I may be able to squeeze in a call from 3:30pm-4pm, if you're willing to shoot me a text around 3:20 to make sure I'm not in a meeting or with students.
OR
**Thursday** (1/25) we can talk anytime between 6:15pm and 9pm. I **may** also be able to talk between 9:15am and 10am, but would also need a text a few minutes before, in case I'm pulled into a meeting or need to support students.

You, or any of your associates, can reach me at 510 200 3763. If I can't pick up, please leave a message with a return number, and I'll get back to you as soon as possible.

Hope this helps.


Steve Wilson Briggs


This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Thank you.