KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
    rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
    brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:     (213) 633-6800
Facsimile:      (213) 633-6899

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

DAVIS WRIGHT TREMAINE LLP

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>             Plaintiff,<br><br>        v.<br><br>UNIVERSAL CITY STUDIOS LLC;<br>NBCUNIVERSAL MEDIA, LLC;<br>SONY PICTURES ENT INC.; KEVIN<br>SPACEY; ARI (ARIEL) EMANUEL; MATT<br>DAMON; BEN AFFLECK; NEILL<br>BLOMKAMP; MORDECAI (MODI) WICZYK;<br>ASIF SATCHU; BILL BLOCK; DANA<br>BRUNETTI; MRC II DISTRIBUTION<br>COMPANY LP (AKA MRC, Media Rights<br>Capital, and all other MRC entities and<br>subsidiaries)<br><br>             Defendants. | Case No. 17-cv-06552-VC<br>[Hon. Vince Chhabria]<br><br>**REPLY MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT OF<br>DEFENDANTS UNIVERSAL CITY<br>STUDIOS LLC'S AND NBCUNIVERSAL<br>MEDIA, LLC'S MOTION TO DISMISS<br>FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  February, 22, 2018<br>Time:              10:00 a.m.<br>Courtroom:      4 |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      SUMMARY OF ARGUMENT .......................................................................... 1

II.     PLAINTIFF'S FAC SHOULD BE DISMISSED UNDER RULE 8(A). ............................ 2

III.    PLAINTIFF EFFECTIVELY CONCEDES THAT THIS CASE IS A
        COLLATERAL ATTACK ON THE JUDGMENT IN  HIS PRIOR
        UNSUCCESSFUL LAWSUIT. ........................................................................ 2

IV.     ALL OF THE PURPORTED CAUSES OF ACTION AGAINST NBCU
        SHOULD BE DISMISSED UNDER RULE 12(B)(6). ........................................... 5

        A.      Plaintiff Cannot Satisfy The Twombly And Iqbal Requirements. ........................... 5

        B.      Plaintiff's Conclusory Conspiracy Allegations Do Not Support A Claim
                For Relief Under California Law. ........................................................ 8

        C.      The Spoliation Claim Does Not Exist Under California Law. ................................ 9

        D.      Plaintiff Has Not Alleged A Single Fact Supporting His Negligence And
                Labor Code Claims Against NBCU. ................................................... 10

V.      CONCLUSION ........................................................................................... 11

DAVIS WRIGHT TREMAINE LLP

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

Advocare Int'l, L.P. v. Scheckenbach,

5
    No. C08-5332 RBL, 2010 WL 2196449 (W.D. Wash. May 27, 2010) ...................................3

6

Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,
    7 Cal. 4th 503 (1994)........................................................................................................8

7

Ashcroft v. Iqbal,

8
    556 U.S. 662 (2009) ......................................................................................................5, 7

9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................5, 6

10

11

Buckey v. County of Los Angeles,
    968 F.2d 791 (9th Cir. 1992)................................................................................................7

12

Cedars-Sinai Med. Ctr. v. Superior Court,

13
    18 Cal. 4th 1 (1998) ...........................................................................................................9

14

Daskalakis v. FBI,

15
    No. 4:10-CV-221-BLW, 2011 WL 1900439 (D. Idaho Apr. 28, 2011) ...................................7

16

Dydzak v. United States,
    No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017)...................................4

17

Forbes v. Cty. of San Bernardino,

18
    101 Cal. App. 4th 48 (2002) ...............................................................................................9

19

Harper v. City of Monterey,
    No. 11-cv-02903-LHK, 2012 U.S. Dist. Lexis 7712 (N.D. Cal. Jan. 23, 2012) ..................4, 5

20

21

Labonte v. Governor of California,
    No. EDCV 13-1204-VAP (MAN), 2014 WL 1512229 (C.D. Cal. Apr. 14,

22
    2014)................................................................................................................................7

23

Mitchell v. Routh Crabtree Olsen, P.S.,
    No. C 11-03577 JSW, 2012 WL 2792360 (N.D. Cal. July 9, 2012)......................................7

