KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
ARIEL EMANUEL; and NEILL BLOMKAMP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, et al.,<br><br>Defendants. | Case No. 3:17-CV-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1)**<br><br>Date: February 22, 2018<br>Time: 10:00 a.m.<br>Crtrm.: 4 |

## I. INTRODUCTION

In his opposition to the Motion to Dismiss, Plaintiff Steve Wilson Briggs ("Plaintiff") does not even try to deny that the *only* harm for which he is seeking a remedy is the alleged infringement of his copyrighted screenplay and the adverse ruling in *Steve Wilson Briggs v. Neill Blomkamp, et al.,* N.D. Cal. Case No. 13-cv-4679-PJH (the "Prior Action") granting summary judgment of that very claim. No matter what labels Plaintiff places on his causes of action, they are improper attacks on the judgment in the Prior Action that are barred by the collateral attack, res judicata, and collateral estoppel doctrines. Case law cited by Plaintiff in his opposition only further *confirms* the impropriety of these claims. Plaintiff's opposition further fails to address, much less rebut, the many deficiencies in the FAC's pleading of his claims, which dictate that the claims be dismissed. For the reasons discussed in the moving papers and further below, Defendants MRC II Distribution Company LP ("MRC"); Mordecai Wiczyk; Asif Satchu; Sony Pictures Entertainment Inc.; Ariel Emanuel; and Neill Blomkamp (collectively, the "Defendants") respectfully request that the First, Second, and Fourth through Eleventh Claims asserted against them be dismissed.

## II. ARGUMENT

### A. The Collateral Attack Doctrine Applies

Plaintiff contends that the collateral attack doctrine does not apply because his "claims" were never addressed by the district court in the Prior Action. Plaintiff seems to contend that the collateral attack doctrine would only apply if he had litigated identically-styled causes of action in the Prior Action. That is simply not the law.

It is axiomatic that preclusive doctrines like res judicata and collateral estoppel apply where a plaintiff asserts "new" causes of action which effectively seek to relitigate claims that were pursued and lost in prior proceedings. *See*, *e.g.*, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). The same is true of the collateral attack doctrine, especially with reference to lawsuits like the present one which attacks the judgment in the Prior Action through allegations that evidence or testimony was falsified.

In *Uptergrove v. U.S.*, 2009 WL 1035231 (E.D. Cal. Apr. 17, 2009), cited in the moving

papers, the district court dismissed as an improper collateral attack on a prior judgment claims alleging that certain parties "intentionally, knowingly, willfully falsified factual allegations" in the prior case. *Id.* at *1. In *Advocare Intern., L.P. v. Scheckenbach*, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010), cited in the moving papers, the court dismissed a claim that "false testimony led to a fraudulent verdict." The causes of action in these cases were not identical to the causes of action litigated in the prior underlying case. Rather, they are claims designed to attack the bona fides of the judgment in the prior action. But, the collateral attack doctrine applied.

California state courts have repeatedly reached the same result under a similar collateral attack doctrine applied there (also referred to at times as the doctrine of "finality of judgments"). In a case *cited by Plaintiff*, in fact, the California Supreme Court held that California law prohibits the "direct or collateral attack on a judgment on the ground that evidence was falsified, concealed, or suppressed." *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal.4th 1, 10 (1998); *see also Agnew v. Parks*, 172 Cal.App.2d 756, 765-66 (1959) (dismissing claims for "conspiracy to obstruct the orderly prosecution of a civil action" on the basis that claims relating to the falsification of evidence in a prior action are "subject to the same rule foreclosing the maintenance of a civil action for injury arising out of perjury, subornation of perjury and forged documentary evidence"); *Mercury Cas. Co. v. Superior Court*, 179 Cal.App.3d 1027, 1034-36 (1986) (holding that the plaintiff's claims for fraud arising out of the alleged falsification of evidence and testimony in a prior civil action was barred as a matter of law); *Kachig v. Booth*, 22 Cal.App.3d 626, 636-41 (1971) (holding that fraud and intentional infliction of emotional distress claims were collateral attacks on prior judgment which were "precluded by the doctrine of finality of judgments").

In these cases, the plaintiff was not asserting the identical cause of action litigated in the prior case. In *Kachig*, for example, the plaintiff's intentional infliction of emotional distress cause of action was a different cause of action than the one at issue in the underlying case. But the collateral attack doctrine applied, because the intentional infliction claim was an effort to challenge the merits of a prior judgment.

Here, as in these cases, the FAC seeks damages on the theory that Defendants' alleged

falsification and suppression of evidence in the Prior Action resulted in the district court's grant of summary judgment. For example, Plaintiff challenges Defendants' supposed use of fraudulent testimony from defense expert Jeff Rovin, and its supposed suppression of evidence from the writer and producer of *Elysium* concerning the development of the Film. *See* Mot. at 5-6, 8 (Dkt. No. 27). Plaintiff does not deny these allegations of wrongdoing in the Prior Action form the basis for his claims. Rather, the opposition doubles down on these assertions. *See*, *e.g.*, Opp. at 11 (conceding the FAC is based in part on the allegation that "Defendants paid Jeff Rovin … to use his literary talents to lie, falsify and commit fraud" in the Prior Action); *id.* (conceding the FAC is based in part on alleged "Rule 37 violations" including the alleged suppression of testimony from witnesses).

