Steve Wilson Briggs

681 Edna Way

San Mateo, CA 94402

510 200 3763

snc.steve@gmail.com

PLAINTIFF In Propria Persona

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS<br><br>Plaintiff,<br><br>vs<br><br>UNIVERSAL PICTURES, et al.,<br><br>Defendants. | Civ No: CV 17 6552 VC<br><br>**PLAINTIFF'S NOTICE OF MOTION, AND <u>MOTION FOR SANCTIONS</u> AGAINST DEFENDANTS' ATTORNEYS ROCHELLE L.WILCOX, AND MICHAEL J. KUMP, AND MEMORANDUM OF POINTS AND AUTHORITY**<br><br>Judge:   The Honorable Vince Chhabria<br><br>Date:    March 15th, 2018<br>Time:    10:00 a.m.<br>Courtroom: 4 |

## NOTICE OF MOTION

Please take notice: On March 15, 2018, at 10:00 a.m., or as soon thereafter as the Court permits, in Courtroom 4 of this Courthouse, before the Honorable Vince Chhabria, pursuant to FRCP Rule 11(c)(2), 28 U.S. Code § 1927, and the American Bar Association's Rule 1.1, plaintiff Steve Wilson Briggs will, and hereby does, move the Court to impose sanctions against the Defendants' attorneys, Michael J. Kump and Rochelle Wilcox.

**MOTION**

Pursuant to FRCP Rule 11(c)(2), the Plaintiff moves the Court to impose sanctions against attorneys Rochelle L. Wilcox and Michael J. Kump, for the following reasons:

1. The Defense Counsel violated FRCP Rule 11(b)(1), by filing two (**2**) simultaneous Motions To Dismiss, which **needlessly increased the costs of litigation.** This also violated FRCP 28 U.S. Code § 1927, as the dual-Motions To Dismiss vexatiously, multiplied proceedings. These motions are captioned as:

   A. "**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**", by attorney Rochelle L. Wilcox; and

   B. "**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**", by attorney Michael J. Kump.

2. The Defense Counsel continues to demonstrate either utter disrespect for the Court, or utter incompetence, in violation of the ABA's Rule 1.1. The most recent display of this disrespect or incompetence came on January 23, 2018, when the Plaintiff reached out to the Defense Counsel, via email, to arrange the Meet and Confer to complete the ADR Certification. [**See Exhibit A**]. The Defense did not coordinate with the Plaintiff, nor did they seem aware of the deadline. This resulted in delayed proceedings, increased cost of litigation, and the Court's **ADR Program Manager, Erin Hamilton, writing a NOTICE RE: NON-COMPLIANCE WITH COURT ORDER**, which implicated the Plaintiff in the Defense Counsel's incompetence.

Additionally, pursuant to FRCP Rule 11(c)(1), this motion will ask the Court to determine if all defense attorneys must be **"held jointly responsible for a violation committed by its partner, associate, or employee,"** as specifically stated in this rule.

In support of this motion, the Plaintiff respectfully refers the Court to the subsequent accompanying Memorandum Of Points And Authorities.

# MEMORANDUM AND POINTS OF AUTHORITIES

## I. INTRODUCTION

Often pro se litigants are chastised for wasting the Court's time with numerous, often unnecessary, motions. However, in this case, the Defense Counsel has assumed that role, and has already filed FOUR (4) motions—and we're still a month away from the initial case management conference. All of this motion activity is part of a pattern the Defense Counsel has chosen, to deliberately increase costs of litigation and multiply proceedings. Subordinate to the issue of these unnecessary motions, is the total unreliability of the Defense Counsel's dual-Motions. The Defense may be entitled to file as many motions as they please; however, there is a standard of honesty under Rule 11(b)(3), which requires: "**the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery**". Neither of the Defense Counsel's Motions meets this demand. This Motion For Sanctions will attend some of the falsehoods and omissions in the Defense Counsel's dual-Motions To Dismiss, but the focus of this motion is on Defense Counsel needlessly increasing the cost of litigation, multiplying proceedings, and incompetence.

## FACTUAL AND PROCEDURAL BACKGROUND:

The Plaintiff sued the Defendants, November 13, 2017.

The Defendants responded with a Motion to Dismiss addressing jurisdictional problems and civil infraction citation problems with the Plaintiff's Complaint. Although the Motion to Dismiss contained several valid arguments, it also contained many obvious falsehoods and misrepresentations.

January 2, 2018, he Plaintiff filed his First Amended Complaint to attend the valid portions of the Defense Counsel's original Motion To Dismiss.

