KELLI L. SAGER (State Bar No. 120162)
kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
rochellewilcox@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
brendancharney@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVE WILSON BRIGGS,

Plaintiff,

v.

UNIVERSAL CITY STUDIOS LLC; NBCUNIVERSAL MEDIA, LLC; SONY PICTURES ENT INC.; KEVIN SPACEY; ARI (ARIEL) EMANUEL; MATT DAMON; BEN AFFLECK; NEILL BLOMKAMP; MORDECAI (MODI) WICZYK; ASIF SATCHU; BILL BLOCK; DANA BRUNETTI; MRC II DISTRIBUTION COMPANY LP (AKA MRC, Media Rights Capital, and all other MRC entities and subsidiaries)

Defendants.

Case No. 17-cv-06552-VC

[Hon. Vince Chhabria]

**DEFENDANTS' UNIVERSAL CITY STUDIOS LLC'S AND NBCUNIVERSAL MEDIA, LLC'S (1) OPPOSITION TO SECOND MOTION FOR SANCTIONS AND (2) REQUEST FOR AWARD OF EXPENSES UNDER F.R.C.P. 11(c)(2)**

[Second Declaration of Brendan N. Charney With Exhibits A-B Filed Concurrently.]

Hearing Date: March 15, 2018
Time: 10:00 a.m.
Courtroom: 4

DAVIS WRIGHT TREMAINE LLP

## TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT. .......... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 2

III. PLAINTIFF'S SECOND MOTION FOR SANCTIONS, LIKE HIS FIRST SANCTIONS MOTION, IS PROCEDURALLY IMPROPER. .......... 5

IV. THE MOTION FOR SANCTIONS IS FRIVOLOUS. .......... 6

- A. It Was Entirely Proper For NBCU To File A Separate Motion To Dismiss. .......... 6
- B. Plaintiff Failed To Serve Notice Of The CMC And Stopped Responding To NBCU's Meet-And-Confer Correspondence. .......... 6
- C. Plaintiff Fails To Even Articulate, Let Alone Prove, Any Basis For Sanctioning NBCU's Counsel. .......... 7

V. PLAINTIFF SHOULD BE ORDERED TO PAY NBCU THE EXPENSES IT INCURRED IN RESPONDING TO THIS MOTION. .......... 8

VI. CONCLUSION. .......... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Adhikari v. Daoud & Partners,
No. 4:09-CV-1237, 2017 WL 5904782 (S.D. Tex., Nov. 30, 2017) .......... 8

Boim v. Quranic Literacy Institute,
No. Civ. 00 C2905, 2003 WL 1956132 (N.D. Ill. Apr. 24, 2003) .......... 8

Claudet v. First Federal Credit Control, Inc.,
No. 6:14-cv-2068-Orl-41DAB, 2015 WL 7984410 (M.D. Fla., Nov. 17, 2015) .......... 1, 8

Harman v. City of University Park,
No. 3:94-CV-2450-P, 1997 WL 53120 (N.D. Tex., Feb. 3, 1997) .......... 8

Kinney v. Bridge,
No. 3:16-cv-03211, 2017 WL 130240 (N.D. Cal., Jan 13, 2017) .......... 5

Patelco Credit Union v. Sahni,
262 F.3d 897 (9th Cir. 2001) .......... 8

Radcliffe v. Rainbow Const. Co.,
254 F.3d 772 (9th Cir. 2001) .......... 1, 5

Rich v. Taser Intern., Inc.,
No. 2:09-cv-02450-ECR-RJJ, 2012 WL 3155137 (D. Nev., Aug. 2, 2012) .......... 8

**Statutes**

California Labor Code § 1700.39 .......... 3

**Rules**

American Bar Association Model
Rule 1.1 .......... 7

Federal Rules of Civil Procedure
11 .......... *passim*
11(b) .......... 7
11(b)(1) .......... 6
11(b)(1)-(4) .......... 7
11(c) .......... 7
11(c)(2) .......... *passim*
12(b) .......... 6

Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") respectfully submit this Memorandum of Law to (1) oppose Plaintiff Steven Briggs's Second Motion for Sanctions (ECF No. 43) and (2) request an award of expenses under Fed. R. Civ. Proc. 11(c)(2).

## I. SUMMARY OF ARGUMENT.

The Court need not even delve into Plaintiff's latest round of baseless attacks on defense counsel because Plaintiff's second Sanctions Motion, like the first, is fatally defective on procedural grounds. Once again, Plaintiff failed to comply with Federal Rule of Civil Procedure 11(c)(2)'s safe-harbor provision, which requires that a sanctions motion be served 21 days before it is filed. The failure to comply with this "strict" and "mandatory" procedural requirement alone mandates that the Motion be denied. Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001). Plaintiff's repeated failure to comply with this clear requirement is especially egregious, because NBCU put him on notice of this rule when he filed his first baseless motion for sanctions on January 6, 2018. Section III, infra.

