1   KELLI L. SAGER (State Bar No. 120162)
      kellisager@dwt.com
2   ROCHELLE L. WILCOX (State Bar No. 197790)
      rochellewilcox@dwt.com
3   BRENDAN N. CHARNEY (State Bar No. 293378)
      brendancharney@dwt.com
4   DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, Suite 2400
5   Los Angeles, California 90017
    Telephone:     (213) 633-6800
6   Facsimile:     (213) 633-6899

7   Attorneys for Defendants
    UNIVERSAL CITY STUDIOS LLC and
8   NBCUNIVERSAL MEDIA, LLC

9

10

11              IN THE UNITED STATES DISTRICT COURT

12             THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14  STEVE WILSON BRIGGS,                    Case No. 17-cv-06552-VC

15              Plaintiff,                  [Hon. Vince Chhabria]

16        v.                               **DECLARATION OF BRENDAN N.
                                           CHARNEY IN SUPPORT OF
17  UNIVERSAL CITY STUDIOS LLC;            DEFENDANTS' UNIVERSAL CITY
    NBCUNIVERSAL MEDIA, LLC;               STUDIOS LLC'S AND NBCUNIVERSAL
18  SONY PICTURES ENT INC.; KEVIN          MEDIA, LLC'S OPPOSITION TO
    SPACEY; ARI (ARIEL) EMANUEL; MATT      PLAINTIFF'S SECOND MOTION FOR
19  DAMON; BEN AFFLECK; NEILL              SANCTIONS**
    BLOMKAMP; MORDECAI (MODI) WICZYK;
20  ASIF SATCHU; BILL BLOCK; DANA          Date:      March 15, 2018
    BRUNETTI; MRC II DISTRIBUTION          Time:      10:00 a.m.
21  COMPANY LP (AKA MRC, Media Rights      Crtrm:     4
    Capital, and all other MRC entities and
22  subsidiaries)

23

24              Defendants.

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

## SECOND DECLARATION OF BRENDAN N. CHARNEY

I, BRENDAN N. CHARNEY, declare:

1.     I am an associate with the law firm Davis Wright Tremaine, LLP, and one of the attorneys representing Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "NBCU") in this matter.  I submit this declaration in support of NBCU's Opposition To Plaintiff's Second Motion For Sanctions and Request For Award Of Expenses Under F.R.C.P. 11(c)(2).  The matters stated in this declaration are true based on my personal knowledge and, if called, I could and would testify competently thereto.

2.     On January 24, 2018, I received a message originally sent on January 23, 2018 by Plaintiff to Greg Korn, counsel for other defendants in this matter, concerning case management procedures in this matter.  On January 24, 2018, I sent a message to Plaintiff noting that NBCU had not been served with an order by Judge Chhabria setting a case management conference in this matter, and proposing that the parties stipulate to continue the CMC to 12 days after the hearing on defendants' motions to dismiss the First Amended Complaint.  In response, Plaintiff refused to stipulate to continue the CMC.  In light of Plaintiff's refusal, I sent a message to him on January 26, 2018 to meet and confer concerning NBCU's intent to file a motion to continue the CMC.  In my January 26 message, I informed Plaintiff of the grounds for the anticipated motion and asked Plaintiff to let me know if he planned to oppose the motion and, if so, on what grounds.  Plaintiff did not respond.  A true and correct copy of the e-mail thread containing Plaintiff's message to Mr. Korn, Mr. Korn's forwarding message to NBCU's counsel, and my ensuing correspondence with Plaintiff to meet and confer about continuing the CMC is attached hereto as **Exhibit A**.

3.     I have been one of the attorneys of record for NBCU since the beginning of this matter, and, on that basis, am familiar with all of the documents served on NBCU in this matter. Based upon my personal knowledge and a review of the papers served on NBCU in this matter, NBCU was served with the initial Summons and Complaint in this matter on December 7, 2017. The packet of documents served on NBCU included a copy of Magistrate Judge Beeler's vacated

DAVIS WRIGHT TREMAINE LLP

1

1  Order setting a Case Management Conference (ECF No. 2).  It did not include notice of an order

2  by this Court, the honorable Judge Chhabria presiding, setting a CMC following Plaintiff's

3  declination of consent to Magistrate Judge Beeler.

4          4.       On Friday, February 9, 2018, I sent an e-mail to Plaintiff that notified him of the

5  various deficiencies with the Second Motion for Sanctions and demanded that Plaintiff withdraw

6  it.  Attached hereto as **Exhibit B** is a true and correct copy of the February 9, 2018 e-mail that I

7  sent Plaintiff.

8          I declare under penalty of perjury under the laws of the United States and the State of

9  California that the foregoing is true and correct, and that this declaration was executed on the

10  22nd day of February, 2018, in Los Angeles, California.

