KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
MRC II DISTRIBUTION COMPANY LP;
MORDECAI WICZYK; ASIF SATCHU;
SONY PICTURES ENTERTAINMENT INC.;
ARIEL EMANUEL; and NEILL BLOMKAMP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILSON BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, et al.,<br><br>Defendants. | Case No. CV 17-6552-VC<br><br>[Hon. Vince Chhabria]<br><br>**SUPPLEMENT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(b)(1)** |

Further in support of the Motion to Dismiss First Amended Complaint, Defendants hereby request pursuant to Rule 201 of the Federal Rules of Evidence that the Court additionally take judicial notice of the following document:

1. The March 1, 2018 opinion of the Ninth Circuit Court of Appeals affirming the grant of summary judgment in *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155 (N.D. Cal. 2014), a true and correct copy of which is attached hereto as Exhibit 1.

DATED: March 6, 2018          Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:     /s/ Gregory Korn
        Gregory Korn
        Attorneys for Defendants
        MRC II DISTRIBUTION COMPANY LP;
        MORDECAI WICZYK; ASIF SATCHU;
        SONY PICTURES ENTERTAINMENT INC.; ARIEL
        EMANUEL; and NEILL BLOMKAMP

/542723

# EXHIBIT 1

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE K. WILSON BRIGGS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SONY PICTURES ENTERTAINMENT, INC.; TRISTAR PICTURES, INC.; MEDIA RIGHTS CAPITAL; QED INTERNATIONAL; NEILL BLOMKAMP,<br><br>Defendants-Appellees. | No.   14-17175<br><br>D.C. No. 4:13-cv-04679-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted February 28, 2018**

Before:   Thomas, Chief Judge, Trott and Silverman, Circuit Judges.

Steve K. Wilson Briggs appeals pro se from the district court's summary judgment in his copyright action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir.

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2002), and we affirm.

The district court properly granted summary judgment on Briggs's copyright infringement claim because Briggs failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay *Butterfly Driver*, or whether Briggs's screenplay and defendants' film *Elysium* are either strikingly or substantially similar. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (setting forth ways a plaintiff may prove access); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) ("Absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying."); *see also Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-25 (9th Cir. 2010) (setting forth the extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue, such as plot, sequence of events, theme, dialogue, mood, setting, pace, and characters).

We reject Briggs's unsupported contention that the district court applied the wrong standard for deciding whether the defendant has accessed the plaintiff's work. *L.A. Printex* did not overrule *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*, 581 F.3d 1138 (9th Cir. 2009), or *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000), by not expressly reiterating that speculation or conjecture fails to establish a reasonable probability of access. *See L.A. Printex*, 676 F.3d at 846 ("'To prove access, a plaintiff must show a reasonable possibility, not merely a

bare possibility, that an alleged infringer had the chance to view the protected work.'") (quoting *Art Attacks Ink*, 581 F.3d at 1143); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). This court in *Loomis v. Cornish* reaffirmed that access can be proved with circumstantial evidence either by a chain of events linking the plaintiff's work and the defendant's access, or by showing that the plaintiff's work has been widely disseminated. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Summary judgment was proper because Briggs's speculations about access did not raise a triable dispute.

The district court did not abuse its discretion by denying Briggs's motion to amend his complaint after the deadline set forth in the pretrial scheduling order because Briggs failed to show "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and the "good cause" requirement to modify a scheduling order).

The district court did not abuse its discretion by granting Briggs a shorter discovery continuance than he had requested. *See Martel v. Cnty. of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc) ("[A] district court's decision to deny a continuance sought for the purposes of obtaining discovery will be disturbed only upon the clearest showing that denial of discovery results in actual and substantial

prejudice to the complaining litigant.") (citation and internal quotation marks omitted).

**AFFIRMED.**