UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KENYATTA WILSON BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PICTURES, et al.,<br><br>Defendants. | Case No. 17-cv-06552-VC<br><br>**ORDER DENYING MOTIONS FOR SANCTIONS AND ORDER TO SHOW CAUSE**<br><br>Dkt Nos. 24, 43 |

1. Steve Briggs' two motions for sanctions are denied because, at a minimum, Briggs failed to comply with Federal Rule of Civil Procedure 11(c)(2). In addition, his motions appear frivolous.

2. Briggs is ordered to show cause why the claims against Kevin Spacey and Dana Brunetti should not be dismissed because Briggs has failed to timely serve these defendants.

It appears that Spacey and Brunetti were not properly served before February 12, 2018, the last day for Briggs to serve the defendants named in the original complaint. *See* Fed. R. Civ. P. 4(m); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (noting amended complaint does not extend time to serve defendants named in earlier complaint). Briggs filed proofs of service showing that Leila Marchbanks attempted to serve Spacey and Brunetti on February 7, 2018. *See* Dkt. Nos. 46, 47. For service on Spacey, Marchbanks "personally served" a copy of the summons and the First Amended Complaint, along with other documents, "to the law firm of Morris Yorn Barnes Levine Krintzman Rubenstein Kohner & Gellman." Dkt. No. 47. The proof of service states that the documents were served at Morris Yorn's address, with "Attention: Todd Rubenstein." *Id.* For service on Brunetti, Marchbanks

"personally served" a copy of the summons and the First Amended Complaint, along with other documents, "to [Brunetti's] talent agency, Creative Artists Agency." Dkt. No. 46. The proof of service states that the documents were served at Creative Artists Agency's address, with "Attention: Matt DelPiano." *Id.*

The proofs of service do not establish that Briggs has properly served either Spacey or Brunetti under Federal Rule of Civil Procedure 4(e) and California law. *Cf. Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003) (noting that "the party on whose behalf service was made has the burden to establish its validity"). First, there is no evidence that Spacey authorized Rubenstein or Morris Yorn to receive service of process on his behalf, and no evidence that Brunetti authorized DelPiano or Creative Artists Agency to receive service of process on his behalf. *See* Cal. Civ. Pro. Code §§ 415.10, 416.90; *Summers v. McClanahan*, 140 Cal. App. 4th 403, 413-14 (2006); *see also* Cal. Civ. Pro. Code § 417.10(a) ("The [proof of service] shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served"). Even if Rubenstein or DelPiano (or Morris Yorn or Creative Artists Agency) were Spacey or Brunetti's agents for purposes of service of process, the proofs of service do not provide enough evidence to suggest that Rubenstein, DelPiano, Morris Yorn, or Creative Artists Agency were properly served. *See* Cal. Civ. Pro. Code §§ 415.10, 416.10; *see also* Cal. Civ. Pro. Code §§ 415.20, 417.10(a); *Lebel v. Mai*, 210 Cal. App. 4th 1154, 1163 (2012).

If the claims against Spacey and Brunetti are dismissed because they have not been properly served, then there will be no remaining federal claims in this suit. It appears that the remaining claims should then be dismissed without prejudice for lack of subject-matter jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Briggs is ordered to file a response by no later than March 21, 2018, addressing whether he has timely served Spacey and Brunetti, and, if not, whether there is good cause for his failure to timely serve these defendants. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). He can

also address whether the court would have subject-matter jurisdiction if the claims against Spacey and Brunetti are dismissed.  The defendants who have appeared in this action must file a response by no later than March 28, 2018.  Spacey and Brunetti can also file a response to this order to show cause without waiving a personal-jurisdiction defense; any response is also due on March 28, 2018.

**IT IS SO ORDERED.**

Dated: March 14, 2018

_____

VINCE CHHABRIA
United States District Judge