24

25

Mull v. Motion Picture Indus. Health Plan,
    937 F. Supp. 2d 1161 (C.D. Cal. 2012) ...............................................................................8

26

Nevijel v. North Coast Life Ins. Co.,

27
    651 F.2d 671 (9th Cir. 1981)................................................................................................2

28

Rein v. Providian Fin. Corp.,
    270 F.3d 895 (9th Cir. 2001) .........................................................................................3, 4

DAVIS WRIGHT TREMAINE LLP

ii

DAVIS WRIGHT TREMAINE LLP

Rinegard-Guirma v. Ocwen Loan Servicing, LLC,
    No. 3:16-cv-01036-HZ, 2016 WL 4257765 (D. Or. Aug. 10, 2016) .........................................4

Roach v. Lee,
    369 F. Supp. 2d 1194 (C.D. Cal. 2005)...................................................................................9

State of Cal. ex rel. Metz v. CCC Info. Svcs., Inc.,
    149 Cal. App. 4th 402 (2007)...............................................................................................6, 8

Stewart v. U. S. Bancorp,
    297 F.3d 953 (9th Cir. 2002)...................................................................................................4

Temple Cmty. Hosp. v. Superior Court,
    20 Cal. 4th 464 (1999)..............................................................................................................9

Uptergrove v. United States,
    No. 1:08-CV-01800-OWW-SMS, 2009 WL 1035231 (E.D. Cal. Apr. 17,
    2009).........................................................................................................................................3

Woodrum v. Woodward County,
    866 F.2d 1121 (9th Cir. 1989)...................................................................................................7

**Statutes**

California Labor Code § 1700.39 .........................................................................................4, 5

**Rules**

Federal Rule of Civil Procedure
    8 ..............................................................................................................................................2
    8(a) ......................................................................................................................................1, 2
    8(a)(2) .....................................................................................................................................2
    12(B)(6) ...................................................................................................................................5
    41(b) .......................................................................................................................................2

Federal Rule of Evidence 201 ...............................................................................................8

**Other Authorities**

CACI 3600 .............................................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      SUMMARY OF ARGUMENT**

Plaintiff's combined Opposition to the separate Motions to Dismiss filed by NBCU and the other defendants in this action fails to cite any legal authority, or present any factual allegations, that salvage his defective claims against NBCU.  Instead, Plaintiff's 24-page Opposition serves to further demonstrate why Plaintiff's theory of liability against NBCU is fundamentally flawed, and why permitting any further amendment would be futile.

First, Plaintiff does not even respond to NBCU's argument that the FAC fails to provide notice of any basis for Plaintiff's claims against these Defendants, as required by F.R.C.P. 8(a). Dismissal of the FAC is warranted for this reason alone.  Section II, infra.

Second, Plaintiff's Opposition makes clear that his demand for damages in this case, for the alleged "misappropriation of the Plaintiff's work," is a collateral attack on his unsuccessful prior lawsuit for copyright infringement.  Now, Plaintiff claims alleged spoliation and other purported litigation misconduct in the prior case, in a failed attempt to seek the same relief under the guise of alleging "new" claims.  The collateral attack doctrine bars disappointed plaintiffs from doing what Plaintiff tries to do here – alleging new, spurious claims in the hope of getting a second bite at the apple.  Section III, infra.

Third, the outlandish theory that Plaintiff struggles to explain in his Opposition – which has nothing to do with NBCU – is premised on rank speculation and unfounded conclusions, which do not meet the requisite standards to state a plausible claim.  To the extent Plaintiff mentions NBCU at all, he alleges nothing more than the fact that NBCU distributed a motion picture starring Kevin Spacey sixteen years ago.  From that benign event, unrelated in any way to Plaintiff's claims, he makes attenuated claims about an unexplained "conspiracy," without ever identifying a single wrongful act purportedly committed by NBCU.