Although Plaintiff pleads fraud, negligence, contract, and other causes of action with different labels than the copyright claim he asserted in the Prior Action, the obvious (and conceded) fact is that Plaintiff is attempting to utilize these claims in order to challenge the result in that Action. At its heart, this case is a "horizontal appeal" from the ruling of another district court. The collateral attack doctrine applies, and Plaintiff's claims against Defendants should be dismissed in their entirety.

### B. Res Judicata And Collateral Estoppel Apply

Plaintiff argues that res judicata does not apply because the parties are not identical, and because he asserts "12 new claims" in this case. Opp. at 6. Both assertions are false.

In arguing that the FAC asserts "12 new claims," Plaintiff again misunderstands that the labels he attaches to his causes of action are irrelevant. The "identity of claims" element of res judicata does not require that the claims in the two cases at issue be styled identically. *See Mpoyo*, 430 F.3d at 988. Instead, courts look at four criteria to determine whether the same "claims" are being asserted—namely, whether the cases arise out of the "same transactional nucleus of facts"; whether rights established in the prior judgment would be impaired by the second action; whether the cases involve the infringement of the same right; and whether the cases would involve similar evidence. *Id.* For the reasons set forth in the moving papers, an application of these factors shows Plaintiff is plainly pursuing the same "claim" as that term is applied in the res judicata context. In

fact, Plaintiff pleads that his injuries are "the misappropriation of Plaintiff's work" and the "infringement of the Plaintiff's copyright," FAC ¶ 224, and his prayer for relief seeks the disgorgement of profits on the film *Elysium*, which remedy he could only receive, if at all, pursuant to Section 504 of the Copyright Act. *See* 17 U.S.C. § 504(b) (providing for disgorgement of "any profits of the infringer that are attributable to the infringement"). Manifestly, the FAC is an impermissible attempt to relitigate the claims Plaintiff lost in the Prior Action by challenging the supposed falsification or suppression of evidence in the case. The doctrines of res judicata and collateral estoppel/issue preclusion clearly bar such claims. *See Cedars-Sinai*, 18 Cal.4th at 10 ("Similarly, under the doctrines of res judicata and collateral estoppel, a judgment may not be collaterally attacked on the ground that evidence was falsified or destroyed.").

The fact that Plaintiff has named additional defendants who were not named in the Prior Action is of no import. Res judicata requires *privity* between the parties, not identicality. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* at 1081 (internal quotations and citation omitted). Here, the Prior Action and FAC have the identical Plaintiff. Three of the named Defendants in the two cases are identical: MRC, Sony Pictures, and Neill Blomkamp. Two of the moving Defendants, Modi Wiczyk and Asif Satchu, are the principals of MRC, *see* FAC ¶¶ 14-15, and are thus in privity with a party to the Prior Action. The last of the moving Defendants, Ariel Emanuel, is perhaps not in privity with any of the defendants named in the Prior Action, but the doctrine of "nonmutual collateral estoppel," which does *not* require identicality or privity of parties, would apply in the alternative to preclude Plaintiff from relitigating his unsuccessful copyright claims. *See Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (holding that for "nonmutual issue preclusion," it need only be shown that "the party *against whom* issue preclusion is asserted was a party or in privity with a party to the prior action") (emphasis added).

### C. Plaintiff's Claims Are Inadequately Pled

The moving papers demonstrated that apart from these preclusion doctrines, the FAC

4
REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

inadequately pleads the claims asserted against Defendants under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As discussed very briefly below, the opposition fails to address let alone rebut the presence of these defects in the complaint.

### 1. The First Claim For Conspiracy

On the first claim for "conspiracy," which is not even a cause of action as shown in the moving papers, the opposition fails to cite any *facts* in the FAC which support the existence of a "plausible" claim that the moving Defendants were involved in a supposed conspiracy to spoliate evidence from the Kevin Spacey/Dana Brunetti-owned website triggerstreet.com. Plaintiff further fails to explain what harm he is seeking to remedy other than the adverse judgment in the Prior Action, which cannot be attacked here under the collateral attack, res judicata, and collateral estoppel doctrines.

### 2. The Second Claim For Spoliation

Plaintiff's second claim fails as a matter of law because there is *no* civil cause of action for spoliation of evidence. In *Cedars-Sinai*, the California Supreme Court determined that "there is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant, in cases in which, as here, the spoliation victim knows or should have known of the alleged spoliation before the trial or other decision on the merits of the underlying action." 18 Cal.4th at 17-18. The *Cedars-Sinai* Court qualified its opinion, stating: "We do not decide here whether a tort cause of action for spoliation should be recognized in cases of 'third party' spoliation … or in cases of first party spoliation in which the spoliation victim neither knows nor should have known of the spoliation until after a decision on the merits of the underlying action."[1] *Id.* at 17 n.4. However, the Supreme Court subsequently concluded that no civil cause of action for spoliation may be asserted against a third-party. *See Temple Commun.*

---

[1] The Supreme Court absolutely did *not* hold that a spoliation claim is viable under these circumstances, as the opposition misrepresents at page ii. Rather, as quoted herein, the Court simply punted on the issue at the time.