January 6, 2018, the Plaintiff filed a Motion for Sanctions against the Defense Counsel, hoping to discipline the Defense Counsel's dishonesty or incompetence, AND what the Plaintiff perceived as subtextual harassment in the original Motion to Dismiss Complaint.

In response, or retaliation, the Defense Counsel filed **2** separate, coordinated and deficient *dual*-Motions to Dismiss First Amended Complaint.

MOTION FOR SANCTIONS

3

**Plaintiff"S Good Faith Contemplation Of**
**Withdrawing His First Motion For Sanctions**

- On January 16, 2018, the Defense Counsel filed their two new Motions To Dismiss FAC in such a way that the motions were both filed in the Plaintiff's Gmail under a single subject heading. [**See Exhibit B**]. Therefore, the Plaintiff thought there was only one Motion For Sanctions filed, and he assumed the second document was a supporting document—perhaps a declaration.
- On January 17, 2018, The Defense sent the Plaintiff a firmly worded letter insisting that he withdraw his original Motion For Sanctions (filed January 6, 2018).
- Hoping to establish more productive relations, January 18th, 2018, the Plaintiff emailed the Defense Counsel to notify them that he intended to withdraw the Motion For Sanction within a day.
- The next day, January 19, the Plaintiff informed the Defense he would not have time to submit the withdrawal notice until the next day, Saturday. [**See Exhibit C**]
- On Saturday evening, January 20, 2018, the Plaintiff looked closer at the automated emails sent by ECF-CAND@cand.uscourts.gov and realized that there was not one, but two Motions to Dismiss filed by the Defense Counsel on Tuesday, January 16, 2018. The motions were far weaker than the Defendants' earlier Motion, and more rambling, redundant and dishonest.
- The Plaintiff immediately recognized the two motions as a bad faith strategy to increase litigation costs and multiply proceedings.
- The next day, Sunday, January 21, 2018, the Plaintiff contacted the Defense Counsel, to inform them that the Plaintiff had just discovered that the Defense had file two motions, instead of one, and therefore the Plaintiff could no longer commit to withdrawing his Motion For Sanctions, stating:

    "...faced with redundant motions to dismiss, I cannot agree to withdraw my motion for sanctions at this time. After I address the motions to dismiss I'll consider what further action to take regarding sanctions." [**See Exhibit B**].

## II.   ARGUMENT:

### A.   The Defense Counsel Filed Two Simultaneous Motions To Dismiss, Which Advance False, Weak, And Redundant Arguments, Violating Rule 11(B)(1) And 28 U.S. Code § 1927; Thus, The Defense Counsel Should Be Sanctioned.

On January 16, 2018, in violation of FRCP Rule 11(b)(1), and 28 U.S. Code § 1927, the Defendants' attorneys (Rochelle L. Wilcox and Michael J. Kump) needlessly increased costs of litigation and multiplied proceedings by submitting two simultaneous (and deficient) Motions To Dismiss. The Defense did so without disregard for the Court's time, in a shameless strategic *Hail Mary*, hoping that **two** motions might overwhelm the Plaintiff and cause him miss the Opposition deadline, thus, the Defendants might prevail by default.

The Defendants two motions to dismiss, consist of:

1. An **18-page** Memorandum, by Michael J. Kump, which makes **3 arguments**; and
2. A **10--page** Memorandum, by Rochelle L. Wilcox, that makes **7 arguments.**

The Defense Counsel could have easily combined these two motions and condensed their 10 arguments into one **10-page** Motion To Dismiss. But the Defense chose to elongate the 10 specious arguments into something that would exceed 25 pages, to justify filing two separate motions to dismiss. This doubled the Court's and the Plaintiff's work.

One sees what a wasteful hoax this strategic dual-Motion To Dismiss was when one compares the dual-Motions To Dismiss FAC to the Defense Counsel's original Motion to Dismiss Complaint (filed by Mr Kump on 12/28/2018). In their Motion To Dismiss Complaint, the Defense gave at least **8 reasons** to dismiss the Complaint **in a 9-page Memorandum**. In that Memorandum, Mr. Kump made the following 8 succinct arguments:

1. Lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).
2. Courts may dismiss complaints that violate Rule 8(a)'s requirement of a "short and plain statement of the claim. [Rules 8(a)(2) And 41(b)].
3. Plaintiff has no private right of action under these criminal provisions.
4. Plaintiff's Complaint is unintelligible
5. The pleading falls woefully short of alleging facts establishing the existence of a "plausible" claim as required by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**6.** No Diversity Jurisdiction Exists

**7.** No Federal Question Jurisdiction Exists

**8.** Dismissal Under Rule 12(b)(6)

In fact, in the original Motion To Dismiss Complaint, attorney Michael J. Kump's arguments were so concise that he had room to **twice** argue the deficiency of virtually every Cause of Action in the Complaint (see Memorandum p4 line 12 to p5 line 15, and again on p6 line 26 to p8 line 21). All in **less than 9 pages**. And Rochelle L. Wilcox and the other NBCU attorneys simply joined the original Motion to Dismiss Complaint—even though the original Motion To Dismiss Complaint DID **NOT** ATTEND ANY OF the arguments Ms Wilcox suddenly waged so stridently in her half of the dual-Motion To Dismiss FAC.