In any event, even if the Sanctions Motion was procedurally proper (which it is not), Plaintiff has not presented any grounds whatsoever for NBCU or its counsel to be sanctioned. The only purported basis for this second Sanctions Motion is Plaintiff's claim that NCBU has somehow "multiplied the costs of proceedings" by filing its own Motion to Dismiss the FAC, as opposed to filing a single motion with all of the other defendants in this action, each of whom are represented by separate counsel. But his apparent belief that he can sue more than a dozen individuals and entities and force them to file a single response to his pleading is not supported by any authority. The NBCU defendants are entitled to file their own response to the FAC, and it was particularly appropriate for them to file a separate motion to dismiss here, given that their arguments for dismissal differ in many respects from the arguments of the other defendants. Section IV.A, infra.

Plaintiff also complains that NBCU' did not "coordinate" with him about alternative dispute resolution and case management, but in fact, it was Plaintiff who failed to serve the operative case management order, then stopped responding to NBCU's meet-and-confer

DAVIS WRIGHT TREMAINE LLP

communications about ADR and case management. He filed his Sanctions Motion before the February 22, 2018 deadline to meet-and-confer, without ever responding to NBCU's e-correspondence attempting to schedule a conference. Section IV.B, infra.

The rest of his Sanctions Motion is equally baseless. He makes baseless accusations of "incompetence" that would not support sanctions even if they were true – which they are not. He accuses NBCU's counsel of allegedly making false statements and omissions, but does not cite a single example of such conduct by NBCU's counsel. Because Plaintiff has failed to present any colorable argument that would support his Sanctions Motion, it should be rejected for that independent reason as well as for its procedural defects. Section IV.C, infra.

An award of attorneys' fees and other expenses to NBCU against Plaintiff is necessary to put a stop to Plaintiff's abusive litigation tactics. This latest filing, in violation of F.R.C.P. 11, makes clear that Plaintiff will continue to engage in this kind of improper conduct until he faces repercussions for his disregard of this Court's rules and controlling law. Consequently, NBCU requests that the Court order Plaintiff to pay the reasonable attorneys' fees incurred by NBCU in responding to Plaintiff's serial Motions for Sanctions. Section V, infra.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 2, 2018 – five days after defendants moved to dismiss Plaintiff's original Complaint for lack of jurisdiction – Plaintiff filed the operative First Amended Complaint (ECF No. 21) ("FAC") in this matter. Although the new filing rendered the Motion to dismiss moot, Plaintiff nonetheless also filed an Opposition (ECF No. 23) to the Motion that included a "mea culpa" for his failure to adequately allege subject-matter jurisdiction in the initial Complaint.

Four days later, on January 6, 2018, Plaintiff filed his first Sanctions Motion against defense counsel in this case (ECF No. 24). The Motion sought sanctions against attorneys Michael J. Kump and Gregory P. Korn, counsel for other defendants in this action, for filing a Motion To Dismiss the initial Complaint (ECF No. 15), and sought sanctions against NBCU's

[1] Additional background is set forth in the Motion To Dismiss the initial Complaint (ECF No. 15), NBCU's pending Motion To Dismiss Plaintiff's First Amended Complaint (ECF No. 26), and NBCU's Opposition to Plaintiff's first Sanctions Motion (ECF No. 32).

DAVIS WRIGHT TREMAINE LLP

counsel Kelli Sager, Rochelle Wilcox, and Brendan Charney, for filing a Joinder to that Motion on behalf of the NBCU defendants.

Plaintiff did not serve a copy of his first Motion for Sanctions on defense counsel at least 21 days before filing it, as required by the "safe harbor" provision in Federal Rule of Civil Procedure 11(c)(2). See Declaration of Brendan N. Charney In Opposition To Motion For Sanctions (ECF No. 33) ("First Charney Decl.") at ¶¶ 2-3. Instead, the Sanctions Motion was first served through the Northern District of California's Electronic Case Filing system on the same day it was filed. See id., Ex. A. Accordingly, before responding to the first Sanctions Motion, NBCU e-mailed and mailed a letter to Plaintiff informing him of the requirement under Rule 11(c)(2) that a party seeking sanctions under Rule 11 serve the motion on the party against whom sanctions are sought at least 21 days before the motion is filed. First Charney Decl., Ex. B. The letter from NBCU's counsel cited controlling Ninth Circuit authority holding that compliance with Rule 11(c)(2) is "mandatory," and that failure to comply with this requirement compels denial of a motion for sanctions. Id. In response, Plaintiff promised to withdraw the motion for sanctions – a promise he abruptly withdrew one day before NBCU's deadline to file opposition papers. First Charney Decl., Exs. C, D, & E.