11

12                                              _/s/ Brendan N. Charney_
                                                 Brendan N. Charney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

CHARNEY DECL. ISO OPP. TO SECOND SANCTIONS MOTION
Case No. 17-cv-06552-VC

# EXHIBIT A

| From: | Charney, Brendan |
|-------|------------------|
| To: | Steve Wilson Briggs |
| Cc: | Wilcox, Rochelle; gkorn@kwikalaw.com; Sager, Kelli; Pearmain, Lina |
| Subject: | RE: Meet and confer; ADR, etc. |
| Date: | Friday, January 26, 2018 1:24:33 PM |

Mr. Briggs,

In light of your refusal to stipulate to continue the CMC until after the hearing on defendants' dispositive Motions to Dismiss, defendants plan to move for relief from case management procedures under N.D. Cal. Local Rule 16-2(d). We anticipate filing this motion early next week. The motion will request that the CMC be continued until at least 30 days after February 22—the date that defendants' Motions to Dismiss will be heard.

I write to meet and confer about this motion. Put simply, the grounds for the motion are:

1) Case management procedures are not appropriate at this time because, as set forth in defendants' pending Motions to Dismiss, the FAC is unintelligible; therefore it is not possible to create a discovery plan, arrange for initial disclosures, discuss the preservation of evidence, etc. because the FAC does not identify any wrongdoing by our clients that could inform the scope of discovery in this case. For similar reasons, the unintelligibility of the FAC makes it impossible to discuss alternative dispute resolution or to plan the schedule of the case.

2) Judicial economy and the efficient use of the parties' resources will be served by deferring case management procedures until after the Court has had an opportunity to rule on defendants' pending dispositive motions to dismiss.

In light of the above, we reiterate our proposal that the parties avoid unnecessary motion practice by jointly stipulating to continue the CMC in accordance with Judge Chhabria's Standing Order. **If you continue to decline to cooperate with a stipulation, please let us know if you will oppose the above-described motion for relief from case management procedures, and if so, on what grounds.**

Also, given the unintelligibility of the FAC, we do not see how a conference under FRCP 26(f) could be productive, for the same reasons set forth in item number 1, above. Therefore, we decline to participate in a Rule 26(f) conference, pending the Court's decision on the motion for relief from case management procedures.

Finally, to resolve the confusion created by your message below, please note that there is a CMC currently set for February 13. Please see ECF No. 9. (And, for the record, NBCU was never served with notice of this CMC.)

We look forward to your response.

Regards,

Brendan

**Brendan Charney | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6824 | Fax: (213) 633-6899
Email: brendancharney@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Steve Wilson Briggs [mailto:snc.steve@gmail.com]
**Sent:** Wednesday, January 24, 2018 11:39 PM
**To:** Charney, Brendan
**Cc:** Wilcox, Rochelle; gkorn@kwikalaw.com
**Subject:** Re: Meet and confer; ADR, etc.

Mr. Korn, Mr. Charney, and Ms Wilcox,

   I think we may be talking about different deadlines, and we also may have different uderstandings of certain central dates. My initial email was just an effort to adhere to the Case Schedule - Multi-Option Program event schedule, from the Order Setting Initial Case Management Conference And ADR Deadline. Page 2 of that order set Jan 25th as the last day to meet and confer about ADR, initial disclosures, early settlement, discovery plan, etc. I've attached the first two pages of that order, for your convenience.
   If this is correct, you have my phone number and times I can talk, Thursday, if you'd like.
   I think Mr. Charney's dates may be a bit off, as he suggested the docket indicated the CMC was set for Feb 13th. I still have the understanding that the CMC is set for Feb 15th.
   Although I hate being disagreeable, I don't agree to moving the CMC to March 6th. So please do not prepare that stipulation.
   If somehow I was mistaken about any of the Jan 25th meet and confer deadline info, my apologies.

   Thanks


Steve Wilson Briggs


On Wed, Jan 24, 2018 at 4:55 PM, Charney, Brendan <BrendanCharney@dwt.com> wrote:
Mr. Briggs,

Thank you for your message. We also had not received an order by Judge Chhabria setting a CMC—although we now understand from reviewing the docket that a CMC is set for February 13.

As you may have seen, Judge Chhabria's Civil Standing Order provides that, "If a dispositive motion to dismiss is filed, the parties can stipulate to move the initial case management conference to 12 days after the hearing on that motion."

Given the upcoming February 22 hearing on defendants' motions to dismiss, we propose stipulating to move the CMC to March 6.  Do you have any objection to doing so? If not, we will prepare a joint

stipulation for your review.

Regards,

Brendan

**Brendan Charney | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6824 | Fax: (213) 633-6899
Email: brendancharney@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

---

**From:** Gregory P. Korn [mailto:GKorn@kwikalaw.com]
**Sent:** Wednesday, January 24, 2018 8:51 AM
**To:** Steve Wilson Briggs
**Cc:** Wilcox, Rochelle
**Subject:** RE: Meet and confer; ADR, etc.

Mr. Briggs,

I am copying Rochelle Wilcox, who represents NBC Universal.

I wasn't aware we had a Jan. 25 deadline. I haven't seen the issuance of an order setting a
scheduling conference that would then require us to meet and confer under Rule 26. If you're
referring to an order that was issued when Magistrate Judge Beeler had the case, I don't believe
that's applicable.

**Rochelle**, what's your take on this?

Note that I'm in deposition today and won't be accessible most of the day.