Plaintiff tacitly concedes that there are no facts alleged in the FAC that support either a negligence or gross negligence claim against NBCU.  His attempt to conjure spoliation and conspiracy claims relies on out-of-context language from cases and jury instructions that expressly state that neither conspiracy nor spoliation constitute a cause of action.  Section IV,

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1  <u>infra</u>.  Because Plaintiff has not alleged, and cannot allege, any facts to support any claim against

2  NBCU – and because he already has had two opportunities to do so – his lawsuit against NBCU

3  should be dismissed in its entirety, without leave to amend.

4  **II.     PLAINTIFF'S FAC SHOULD BE DISMISSED UNDER RULE 8(A).**

5  As NBCU explained in its Motion To Dismiss, Plaintiff's Complaint violates the

6  requirement under Federal Rule of Civil Procedure 8 that his complaint contain a "short and

7  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8  8(a)(2).  It is undisputed that a "complaint which fails to comply with rules 8(a) and 8(e) may be

9  dismissed with prejudice pursuant to rule 41(b)."  <u>See</u> ECF No. 26 ("Mot.") at 4, citing <u>Nevijel v.

10  North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).  Plaintiff does not even respond.

11  His FAC should be dismissed for this reason alone.

12  **III.     PLAINTIFF EFFECTIVELY CONCEDES THAT**

13  **THIS CASE IS A COLLATERAL ATTACK ON THE JUDGMENT IN**

14  **HIS PRIOR UNSUCCESSFUL LAWSUIT.**

15  Plaintiff does not seriously dispute that this action seeks essentially the same relief as his

16  prior action.  Mot. at 4.  And he cannot deny that the heart of this case is a rehash of the same

17  allegations of infringement that were dismissed on summary judgment in the prior action,

18  dressed up with allegations of litigation misconduct that purportedly occurred in connection with

19  that prior action.  He even admits that "[t]his matter has some unquantified relationship to the

20  Prior Action Briggs v. Blomkamp et al, CV 134679-PJH."  ECF No. 36 ("Opp.") at 2.

21  Given these concessions, Plaintiff's attempt to evade the prohibition against collateral

22  attacks on prior judgments rings hollow.  For example, he admits that this action seeks

23  "restitution and disgorgement of all profits … the Defendants will realize from the

24  misappropriation of the Plaintiff's work," but claims this is somehow different from the

25  copyright remedy he sought in the prior action, because that lawsuit "made no specific request

26  for financial relief" but merely "<u>reported</u>" the amount of profit the defendants earned from the

27  allegedly infringing film.  Opp. at 20 (emphasis added).  This is nonsensical.  The particular

28  language used by a plaintiff in describing a request for relief is irrelevant; his copyright lawsuit

2

sought to recover the "profits" from the allegedly infringing work, and this lawsuit seeks precisely the same relief – disgorgement of profits from the film that he claims "misappropriat[ed]" his work.  A plaintiff's renewed attempt to seek the same relief through new theories or claims that were not alleged in the prior case is an impermissible collateral attack on that judgment.  E.g., Advocare Int'l, L.P. v. Scheckenbach, No. C08-5332 RBL, 2010 WL 2196449, at *2 (W.D. Wash. May 27, 2010) ("Defendants' assertion that Ms. Ruth Ann Box's false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding.  This is an improper basis for a collateral attack on the Texas judgment.  Defendants could have presented their argument at the Texas trial, or during the appeal of that case").

In an attempt to evade this clear law, Plaintiff cites to Rein v. Providian Fin. Corp., which held that the collateral attack doctrine does not apply when a party's claims "were never addressed by a prior order or judgment."  Opp. at 4 (citing 270 F.3d 895, 902 (9th Cir. 2001)).  But Rein is inapposite here.  In that case, five different bankruptcy debtors joined together to sue a creditor for previously seeking to recover a debt in their respective bankruptcy proceedings.  Id. at 897-98.  One debtor had settled after receiving the creditor's demand – before the creditor pursued adversary proceedings – by an agreement that was not court-approved; the others were sued and then entered into court-approved settlements with the creditor.  Id. at 898.  The court held that the claims by the debtors whose settlements had received court approval were barred by res judicata because those claims could have been raised in the adversary proceedings.  Rein, 270 F.3d at 898-99, 902-04.  The passage cited by Plaintiff, however, concerned the remaining party.  He had settled the matter early and "as a consequence, no adverse proceeding ever was instituted against him."  Id. at 898-99, 901-02.[1]  It is for that reason that his claims "were never addressed by a prior order or judgment."  Id.  In other words, Plaintiff could invoke the cited language from Rein only if he had never brought the prior action.  However, he did, and cannot relitigate it now.