*Hospital v. Superior Court*, 20 Cal.4th 464, 471 (1999) ("In *Cedars–Sinai* we did not consider whether a tort remedy should be available for intentional spoliation of evidence by third parties. Many of the considerations that influenced us in Cedars–Sinai, however, guide us to conclude that no tort remedy should be available in such circumstances."). Further, at least one California district court has concluded that no civil claim would exist for spoliation against a "first party," even where the spoliation was not discovered until after the conclusion of the underlying action. *See Roach v. Lee*, 369 F.Supp.2d 1194, 1200-1203 (C.D. Cal. 2005) ("In sum, it is this court's conclusion that the California Supreme Court would not recognize an intentional spoliation of evidence tort where the spoliation victim did not know nor should have known of the spoliation until after a decision on the merits of the underlying action."). Pursuant to the *binding* decisions of the California Supreme Court in *Cedars-Sinai* and *Temple*, and the well-reasoned decision of the district court in *Roach*, there is no civil cause of action for spoliation at all, and this claim fails.

Additionally, as with the first cause of action, Plaintiff fails to cite any *facts* alleged in the FAC which support the existence of a plausible claim that the moving Defendants "engaged in spoliation of evidence by closing and destroying their social network, TS (TriggerStreet.com)," as the FAC alleges. FAC ¶ 235. There are no facts pled whatsoever to support that Defendants had anything to do with this website. Plaintiff's "naked assertions" of a conspiracy involving all defendants do not suffice. *Iqbal*, 556 U.S. at 678.

### 3. The Fourth Through Sixth Causes Of Action For Fraud, Deceit, And Concealment

Regarding the fourth through sixth causes of action for fraud, deceit, and concealment, the opposition does not address or rebut that these claims consist solely of "formulaic recitation[s] of the elements" of a claim, *Iqbal*, 556 U.S. at 678, and that they do not come close to pleading fraud with the particularity required under Fed. R. Civ. P. 9(b).

### 4. The Seventh And Eighth Causes Of Action For Negligence And Gross Negligence

On the seventh and eighth claims for negligence, the opposition does not address let alone rebut that the FAC fails to plead facts supporting that Defendants owed a duty to Plaintiff or

breached that duty. Nor does Plaintiff explain what cognizable harm flowed from the supposed breaches of duty other than the supposed infringement of his screenplay, which grievance was litigated and lost in the Prior Action.

### 5. The Ninth Cause Of Action For Violation Of Labor Code § 1700.39

On his claim for violation of the Labor Code, Plaintiff does not address or rebut that the FAC fails to plead any facts supporting that Defendants are subject to this provision, that Plaintiff has standing to assert claims thereunder, and/or that Plaintiff has been harmed by the supposed breaches of this provision.

### 6. The Tenth Cause Of Action For Unfair Business Practices

On his UCL claim, Plaintiff points to no facts supporting that Defendants' supposed conduct is unlawful, unfair, or fraudulent, nor that he "parted, deliberately or otherwise, with some *identifiable sum* formerly belonging to him," as required to state a Section 17200 claim. *See* Mot. at 17.

### 7. The Eleventh Cause Of Action For Witness Tampering

Plaintiff provides no authority for the proposition that a private civil cause of action exists for witness tampering. At least one district court has found that there is no such claim. *See Shahin v. Darling*, 606 F.Supp.2d 525, 538 (D. Del. 2009) (holding that federal provision "which criminalizes tampering with a witness" gives rise to "no private cause of action"). A claim for witness tampering is also akin to a claim for spoliation of evidence, and thus by implication no civil cause of action would exist for that reason as well. *See Cedars-Sinai*, 18 Cal.4th at 17-18; *Temple Commun. Hospital*, 20 Cal.4th at 471; *Roach*, 369 F.Supp.2d at 1200-1203.

Even if a cause of action existed for witness tampering, Plaintiff pled no *facts* supporting a plausible claim that Defendants procured false testimony in the underlying action. He also fails to rebut that any such claim would violate the collateral attack doctrine because it its purpose and effect is to collaterally attack the unfavorable rulings in the Prior Action.

### III. CONCLUSION

For the reasons set forth herein and in the moving papers, Defendants respectfully request that the Court grant their Motion and dismiss the Complaint in its entirety.

| | |
|---|---|
| DATED: February 6, 2018 | Respectfully submitted, |
| | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP |
| | By:   /s/ Michael J. Kump |
| | Michael J. Kump |
| | Attorneys for Defendants |
| | MRC II DISTRIBUTION COMPANY LP; MORDECAI WICZYK; ASIF SATCHU; SONY PICTURES ENTERTAINMENT INC.; ARIEL EMANUEL; and NEILL BLOMKAMP |

/547888