Now compare the 10 invalid arguments advanced in the dual-Motions To Dismiss:

**Rochelle L. Wilcox Motion To Dismiss FAC made the following arguments:**

1. The Fac Fails To Provide Notice Of The Basis For Plaintiff's Claims Against Nbcu;
2. The Fac Is An Improper Collateral Attack On The Dismissal Of Plaintiff's Prior Lawsuit;
3. The FAC Fails To State A Plausible Claim Against NBCU;
4. California Law Does Not Recognize A Claim For Conspiracy;
5. No Tort Claim Exists For Spoliation Under California Law;
6. The FAC Fails To Allege Any Conduct By NBCU That Supports A Negligence Claim;
7. The FAC Does Not Allege Any Conduct By NBCU Violating The Labor Code.

**Michael J Kump's Motion To Dismiss FAC added the following arguments:**

8. The FAC Is Barred By The "Collateral Attack" Doctrine;
9. The FAC Is Barred By The Doctrine Of Res Judicata;
10. The FAC Should Further Be Dismissed On The Basis That It Fails To State A Claim For Relief Against Defendants.

Plaintiff will not rehash the meritlessness of each of these false arguments contained in the Motions To Dismiss FAC. This is covered in his two (2) Opposition Briefs.

### B. The Defense Counsel Continues To Display Disrespect For The Court, Or Rank Incompetence, In Violation Of The ABA's Rule 1.1. ; Resulting In Failure To Complete ADR Certification.

The Plaintiff has once before moved the Court to sanction the Defense Counsel for incompetence (among other issues). The Defense Counsel continues to act with incompetence, or disrespect for the Court, in violation of the ABA's Rule 1.1, which states:

> "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

As the Plaintiff stated earlier in this Memorandum, on January 23, he emailed the Defense Counsel to arrange the "Meet and Confer" to complete the ADR Certification. [**See Exhibit A**]. The Defense did not coordinate with the Plaintiff, nor did they seem aware of the deadline. This delayed proceedings, increased cost of litigation, and caused <u>the Court's ADR Program Manager, Erin Hamilton, to write a NOTICE RE: NON-COMPLIANCE WITH COURT ORDER</u>, which reflects poorly on the Plaintiff.

### COUNTLESS FALSEHOODS CONTAINED
### IN THE DEFENSE COUNSEL'S DUAL-MOTIONS

FRCP Rule 11(b)(3) requires that attorneys submit motions such that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

However, as if to spite Rule 11(b)(3), there are too many deceits and omissions in the Defense Counsel's dual-*Motions To Dismiss FAC* to address herein. Rather, the Plaintiff offers the following five (5) examples of the deceit in the dual-Motions To Dismiss FAC. However, The Plaintiff does not seek sanctions against the Defense for these misrepresentations. Rather, he brings them to the Court's attention, hopeful that the Defense will choose to be more forthright in future filings.

1.

Regarding the FAC's first two claims, *Conspiracy* and Spoliation, Defense CounselMichael J. Kump falsely attacked both of these causes on p14 line 27 to p15 line 1

of his Motion To Dismiss FAC, by stating the FAC **"is devoid of facts supporting that any of the defendants other than Spacey and Brunetti were involved in triggerstreet.com. Plaintiff's bare allegations of conspiracy do not suffice."**

**BUT IN TRUTH**: the FAC gives ample evidence connecting the Defendants to each other and to TriggerStreet (TS). More importantly, as Mr. Kump is aware, under California law, **the Plaintiff is not required to prove that any Defendant personally committed a wrongful act**; as California Civil Jury Instructions (CACI) 3600 explains:

> A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. [Name of plaintiff] is not required to prove that [name of defendant] personally committed a wrongful act or that [he/she] knew all the details of the agreement or the identities of all the other participants.

**2**

Regarding the Fraud, Deceit and Concealment Causes, on p15, line 4, of the Defs' Memorandum of the Motion To Dismiss The FAC, Mr Kump writes:

> "The FAC alleges that "Defendants made claims that they purported as true," but that the claims were in fact false. FAC ¶ 242. What those supposedly false claims were and how Plaintiff was harmed is not explained."