On January 16, 2018, NBCU filed a Motion To Dismiss the FAC (ECF No. 26). The FAC names more than a dozen defendants, and purports to bring thirteen separate causes of action. Only five of these causes of action are alleged against NBCU, however: civil conspiracy, spoliation of evidence, negligence, gross negligence and violation of Cal. Labor Code § 1700.39.[2] Because the claims against NBCU differ from the claims against other defendants, see, e.g., FAC ¶¶ 225-270, NBCU's Motion To Dismiss did not address the claims alleged against only the other defendants.

Counsel for the other defendants filed a separate Motion to Dismiss (ECF No. 27), which addressed all of the purported causes of action alleged against them, and also asserted a separate defense (res judicata) not raised by NBCU. Compare ECF No. 26 to ECF No. 27.

[2] The Labor Code claim is brought against Universal City Studios LLC, but is not alleged against NBCUniversal Media, LLC.

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

On January 23, 2018, Plaintiff sent an email to Greg Korn, counsel for other defendants in this action, proposing that the parties meet and confer in advance of a vacated Case Management Conference ("CMC") that had been set by Magistrate Judge Beeler before this case was reassigned to this Court. ECF No. 43-1; see also ECF Nos. 2, 8.[3] Responding to Plaintiff's email, NBCU's counsel proposed that the parties stipulate to continue the CMC until after the hearing on the defendants' pending dispositive Motions to Dismiss, in accordance with this Court's Civil Standing Order, ¶ 12. ECF No. 43-1 at p. 5. Plaintiff rejected this proposal without explanation. Id. at p. 6. Counsel for NBCU then informed Plaintiff and Mr. Korn that it intended to file a motion to continue the CMC, and invited Plaintiff to meet and confer about that motion. Second Charney Decl., Ex. A. Plaintiff did not respond. Id. ¶ 2.

On January 30, 2018, NBCU filed a Motion To Continue CMC And Extend Case Management Schedule (ECF No. 37), in which the other defendants joined (ECF No. 39). On January 31, 2018, the Clerk rescheduled the initial CMC to March 6, 2018 (ECF No. 40).

On February 8, 2018, Plaintiff filed his second Motion For Sanctions Against Defense Counsel (ECF No. 43), alleging that it was sanctionable for NBCU to file its Motion To Dismiss the FAC separately from the motion filed by other defendants, ECF No. 43 at 5-6, and also arguing that NBCU's counsel failed to "provide competent representation to [its] client" because it somehow did not "coordinate" with the Plaintiff concerning ADR and CMC in advance of the now-vacated deadline. Id. at 7.

On February 9, 2018, NBCU's counsel sent Plaintiff an email informing Plaintiff that, as with his first Motion For Sanctions, Plaintiff's second Sanctions Motion failed to comply with Rule 11(c)(2)'s "safe harbor" requirement. Second Charney Decl., Ex. B. The email also explained that Plaintiff's Second Sanctions Motion had no basis in law or fact, urged Plaintiff to withdraw the Motion based on its procedural and substantive deficiencies, and gave Plaintiff

---

[3] This case was reassigned on November 28, 2017 and the CMC was rescheduled on the same day via a text-only ECF notice. ECF No. 9. Plaintiff failed to serve NBCU with the Notice from this Court rescheduling the CMC, however, even though he had served NBCU with the initial Summons and Complaint on December 7, 2017, after the case was reassigned. Declaration of Brendan Charney In Support Of Defendants' Opposition To Second Motion For Sanction ("Second Charney Decl.") at ¶ 3.

notice that NBCU would seek an award of fees incurred in responding to the Motion if it was not withdrawn. Id. NBCU's counsel also noted that, following the rescheduling of the CMC, the operative deadline to meet and confer regarding ADR was February 20, and asked Plaintiff to advise of his availability to meet and confer in advance. Id. Plaintiff has not responded. Id.