Regards,

Greg

Gregory P. Korn | Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
Direct Dial: 310.566.9807 | Direct Fax: 310.566.9877
Main Tel: 310.566.9800 | Main Fax: 310.566.9850

---

**From:** Steve Wilson Briggs [mailto:snc.steve@gmail.com]
**Sent:** Tuesday, January 23, 2018 10:09 PM
**To:** Gregory P. Korn
**Subject:** Meet and confer; ADR, etc.

Mr. Korn,

I hope all is well.

I'm contacting you because, as I'm sure you're aware, Thursday, Jan 25th, is our deadline to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan.

As I recall, a few years ago you reached out to me to initiate that process; so, I thought I might reach out to you this time.

As far as convenient times to call...

**Wednesday** (1/24) my work schedule is pretty full, but I can take a call anytime between 7:30pm-9pm. If this is your preferred time, it would be nice to receive a call or text sometime in the afternoon. Or, I may be able to squeeze in a call from 3:30pm-4pm, if you're willing to shoot me a text around 3:20 to make sure I'm not in a meeting or with students.
OR
**Thursday** (1/25) we can talk anytime between 6:15pm and 9pm. I **may** also be able to talk between 9:15am and 10am, but would also need a text a few minutes before, in case I'm pulled into a meeting or need to support students.

You, or any of your associates, can reach me at 510 200 3763. If I can't pick up, please leave a message with a return number, and I'll get back to you as soon as possible.

Hope this helps.


Steve Wilson Briggs


This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Thank you.

# EXHIBIT B

| | |
|---|---|
| **From:** | Charney, Brendan |
| **To:** | snc.steve@gmail.com |
| **Cc:** | Wilcox, Rochelle; Pearmain, Lina |
| **Subject:** | Briggs v. Universal Pictures - withdrawal of Motion for Sanctions |
| **Date:** | Friday, February 09, 2018 3:28:34 PM |

Mr. Briggs:

I write concerning the Motion for Sanctions (ECF No. 43) you filed earlier today, and in particular, to urge you to withdraw this procedurally improper and baseless Motion.

As we advised you in connection with your last Motion for Sanctions (ECF No. 24), a motion for sanctions "must not be filed or … presented to the court" until at least 21 days after it is served on the party against whom sanctions are sought, in order to give that party an opportunity to withdraw the challenged paper, claim, defense, contention, or denial.  Fed. R. Civ. Pro. 11(c)(2).  As we told you when you failed to comply with this provision last time, this procedural "safe harbor" requirement is "strict" and "mandatory."  Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001) (reversing sanctions award because moving party "did not follow the mandatory service procedure").  I refer you to our letter of January 17, 2018 and our Opposition to your previous Motion for Sanctions (ECF No. 32) for a more full discussion of this requirement.

Here, you have again served a motion for sanctions via ECF on the same day it was filed, without even attempting to present it before filing.  It is beyond question that you failed to comply with the mandatory safe harbor.  For this reason alone, the Motion must be withdrawn.  Indeed, your failure to comply with the safe harbor is particularly egregious given that you were put on notice of this requirement the last time you filed a sanctions motion.

In addition, the Motion is frivolous, i.e., it patently lacks any basis in fact or law. Your latest sanctions motion seems to rest on the belief that NBCU is required to coordinate with counsel for the other defendants in moving to dismiss the FAC.  You cite no authority—and there is none—for this proposition.  Rather, Federal Rule of Civil Procedure 12(b) provides that "a party may assert … defenses by motion" (emphasis added).

Moreover, NBCU's Motion to Dismiss argues that NBCU has nothing to do with your allegations that evidence was spoiled in Briggs v. Blomkamp (a case in which NBCU was not involved)—and also argues that NBCU has nothing to do with contract, fraud, and infringement allegations concerning TriggerStreet (a website to which NBCU has no connection).  This highlights the fact that NBCU's arguments for dismissal differ in certain respects from those of the other defendants.  Therefore, while it would be proper in any event for NBCU to file its own Motion to Dismiss, it was especially appropriate to do so here.

Finally, your suggestion that we did not meet and confer with you about case management and ADR rings hollow in light of the facts that 1) you failed to serve NBCU with the operative case management order, and 2) you ceased responding to our meet-and-confer correspondence when we proposed moving to continue the CMC.  We also note that the ADR deadline cited in your sanctions motion is now moot in light of the rescheduling of the CMC (see ECF No. 40).

Please be advised that, as with your prior sanctions motions, we intend to seek recovery of our fees if we are forced to respond to this—yet another—baseless motion for sanctions.  Fed. R. Civ. Pro. 11(c)(2); see also, e.g., Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001).  An award of fees is all the more likely in light of the fact that you have again failed to comply with the mandatory safe harbor after having been put on notice of it.

Please advise by Monday, February 12, 2018, whether you intend to withdraw the Motion. Please send any response to this email directly to me and my colleague Rochelle Wilcox (cc'd).

Finally, our deadline to meet and confer regarding ADR is February 20.  Please advise of your availability over the next week so that we can schedule that call.

Sincerely,

Brendan

**Brendan Charney | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6824 | Fax: (213) 633-6899
Email: brendancharney@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.