---

[1] Plaintiff ignores the other cases cited in the Motion, including a case that is virtually on all fours with the case at hand.  Uptergrove v. United States, No. 1:08-CV-01800-OWW-SMS, 2009 WL 1035231, at *1, *2 (E.D. Cal. Apr. 17, 2009) (dismissing case as improper "horizontal appeal" where plaintiff sought to invalidate adverse ruling in prior case by arguing that opposing litigants "intentionally omitted [and] excluded ... evidence ..." in the prior case).

3

DAVIS WRIGHT TREMAINE LLP

1    Plaintiff also asserts that "this action involves new parties, new causes, and 13 claims that

2    were not addressed by the prior judgment."  Opp. at 4.  He ignores the fact that the "new" claims

3    alleged against NBCU target <u>alleged litigation misconduct</u> in the prior action (<u>i.e.</u>, conspiracy,

4    spoliation[2]), or seek to recover for the <u>same purported damages sought in the prior action</u> (<u>i.e.</u>,

5    negligence, gross negligence and alleged violation of Labor Code § 1700.39).  None of these

6    avoid collateral estoppel.  Allegations of litigation misconduct must be raised through the

7    "normal appellate process," not a horizontal appeal.  <u>Dydzak v. United States</u>, No. 17-cv-04360-

8    EMC, 2017 WL 4922450, at *7 (N.D. Cal. Oct. 31, 2017).  And a district court is "without

9    authority to revisit issues that were previously decided in another district court case," <u>i.e.</u>, the

10    outcome of Plaintiff's copyright claims in the prior action, and the discovery and evidentiary

11    issues involved in those proceedings.  <u>Rinegard-Guirma v. Ocwen Loan Servicing, LLC</u>, No.

12    3:16-cv-01036-HZ, 2016 WL 4257765 at *3 (D. Or. Aug. 10, 2016).  Plaintiff cannot evade

13    these basic principles by embellishing his previously-dismissed copyright claim with a

14    fantastical conspiracy theory involving "new" parties that have nothing to do with the underlying

15    conduct or any of the claims being asserted.[3]

16    Plaintiff's Opposition provides further support for NBCU's Motion.  In stating the facts

17    of the "current action" Plaintiff alleges that he "learned of the infringement around February of

18    2016" when he discovered that his screenplay had been made "available all around the world"

19    via TriggerStreet.  Opp. at 3.  Although Plaintiff argues that the distribution on TriggerStreet

20    somehow constitutes a "new violation" of Plaintiff's copyright, he also alleges, in contradiction,

21    that TriggerStreet "was the[ defendants'] access point in <u>Briggs v Blomkamp</u>" and "Plaintiff

22    _____

   [2] <u>See</u>, <u>e.g.</u>, Opp. at 10.

23    [3] In fact, principles of claim preclusion (which inform the broader doctrine of collateral
   attack), apply to "'any claims that were raised or <u>could have been raised</u>' in a prior action."
24    <u>Stewart v. U. S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis added).  Thus, <u>res</u>
   <u>judicata</u> generally will apply when the second suit involves "infringement of the same right" and
25    "arises out of the same transaction or nucleus of facts."  <u>Rein</u>, 270 F.3d at 903.  A disappointed
   litigant may not avoid preclusion merely by randomly naming new <u>parties</u> in the second suit – as
26    Plaintiff seeks to do here – because "under California claim preclusion rules, the only identity of
   parties required is the identity of the party <u>against whom preclusion is sought</u>."  <u>Harper v. City of</u>
27    <u>Monterey</u>, No. 11-cv-02903-LHK, 2012 U.S. Dist. Lexis 7712, at *14 (N.D. Cal. Jan. 23, 2012)
   (emphasis added).  That is <u>Plaintiff</u> – not any of the Defendants.