Then a few lines down, line 10, Mr Kump writes:

> "The Fifth Cause Of Action For Deceit Just as with the Fourth Claim, the Fifth Claim for deceit contains a rote listing of the elements of a claim with no facts alleged concerning what was purportedly represented, how it was false, and how Plaintiff was harmed."

**BUT IN TRUTH**: The FAC explains specifically that TS's *Terms of Use* claimed that TriggerStreet (**TS**) was **solely for use in the USA**, yet secretly the site operated around the world, and without consent from U.S. members. And Spacey and Brunetti went to London (2002) and Spain (2009) to recruit new members, touting TS's **"400,000 members around the world ."** The FAC clarifies claims about Fraud, Deceit and Concealment; such as explaining TS's *Security* page boasted **"industry standard"** security, when, in fact, they removed all security features to allow constant anonymous access to

writer's works.  TS made wild false promises to entice new writers to TS, such as: **"Our team has been extensively researching and designing TriggerStreet.com to ensure that it encapsulates every aspect of the user's desires and needs"**.  The FAC makes it clear Plaintiff was injured by the infringement of his copyright in foreign markets, and explained that the Defs may have sold variations of his work in foreign markets.  The FAC explains on page 9, line 19, that: "Working in conjunction with Def Bill Block ( Miramax CEO) and Al Jazeera or beIN Media Group (Miramax's parent), and perhaps with Satchu's Kenyan-based family, these shells may also be responsible for:

    a.   producing and selling ideas taken from TS to foreign markets (not for US release);

    b.   financing foreign films that utilize ideas taken from TS (not for US release)."

3

To support his first argument: **"The FAC Is Barred By The "Collateral Attack" Doctrine,"** Mr. Kump willfully and repeatedly omitted the second, more important, portion of *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 902 (9th Cir. 2001), and cited only the first portion, which read: **"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts**."

      <u>**BUT IN TRUTH**</u>: *Rein v. Providian Fin. Corp* confirms that the Collateral Attack defense does not apply to matters, such as this, where the claims were never addressed by a prior order or judgment."  The heart of R*ein v. Providian Fin. Corp.,* reads:

> "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts.  See *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("We have made clear that [i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks omitted) (alteration in original).  **Here, the collateral attack doctrine does not apply to Frenette because his claims were never addressed by a prior order or judgment."**

4

In the Defense's dual-Motions To Dismiss FAC, Michael J. Kump makes an egregiously false Res Judicata defense, when only two of the four required Res Judicata conditions are present in the current action.

**IN TRUTH:** A Res Judicata defense is only appropriate when the parties are identical, and the same Causes of Action are involved in both suits. In this case there are ten (10) new parties. And all 13 claims in this matter are new and unrelated to the Prior Action.

### 5

On page 6 of the Memorandum of Mr. Kump's Motion to Dismiss FAC, the he state that the Plaintiff seeks the same relief in this matter as he sought in the Prior Action:

> "Indeed, the FAC's prayer for relief seeks "restitution and disgorgement of all profits [from Elysium] (estimated at **$850,000,000**— which represents all projected profits the Defendants will realize from the misappropriation of the Plaintiff's work)." FAC p. 60. These are the same damages for copyright infringement that Plaintiff sought in the Prior Action."

**BUT IN FACT,** in *Briggs v Blomkamp* Plaintiff made no specific request for financial relief. Plaintiff only reported that the Defendants earned $161,000,000 profit from *Elysium*.

### MORE BAD ACTIONS

The Defense Counsel has disrespected the Court and increased litigation costs and multiplied proceedings on other occasions, such as their unnecessary and pompous filing of a Request For Judicial Notice, with hundred of pages of attachments, filed January 16, 2018, which was unwarranted, and responsive to nothing the Plaintiff has filed.

FRCP Rule 11(c)(1) advises that law firms be "held jointly responsible for a violation committed by its partner, associate, or employee".

### CONCLUSION

For the Foregoing reasons, plaintiff Steve Wilson Briggs respectfully asks the Court to impose such sanctions as the Court deems fit, against the Defendants' attorneys, Michael J. Kump (SBN 100983) and Rochelle Wilcox (SBN 197790), for violations of the ABA Rule 1.1, 28 U.S. Code § 1927, and FRCP Rule 11(b)(1) (enforceable under the Rule 11(c)).

Dated: January 8, 2018

Respectfully Submitted,

By, /s/ Steve Wilson Briggs
Steve Wilson Briggs
Plaintiff, In Propria Persona