## III. PLAINTIFF'S SECOND MOTION FOR SANCTIONS, LIKE HIS FIRST SANCTIONS MOTION, IS PROCEDURALLY IMPROPER.

To avoid burdening courts and parties with unnecessary disputes concerning sanctions, a party who moves for sanctions "must comply" with Federal Rule of Civil Procedure 11's "safe harbor" provision. Kinney v. Bridge, No. 3:16-cv-03211, 2017 WL 130240, *2 (N.D. Cal., Jan 13, 2017). As NBCU repeatedly has reminded Plaintiff, this provision requires that, at least 21 days before filing a motion seeking sanctions, the moving party must serve the motion on the party against whom sanctions are sought and give that party an opportunity to withdraw or correct the "challenged paper, claim, defense, contention, or denial." Fed. R. Civ. Pro. 11(c)(2). The Motion "must not be filed or … presented to the court" until at least 21 days after it has been served; even after the 21-day period has elapsed, a sanctions motion may be filed only if the party against whom sanctions are sought declines to withdraw or correct the challenged conduct. Id. (emphasis added). This procedural "safe harbor" requirement is "strict" and "mandatory." Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001).

Accordingly, a movant's failure to comply with the "safe harbor," standing alone, requires that the motion for sanctions be denied. See, e.g., id. (reversing sanctions award because moving party "did not follow the mandatory service procedure"); Kinney, 2017 WL 130240 at *3 ("[t]he Court DENIES the motion for sanctions because defense counsel did not comply with Rule 11's safe harbor provision").

Plaintiff's Second Sanctions Motion was filed on January 8, 2018, and was first served that same day, via the Court's electronic filing system. Thus, Plaintiff indisputably failed to comply with Rule 11's 21-day "safe harbor" provision. For this reason alone, the Motion must be denied.

DAVIS WRIGHT TREMAINE LLP

## IV. THE MOTION FOR SANCTIONS IS FRIVOLOUS.

### A. It Was Entirely Proper For NBCU To File A Separate Motion To Dismiss.

Plaintiff offers no authority whatsoever supporting his assertion that a party or its counsel can be sanctioned under Fed. R. Civ. Pro. 11(b)(1) for filing a motion to dismiss separately from co-parties. This routine practice is entirely proper. Indeed, Federal Rule of Civil Procedure 12(b) provides that "a party may assert … defenses by motion" (emphasis added).

Moreover, it was especially appropriate for NBCU to file its own Motion to Dismiss in this case, given that Plaintiff's purported claims against these defendants are different from the claims asserted against the other defendants. See FAC ¶¶ 225-270. NBCU's Motion presented defenses that differ in many respects from the other defendants. Compare ECF No. 26 to ECF No. 27. For example, NBCU's Motion To Dismiss pointed out that Plaintiff had failed to allege that NBCU had anything to do with the purported spoliation of evidence related to Plaintiff's prior lawsuit, Briggs v. Blomkamp (a case in which NBCU was not involved) (ECF No. 26 at 1, 6, 8), and also argued that Plaintiff failed to allege that NBCU had played any role in the purported actions by TriggerStreet (a website to which NBCU has no connection) (ECF No. 26 at 1, 4, 8-9). Plaintiff chose to sue more than a dozen individuals and entities, asserting a variety of claims against them; he cannot now complain that individual defendants respond separately to his defective pleading.

His complaint about the "cost" of the proceedings also is ironic, given that he is the one who has multiplied those costs by filing two baseless sanctions motions without even attempting to comply in good faith with the safe harbor provisions of Rule 11. Because Plaintiff's Sanctions Motion fails to allege any violation of Rule 11 by NBCU's counsel, his Motion should be denied and he should be required to pay NBCU's fees and costs incurred in responding to these baseless serial motions. Section V, infra.

### B. Plaintiff Failed To Serve Notice Of The CMC And Stopped Responding To NBCU's Meet-And-Confer Correspondence.

Plaintiff's complaint that NBCU did not "cooperate" appears to arise from his (unexplained) objection to continuing the CMC (ECF No. 43-1 at p. 6), but it was Plaintiff who

failed to respond to when NBCU attempted to meet-and-confer concerning its proposal to continue the CMC. See Second Charney Decl. at ¶ 2. Plaintiff's unexplained ad hominem attack on NBCU's counsel as "incompetent" with respect to the now-vacated case management and ADR conferences rings hollow in light of the facts that 1) Plaintiff failed to serve NBCU with the operative case management order, and 2) He failed to respond to meet-and-confer efforts by NBCU. See id. Independent of its procedural flaws, Plaintiff's Second Sanctions Motion fails to provide any basis whatsoever for sanctioning NBCU or its counsel.