28

DAVIS WRIGHT TREMAINE LLP

1  would subpoena these [TriggerStreet] records if the 9th Circuit remands the matter for trial."

2  Opp. at 9.  In short, Plaintiff concedes that he is attempting to relitigate the purported

3  infringement of his screenplay that already was litigated in his prior action.  It is clear from

4  Plaintiff's own FAC and Opposition that this case is a prohibited horizontal appeal and must be

5  dismissed for that reason.

**IV.    ALL OF THE PURPORTED CAUSES OF ACTION AGAINST NBCU**

**SHOULD BE DISMISSED UNDER RULE 12(B)(6).**

8       The only claims alleged against NBCU are conspiracy, spoliation, negligence, and gross

9  negligence; a purported violation of Labor Code § 1700.39 is alleged against Universal City

10  Studios.[4]  FAC ¶¶ 256-258.  Plaintiff's Opposition provides no basis for <u>any</u> of these claims to

11  proceed.  Instead, Plaintiff misstates the law that applies to his conspiracy and spoliation claims,

12  and he tacitly concedes that his negligence and Labor Code claims do not involve NBCU.

**A.    Plaintiff Cannot Satisfy The <u>Twombly</u> And <u>Iqbal</u> Requirements.**

14      Plaintiff's Opposition purports to identify what he considers to be the most relevant parts

15  of his 60-page, 270-paragraph FAC, distilling them into a 10-page summary that is still fatally

16  flawed.  His theory of liability against NBCU consists of the following chain of conjecture

17  concerning "why Universal Pictures would work with Defs Emanuel, MRC, Wiczyk and Satchu"

18  (a business relationship that Plaintiff alleges to be a wrongful act in itself, although he cannot

19  and does not explain how that purported business relationship or any alleged conduct by NBCU

20  is wrongful) (Opp. at 13):

21      •  Talent agencies and management companies have gained power in the

22         entertainment industry, and work with financing companies like MRC to develop

23         projects for their clients, <u>id.</u> at 12;

24

25

26      [4] The Opposition asserts that "neither Motion mentions <u>Breach of Contract</u>" (emphasis in
   original) – but that cause of action is not alleged against NBCU.  <u>See</u> FAC at ¶¶ 238-240.  It is
27  asserted only against Defendants Kevin Spacey and Dana Brunetti.  <u>Id.</u>  The FAC also does not
   contain any <u>factual</u> allegations that NBCU ever had any agreement with Plaintiff.  <u>See</u>, <u>generally</u>,
28  FAC at ¶ 239.

DAVIS WRIGHT TREMAINE LLP

- Defendant Wiczyk predicted in a decades-old memo that "a management company with a lot of big stars would start to produce and own films" by working with a financing company, id. at 13;

- The memo posited that the management company could overcome a possible "studio boycott" because "whichever studio was suffering at the time would probably break ranks" and work with the management company, id.;

- In the late 1990s Universal Pictures was allegedly "in last place" among the studios, id. at 14;

- Unnamed defendants allegedly conspired to encourage Kevin Spacey to launch the social network site TriggerStreet in 2000, for the purpose of stealing Plaintiff's screenplay more than a decade later, id. at 9-10, 14; and

- Universal purportedly cast Kevin Spacey in the film K-PAX, which Plaintiff alleges was "almost inconceivable," given that K-PAX was made in 2001,[5] supposedly "a low point" in Spacey's career, id. at 15.