**C. Plaintiff Fails To Even Articulate, Let Alone Prove, Any Basis For Sanctioning NBCU's Counsel.**

Plaintiff rests his Sanctions Motion on a claim that NBCU's counsel was "incompetent" within the meaning of American Bar Association Model Rule 1.1, because its counsel was not aware of a court notice that Plaintiff failed to serve on NBCU (Second Charney Decl. ¶ 3), and because NBCU's counsel did not meet and confer with Plaintiff on the topics for the CMC (choosing instead to seek to continue the CMC, a request the Court granted one day after NBCU filed its motion. (ECF No. 40.) Even if NBCU's counsel had been incompetent – which the facts clearly refute – that would not be a basis for sanctions under Rule 11. See Fed. R. Civ. Pro. 11(b)(1)-(4), (c) (providing for sanctions if a party violates Rule 11(b)'s requirement that a paper be presented for a proper purpose and warranted by fact and law).

Plaintiff also claims that NBCU's Motion To Dismiss the FAC contains "too many deceits and omissions" to list in his Second Sanctions Motion. Sanctions Motion, ECF No. 43, at 7. Notably, he fails to identify even one alleged "deceit" or "omission" by NBCU.[4] Thus, even if Plaintiff's Motion were procedurally proper – although it is not – it still should be denied because it is utterly baseless.

---

[4] NBCU disputes Plaintiff's characterization of the arguments made by the other Defendants but even if true, conduct by those Defendants would not provide any basis for sanctioning NBCU.

DAVIS WRIGHT TREMAINE LLP

## V. PLAINTIFF SHOULD BE ORDERED TO PAY NBCU THE EXPENSES IT INCURRED IN RESPONDING TO THIS MOTION.

To prevent Rule 11 from being abused through the filing of frivolous motions for sanctions, Rule 11 expressly provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. Pro. 11(c)(2). Although the party who files a Rule 11 motion must comply with procedural requirements (including the safe-harbor requirement that Plaintiff ignored here), "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001) (emphasis added).

Courts regularly exercise their discretion to award sanctions to parties that successfully oppose Rule 11 motions. See, e.g., id. (affirming award of counter-sanctions to prevailing party who successfully opposed Rule 11 motion); Adhikari v. Daoud & Partners, No. 4:09-CV-1237, 2017 WL 5904782, at *3 (S.D. Tex., Nov. 30, 2017) (awarding fees to party that successfully opposed a Rule 11 motion for sanctions); Claudet v. First Federal Credit Control, Inc., No. 6:14-cv-2068-Orl-41DAB, 2015 WL 7984410, at *3 (M.D. Fla., Nov. 17, 2015) (same); Rich v. Taser Intern., Inc., No. 2:09-cv-02450-ECR-RJJ, 2012 WL 3155137, at *3 (D. Nev., Aug. 2, 2012) (same); Boim v. Quranic Literacy Institute, No. Civ. 00 C2905, 2003 WL 1956132, at *4 (N.D. Ill. Apr. 24, 2003) (same); Harman v. City of University Park, No. 3:94-CV-2450-P, 1997 WL 53120, at *1 (N.D. Tex., Feb. 3, 1997) (same).

Plaintiff's Second Sanctions Motion is itself sanctionable. First, it was manifestly improper for Plaintiff to file this Motion without complying with Rule 11's "safe harbor" procedure, especially given that he was put on notice of the Rule's requirements after he failed to comply in filing his first Sanctions Motion. Section III, supra.

Second, none of Plaintiff's purported grounds for requesting sanctions has any basis in law or fact. Section IV, supra.

Third, Plaintiff failed to withdraw his Motion even after NBCU gave notice of these procedural and substantive deficiencies. Second Charney Decl. Ex. B.

DAVIS WRIGHT TREMAINE LLP

For each of these reasons, NBCU should be awarded the fees and costs it was forced to incur to respond to Plaintiff's Second Sanctions Motion.

Plaintiff's conduct already makes clear that he intends to abuse this Court's processes as long as this case remains pending in this Court. This Court should send a clear message to Plaintiff that he must stop wasting this Court's and the parties' time with manifestly improper filings, and put an end to Plaintiff's abusive conduct now.

## VI. CONCLUSION.

For all of the foregoing reasons, NBCU respectfully requests that the Court deny Plaintiff's Second Motion for Sanctions as procedurally improper and baseless, sanction Plaintiff for filing another improper and frivolous Motion, order that NBCU is entitled to an award of expenses, including attorneys' fees, under Rule 11(c)(2), and permit NBCU to file an affidavit setting forth the expenses, including attorneys' fees, it has incurred in responding to the Motion.

Respectfully submitted this 22nd day of February, 2018.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY

By: */s/Rochelle L. Wilcox*
Rochelle L. Wilcox

Attorneys for Defendants
UNIVERSAL CITY STUDIOS LLC and
NBCUNIVERSAL MEDIA, LLC