What this is intended to "prove" is unclear – but if the point is that NBCU must therefore have "conspired" with other defendants for some nefarious purpose, the Olympic-record-sized leaps of inference (paired with conclusory references to all "defendants," without any attempt to identify conduct by NBCU), fail to meet the standard for pleading a conspiracy.  To impose liability for an underlying tort based on a theory of conspiracy in California, the plaintiff "must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts.  In making such allegations bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient."   State of Cal. ex rel. Metz v. CCC Info. Svcs., Inc., 149 Cal. App. 4th 402, 419 (2007) (emphasis added) (internal citations omitted) (allegations that parties "conspired to conceal their improper loss valuations"

---

[5]  Contrary to Plaintiff's claims, NBCU did not produce K-PAX.  See K-PAX, Company Credits, available at http://www.imdb.com/title/tt0272152/companycredits?ref_=tt_dt_co.  And if this is the supposed basis for Plaintiff's claims against NBCU, it is even more apparent that the FAC is legally barred, because it purports to arise from well-publicized transactions that occurred well beyond the applicable statutes of limitations.

NBCU'S REPLY ISO MOTION TO DISMISS
Case No. 17-cv-06552-VC
4843-7601-6987v.10 0020040-000144

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1  amounted to "bare legal conclusions"; affirming grant of demurrer); see also Bell Atl. Corp. v.

2  Twombly, 550 U.S. 544, 557 (2007) ("a conclusory allegation of agreement at some unidentified

3  point" does not establish conspiracy); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th

4  Cir. 1992) (complaint must "allege specific facts to support the existence of a conspiracy among

5  the defendants"); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)

6  ("allegations of conspiracy must be supported by material facts, not merely conclusory

7  statements").

8      Faced with such outlandish claims, this Court may "draw on its judicial experience and

9  common sense" to dismiss them as inherently implausible.  Ashcroft v. Iqbal, 556 U.S. 662, 679

10  (2009); see also, e.g., Labonte v. Governor of California, No. EDCV 13-1204-VAP (MAN),

11  2014 WL 1512229, at *6 (C.D. Cal. Apr. 14, 2014) (allegations that multiple law enforcement

12  officers and public officials conspired to fabricate speeding tickets against plaintiff were

13  "inherently implausible"); Mitchell v. Routh Crabtree Olsen, P.S., No. C 11-03577 JSW, 2012

14  WL 2792360, at *3 (N.D. Cal. July 9, 2012) ("[a]lthough Plaintiff uses the proper words in an

15  effort to create such a conspiracy, the Court finds that the allegations are merely conclusory legal

16  allegations and are inherently implausible"); Daskalakis v. FBI, No. 4:10-CV-221-BLW, 2011

17  WL 1900439, at *2, *5, *6 *7  (D. Idaho Apr. 28, 2011) ("speculative" and "outlandish"

18  allegations of conspiracy "do not meet Iqbal 's standard of plausibility"), report and

19  recommendation adopted, No. 4:10-CV-221-BLW, 2011 WL 1990661 (D. Idaho May 19, 2011).

20      Plaintiff's allegations are not merely conclusory, outlandish, and implausible – they are

21  directly contradicted by indisputable facts.[6]  For all of these reasons, Plaintiff's latest attempt to

22  elucidate his claims fails to clear the Iqbal hurdle.

23  ---

[6] Setting aside the inherent implausibility of Plaintiff's claims, the premise on which they are
24  based is false, as established by facts that are not subject to reasonable dispute.  Plaintiff's
Opposition suggests that NBCU's U.S. distribution of the film K-PAX in 2001 can only have
25  been a payoff to Spacey because Spacey's career was, at that time, "at such a low point."  Opp.
at 15.  In other words, Plaintiff's claims against NBCU are based on his allegation that in 2001,
26  Spacey's career had failed so badly that the alleged conspiracy is the only plausible explanation
for NBCU's decision to distribute K-PAX.  Even ignoring the blatant speculation needed to draw
27  a connection between K-PAX and the conspiracy Plaintiff alleges, the premise is simply wrong.
Two years earlier, Spacey received an Oscar for Best Actor in a Leading Role for his
28  performance in the celebrated film American Beauty.  See American Beauty Awards,

NBCU'S REPLY ISO MOTION TO DISMISS
Case No. 17-cv-06552-VC
4843-7601-6987v.10 0020040-000144

**B.      Plaintiff's Conclusory Conspiracy Allegations Do Not Support A Claim For Relief Under California Law.**

Plaintiff misreads the California Jury Instructions as creating a freestanding cause of action for conspiracy.  Opp. at ii.  They do not.  The Instructions he cites simply explain when a co-conspirator may be held liable for another co-conspirator's conduct – but there still must be an <u>underlying tort</u>.  CACI 3600.  Indeed, the first comment to this section of CACI is the California Supreme Court's holding that "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-11 (1994) (emphasis added).

As discussed above, Plaintiff's daisy-chain of conjecture does not establish a conspiracy pursuant to which NBCU could be held liable for the alleged conduct of others.  Section IV.A, <u>supra</u>.  The FAC focuses attention on Ari Emanuel, MRC, Sony, and the other defendants, without pleading a single plausible fact alleging what <u>NBCU</u> supposedly did in connection with the "formation and operation of the conspiracy, [or] the wrongful act or acts done pursuant to it." <u>State of Cal. ex rel. Metz</u>, 149 Cal. App. 4th at 419.  To the contrary, the FAC and Opposition make clear that the <u>only</u> "facts" that purportedly support a conspiracy claim against NBCU are 1) NBCU's contact with prominent talent agent Ari Emanuel on other, entirely unrelated matters, and 2) NBCU's distribution of the film <u>K-PAX</u>.  FAC at ¶ 28; Opp. at 15.  These routine,

---

IMDB.com, available at http://www.imdb.com/title/tt0169547/awards?mode=desktop&ref_=m_tt_awd.  This Oscar followed a slew of critically-acclaimed films, including <u>The Usual Suspects</u>, <u>L.A. Confidential</u> and <u>Midnight in the Garden of Good and Evil</u>, among others.  <u>See</u> Kevin Spacey, Actor, IMDB.com, available at http://m.imdb.com/name/nm0000228/filmotype/actor?ref_=m_nmfm_1. The Court may take judicial notice of facts from the Internet Movie Database ("IMDB"), as these facts – <u>American Beauty</u>'s awards, along with Spacey's  filmography – are "not subject to reasonable dispute" and IMDB's film database is a publicly available reference source "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; <u>see also</u> <u>Mull v. Motion Picture Indus. Health Plan</u>, 937 F. Supp. 2d 1161, 1164 (C.D. Cal. 2012) (citing facts from IMDB).

DAVIS WRIGHT TREMAINE LLP

unrelated business interactions do not come close to establishing a common plan or design to engage in wrongful conduct.

### C.     The Spoliation Claim Does Not Exist Under California Law.

Plaintiff insists that California "allows spoliation claims," relying on the California Supreme Court's decision in <u>Cedars-Sinai Med. Ctr. v. Superior Court</u>, even though it unequivocally held that "there is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant."  18 Cal. 4th 1, 17 (1998).  Ignoring this unambiguous language, Plaintiff baldly asserts that California courts have recognized spoliation claims where the spoliator is "a third party with a duty to preserve the evidence" or when the victim "does not learn of the spoliation until after trial."  Opp. at ii.  This entirely misreads language in <u>Cedars-Sinai</u> that was explaining that the Court's decision was not addressing the issue of third-party spoliation:

> We <u>do not decide</u> here whether a tort cause of action for spoliation should be recognized in cases of "third party" spoliation (spoliation by a nonparty to any cause of action to which the evidence is relevant) or in cases of first party spoliation in which the spoliation victim neither knows nor should have known of the spoliation until after a decision on the merits of the underlying action.

<u>Id.</u> at 17 n.4 (emphasis added).  Nothing in the cited language, or in the Court's decision, supports Plaintiff's spoliation claim.

Plaintiff then simply ignores the California Supreme Court's subsequent decision, <u>Temple Cmty. Hosp. v. Superior Court</u>, 20 Cal. 4th 464 (1999), in which it held that "no tort cause of action will lie for intentional third party spoliation of evidence."  <u>Id.</u> at 466.[7]  In so holding, the Court identified "many of the same considerations" that led to its decision in <u>Cedars Sinai</u>, including the Court's concern that "the same endless spiral of lawsuits over litigation-related misconduct could ensue were we to recognize a tort cause of action for third party spoliation."  <u>Id.</u> at 473.

---

[7] The California Court of Appeal has also foreclosed claims based on negligent spoliation by first or third parties.  <u>See</u> <u>Forbes v. Cty. of San Bernardino</u>, 101 Cal. App. 4th 48, 55, 59 (2002).  Federal courts have followed this line of authority to hold that California would not recognize claims based on "first party spoliation in which the spoliation victim neither knows nor should have known of the spoliation until after a decision on the merits of the underlying action."  <u>Roach v. Lee</u>, 369 F. Supp. 2d 1194, 1200 (C.D. Cal. 2005).

1    Notwithstanding this decision, Plaintiff has launched precisely the "spiral of litigation"

2  over alleged misconduct in his prior case, and has dragged NBCU – a third party to that case –

3  into litigation in which it does not belong.  Even now, Plaintiff does not pretend to have a shred

4  of evidence to support his spoliation claim against NBCU.  Because the California Supreme

5  Court has expressly rejected the possibility of bringing spoliation claims against a third party

6  such as NBCU, and because even if such a claim was viable, Plaintiff has offered no purported

7  facts to support it here, the spoliation claim against NBCU must be dismissed.

8        **D.      Plaintiff Has Not Alleged A Single Fact Supporting His Negligence And**

9              **Labor Code Claims Against NBCU.**

10    Plaintiff did not respond to NBCU's argument that <u>none</u> of the facts in the FAC support a

11  negligence cause of action against NBCU, or a Labor Code claim against Universal City Studios.

12  <u>See</u> Motion at 3, 9-10.  Instead, in explaining his claims, Plaintiff emphasizes that the purported

13  gross negligence claim arises from allegations about the conduct of <u>other</u> defendants:

14        1)      Defendant Emanuel supposedly entered into unethical business arrangements

15              and intimidated Sony and defendants <u>other than NBCU</u>, <u>see</u> Opp. at 17-18;

16        2)      "<u>MRC</u> (co-owned by Def <u>Emanuel</u>) and <u>Sony Pictures</u> bought the film and

17              distribution right to Elysium … without ever reading a screenplay … in a hasty

18              meeting in 2008" that did not involve NBCU, <u>id.</u> at 18-19 (emphasis added).

19    NBCU is not alleged to have participated in any of these transactions, nor does Plaintiff

20  explain how NBCU could be liable for negligence as a result of a purported conspiracy (which,

21  as discussed above, is itself defective).  Plaintiff also fails to explain how NBCU had a duty to

22  Plaintiff, or how any such duty was breached by some conduct imputable to NBCU.

23    Plaintiff appears to have abandoned his Labor Code claim, which is not even mentioned

24  in the Opposition; noticeably absent is any explanation how NBCU could have violated the rule

25  prohibiting a talent agency from dividing fees with an employer.  Motion at 9; <u>see</u> <u>also</u>, <u>generally</u>

26  Opp.  Consequently, Plaintiff tacitly concedes that the negligence, gross negligence, and Labor

27  Code claims are not supported by any facts alleged in the FAC, and should be dismissed.

28  Because Plaintiff already has had an opportunity to amend his pleading – and still has not

DAVIS WRIGHT TREMAINE LLP

10

1  remedied its inherent defects – all of the claims against NBCU should be dismissed with

2  prejudice.

3                           **V.      CONCLUSION**

4          Plaintiff's strained attempt to re-plead his case through his Opposition brief simply

5  demonstrates that his claims are fatally flawed.  Because he already has had an opportunity to

6  amend his Complaint, and cannot cure the defects, the FAC should be dismissed against NBCU

7  without leave to amend.

8

9  DATED: February 6, 2018                    DAVIS WRIGHT TREMAINE LLP
                                              KELLI L. SAGER
10                                            ROCHELLE L. WILCOX
                                              BRENDAN N. CHARNEY
11

12
                                              By: */s/Rochelle L. Wilcox*
13                                                Rochelle L. Wilcox

14                                            Attorneys for Defendants
                                              UNIVERSAL CITY STUDIOS LLC and
15                                            NBCUNIVERSAL MEDIA, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP