1  Steve Wilson Briggs

2  681 Edna Way

3  San  Mateo, CA 94402

4  510 200 3763

5  snc.steve@gmail.com

6  PLAINTIFF In Propria Persona

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  STEVE WILSON BRIGGS                    Civ No: CV 17 6552 VC

12         Plaintiff,

13           vs                            **REQUEST FOR JUDICIAL NOTICE**

14  UNIVERSAL PICTURES, et al.,

15         Defendants.

16

17  <u>**REQUEST FOR JUDICIAL NOTICE**</u>

18

19       Pursuant to Federal Rule of Evidence 201, Plaintiff Steve Wilson Briggs hereby

20  requests that the Court take judicial notice of the attached documents, in support of the

21  Plaintiff's FAC and his claims against the Defendants.

21       The first document submitted for judicial notice concerns is the Plaintiff's petition

22  to the Ninth Circuit Court of Appeals for a rehearing and rehearing en banc of

23  the Appellate Court's recent unpublished **Memorandum** affirming the District

24  Court's summary judgment ruling, in favor of the Defendants, in prior action

25  *Briggs v Blomkamp, et al* (CV 13 4679). This petition is entitled ***Appellant's***

26  ***Petitions for A Rehearing And Rehearing En Banc.*** [Attached as **Exhibit 1**]. It

27

28  was submitted to the Ninth Circuit on March 13, 2018.

1      The second document submitted for judicial notice is the Ninth Circuit panel's

2  aforementioned **Memorandum**, filed February 28, 2018. [Attached as **Exhibit 2**].

3      If the Plaintiff's research is correct, it may take up to seven months for the Ninth to

4  decide whether to grant or deny the petition, then it will take another 6-7 weeks before the

5  rehearing concludes. Assuming, for the sake of argument, the Ninth denies this petition, the

6  Plaintiff intends to submit a ***Writ of Certiorari*** to the U.S. Supreme Court. From this, it is

7  reasonable to assume prior action *Briggs v Blomkamp* will remain unresolved for some time.

8     •  (Re prior action, Briggs v Blomkamp: the Defendants and their Counsel

9         believe *Briggs v Blomkamp* has a direct bearing on THIS matter. The Plaintiff

10        contends that **it does not**. The Conspiracy and Subornation of Perjury causes

11        (among other claims in this matter) explain that Defendants won summary

12        judgment in *Briggs v Blomkamp* due to the fraudulent report of Jeff Rovin,

13        and other deceits. Losing *Briggs v Blomkamp* in the appellate court (due,

14        again, to the aforementioned fraud and deceit) was always the probability.

15        The fact that the Defendants hired a *fixer* to commit fraud on the Court to win

16        Briggs v Blomkamp played a role in the Plaintiff's assessment of damages in

17        this matter, as did the totality of the actions taken by the Defendants.)

18

19 Dated: March 15, 2018

20                 Respectfully Submitted,

21                         /s/ Steve Wilson Briggs

21                        Steve Wilson Briggs

22                      Plaintiff, In Propria Persona

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT 1

**No. 14-17175**

_____

**UNITED STATES COURTS OF APPEALS
FOR THE NINTH CIRCUIT**

_____


STEVE WILSON BRIGGS
Plaintiff-Appellant

v.

SONY PICTURES ENTERTAINMENT, INC., NEILL BLOMKAMP, ET AL
Defendants-Appellee

_____

On Appeal from the United States District Court
for the Northern District of California,
D.C. No. 4:13-cv-04679-PJH

Hon. Judge Phyllis J. Hamilton

_____

**APPELLANT'S PETITION FOR REHEARING
AND REHEARING EN BANC**

_____

Steve Wilson Briggs
681 Edna Way,
San Mateo, CA 94402
(510) 200 3763
snc.steve@gmail.com

*Appellant In Propria Persona*

# TABLE OF CONTENTS

Table of Contents………………………..………………………………………… i

Table of Authorities…………….…………………………………………......… ii

Introduction…………………….…………………………………………… 1

Argument……………….………………………………………………… 3

I.  An aspect of the Opinion requires consideration by the full Court because (1) the Opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity; (2) it is necessary to secure or maintain uniformity of the Court's decision; (3) the proceeding involves a question of exceptional importance. <u>Also and alternatively, a panel rehearing is also appropriate regarding this aspect, because</u>: (4) a material point of fact or law was overlooked in the decision; and (5) an apparent conflict with another decision of the Court was not addressed in the opinion…………………………………………....……..... 3

II.  Another substantial aspect of the Opinion overlooks material points of law, and creates conflicts with prior decisions of this court; thus, a rehearing is necessary to secure uniformity of this Court's decisions.............................. 5

III.  And in another substantial aspect of the Opinion, a material point of fact or law was overlooked, and an apparent conflict with another decision of the Court was not addressed in the Opinion; thus, consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions…....... 7

IV.  The panel's Opinion directly conflicts with standards and protocols among the circuit courts and the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity………………………………………………………………... 9

V.  The proceeding involves a question of exceptional importance……...…… 11

Conclusion…………………………………….…………………………… 14

i

# TABLE OF AUTHORITIES

***Cases:***

*Rentmeester v. Nike*, (9th Cir., 15-35509, July, 2017)................................. 2, 5, 6, 7

*L.A. Printex Indus v. Aeropostale, Inc*. (9th Cir, 2012)............................ 3, 4, 7, 8, 9

*Mattel, Inc. v. MGA Entertainment, Inc.,* 616 F.3d 904 (9th Cir. 2010)................... 6

*Harper & Row v. Nation Enterprises*, 471 U.S. 539 (1985)..................................... 7

*Selle v. Gibb* 741 F.2d 896 (1984)........................................................................ 10

*Ty, Inc. v. GMA Accessories* (7th Cir. 1997)........................................................ 10

Kumho Tire Co. v. Carmichael 526 U.S. 137, 148 (1999)..................................... 13

***Statutes, Rules, and Constitutional Provisions***

Fed. R. App. P. 40…...................................................................................... 1

Fed. R. App. P. 35………………………………………………………… 1

Ninth Circuit Rule 35-1 to -3………………………………………………… 1

***Other Sources***

Nimmer On Copyright (2005)........................................................................ 10, 11

## Introduction

Appellant Steve Wilson Briggs hereby petitions for a rehearing and rehearing en banc of the Opinion (Doc. 32-1) entered February 28, 2018, in favor of the Appellees, affirming the District Court's ruling. A panel rehearing is appropriate per Fed. R. App. P. 40,  in decisions such as this, when an apparent conflict with another decision of the Court was not addressed in the opinion, or a material point of law or fact is overlooked; and per Fed. R. App. P. 35; Ninth Circuit Rule 35-1 to -3, to secure or maintain uniformity of the court's decisions, when the matter involves a question of exceptional importance, and/or when the opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

The Appellant's Brief to this Court, like his original Complaint, made detailed copyright claims and comparisons, stressed the *substantial* and *strikingly similarity* between the works, and made **nine (9) arguments** against the District Court's summary judgment. Only one (1) of these arguments concerned *access*.

This Court responded with an **unpublished memorandum** that (minus the caption page) was slightly over 2-pages in length, ignored more than seven (7) of the Appellant's arguments, focused almost exclusively on access, and only mentioned *substantial similarity* and *striking similarity* to arbitrarily declare that there was no similarity, without providing any reasoning one would expect from an Opinion.

This petition addresses five failings of this Opinion. These failings are:

1. The Opinion does **<u>not</u>** address over seven (7) of the Appellant's nine arguments, and only fully addresses the Appellant's final and weakest argument.

2. the District Court failed to give the Plaintiff's work **<u>broad</u> protection**, as reaffirmed recently in *Rentmeester v. Nike*, (9th Cir., 15-35509, July, 2017):

3. The Opinion failed to consider the doctrine of widespread dissemination;

4. District Court's failed to apply a case law standard for striking similarity;

5. The District Court failed to test for striking similarity;

6. The District's ruling is based on the falsified report of Defendant's expert Jeff Rovin's**.***

**\*NOTE: October 2016, almost 2 years after this matter went to Appeals, Jeff Rovin went on FOX News' *The Sean Hannity Show* to admit he was a "fixer" (paid to write false *smear* stories) for President Bill Clinton during the Clinton administration.**

## Argument

I. **An aspect of the Opinion requires consideration by the full Court because (1) the Opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity; (2) it is necessary to secure or maintain uniformity of the Court's decision; (3) the proceeding involves a question of exceptional importance. <u>Also and alternatively, a panel rehearing is also appropriate regarding this aspect, because</u>: (4) a material point of fact or law was overlooked in the decision; and (5) an apparent conflict with another decision of the Court was not addressed in the opinion.**

The Appellant submitted **nine (9) arguments** against the District Court's summary judgment ruling. However, this Court's Opinion **did NOT address any part of seven (7) of these arguments**, only addressed a portion of the Appellant's first argument, and only fully addressed the Appellant's final and least compelling argument. The panel's Opinion did not so much as mention the arguments they did not address. The arguments from the Appellant's Brief which were overlooked are:

1. **(B)** The Court Did Not Apply The **Widespread Dissemination** Standards Established In L.A. Printex Indus v. Aeropostale, Inc. **(C)** The Availability Of Plaintiff's Work On The Only Social Network For Filmmakers & Screenwriter, And Parties Engaged In The Same Market Confirm Widespread Dissemination.
**(Note: the panel addressed part (A) of Argument 1, but ignored part (B) and (C)**.

2. The Court Erred In Its Substantial Similarity Test; By Omitting L.A. Printex The Court Failed To Test "Obejective [sic] Similarities In Protectible [sic] Elements" & Failed To Give Plaintiff "Broad" Protection.

3

3.   The Court Erred In Using Dissection Analysis, (Discredited By L.A. Printex); Thus, Failed To Analyze Objective Similarities In Protectable Elements.

4.  The Order Errs As It Is Predicated On The Omission & Mistatement [sic] Of Central Facts & Claims.

5.   The Court Erred In Not Choosing A Case Law Standard To Define "Striking Similarity".

6.  The Court Erred In Its Direct Comparison Ruling.

7.  The Order Errs As It Did Not Test For "Striking Similarity"

8. The Court Erred In Granting Summary Judgment When The Credibility Of The Parties Is At Issue.

The United States Circuit Courts has the tremendous duty to address the legitimate arguments raised in the Appellate Briefs. In this case, the Court's unpublished Opinion did not fulfill its duty to address the remaining seven arguments raised by the Appellant, and failed to address the most important aspects of an eighth argument (Argument #1).

**This oversight undermined the Appellant, and threatens undermine justice throughout the Ninth, and is out of step with national procedure**, and sets a precedence that the Court can simply ignore difficult arguments, rather than giving them due consideration, or referring the them to the Supreme Court.

The Opinion also threatens to erode public confidence in this Court—which

is responsible for protecting U.S. intellectual property rights—because observers will assume the panel's failure to address 7 or 8 of the Appellant's arguments is an affirmation that the Court possess an inherent bias against self-represented parties.

As reported in numerous legal publications, many legal observers feel that California's big film, TV and music studios are given special consideration by California courts. The panel's unusual Opinion—which ignores most of the Appellant's central arguments—feeds into this fear and threatens to erode confidence in this Court. Without a reconsideration of this Opinion, more and more Plaintiffs, who can afford to do so, will follow the trend and move their cases out of California.

**II.    Another substantial aspect of the Opinion overlooks material points of law, and creates conflicts with prior decisions of this court; thus, a rehearing is necessary to secure uniformity of this Court's decisions.**

The Opinion did NOT apply or acknowledge the concept of "Broad Protection," as advised by the Appellant and as directed by law —most recently and most notably in *Rentmeester v. Nike*, Inc., (9th Cir., 15-35509, July 11, 2017).

The Court's decision contradicts numerous prior Ninth Circuit decisions, and contradicts established precedence in the Ninth Circuit concerning "**broad protection**". The issue of broad protection was raised by the Plaintiff in his Motion

For Summary Judgment and raised again in his Appellate Brief. However, neither the District Court nor the appellate panel acknowledged or addressed this point, nor did they implement protocols or procedures for granting "broad protection" to creative works, such as the Plaintiff's screenplay (which features an Earth orbiting super-satellite city for the super rich, advanced technologies, and modern social issues projected into future settings), as directed by *Rentmeester v. Nike, Inc.*

The need to give all creative works **broad protection** was perhaps stated best in the recent decision of *Rentmeester v. Nike, Inc.*, (9th Cir., 15-35509, July 11, 2017), in which the Court explained:

> This is not to say, as Nike urges us to hold, that all photographs are entitled to only "thin" copyright protection, as is true of factual compilations. A copyrighted work is entitled to thin protection when the range of creative choices that can be made in producing the work is narrow. Mattel, 616 F.3d at 913–14. In Mattel, we noted by way of illustration that "there are only so many ways to paint a red bouncy ball on blank canvas." Id. at 914. **We contrasted that with the "gazillions of ways to make an aliens-attack movie," a work that would be entitled to "broad" protection given the much wider range of creative choices available in producing it.** Id. at 913–14. When only a narrow range of expression is possible, copyright protection is thin because the copyrighted work will contain few protectable features.

The Court's ruling in *Rentmeester v. Nike* is a clear directive to give all creative works broad protection. However, the District Court and this Court failed to do so.

The **U.S. Supreme Court has long recognized, supported, and utilized the concept of "broad" and/or "thick" protection,** in such cases as *Harper & Row v. Nation Enterprises*, 471 U.S. 539 (1985).

The foregoing confirms that a material point of fact or law was overlooked in the Opinion, and confirms this Court's Opinion, in this matter, is in conflict with a prior decision of this Court. Therefore, consideration by the full Court is necessary to secure and/or maintain uniformity of the Court's decisions.

III. **And in another substantial aspect of the Opinion, a material point of fact or law was overlooked, and an apparent conflict with another decision of the Court was not addressed in the Opinion; thus, consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions**

 Although so advised by the Appellant's Brief, the Court's Opinion fails to apply or acknowledge the doctrine of **Widespread Dissemination**, as required by *L.A. Printex Indus v. Aeropostale* —in conflict with numerous rulings of this Court.

Part B and C of the Appellant's first argument stated:

**(B)** The Court Did Not Apply The **Widespread Dissemination** Standards Established In L.A. Printex Indus v. Aeropostale, Inc.; and
**(C)** The Availability Of Plaintiff's Work On The Only Social Network For Filmmakers & Screenwriter, And Parties Engaged In The Same Market Confirm Widespread Dissemination.

Beyond these two questions about widespread dissemination, the Appellant also dedicated substantial portion of the opening of his Brief to the definition and

7

legal history of "widespread dissemination" (see pp 11-13 Appellate Brief). However, the panel's Opinion failed to even mention *widespread dissemination*.

Perhaps more importantly, in this Court's unpublished Opinion, the panel failed to address the fact that *L.A. Printex Indus v. Aeropostale* (1) determined that a plaintiff can prove access using circumstantial evidence of "widespread dissemination," (2) recognized the necessity of fact-specific inquiry to determine "widespread dissemination," (3) ruled that "the evidence required to show wide dissemination will vary from case to case," and (4) the panel failed to contemplate factors such as whether both parties were engaged in the same market.

More disappointing than these oversights, the panel's Opinion addressed a general question about *access*, but that question was one that the Appellant did not raise. The panel succinctly stated:

> "We reject Briggs's **unsupported contention** that the district court applied the wrong standard for deciding whether the defendant has accessed the plaintiff's work."

This statement was not accurate or responsible. The Appellant gave clear evidence and support of his claim of widespread dissemination by the fact that his work was available on the largest social network for screenwriters in mankind's history: TriggerStreet.com, coupled with fact that his work received a large number

of downloads over a period of months. Therefore, the Appellant believed his work on TriggerStreet satisfied the conditions necessary for widespread dissemination.

After the Appellant properly informed this Court and the District Court of the doctrine of *widespread dissemination*, it was for the Court to assess if the Appellant satisfied its standard. But the Court did not. Nor did this Court—like the District Court—so much as mention *widespread dissemination*.

The foregoing confirms that a material point of fact or law was overlooked in the Opinion. Therefore the Opinion is in conflict with prior decisions of this Court, such as *L.A. Printex v Aeropostale*. Therefore, consideration by the full Court is necessary to secure and/or maintain uniformity of the Court's decisions.

## IV. The panel's Opinion directly conflicts with standards, protocols and traditions among the circuit courts and the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

Although, in his MFSJ, the Plaintiff advised the District Court of two known case law standards for determining *striking similarity* (which have both tested and upheld), the District Court ignored the Plaintiff's citation, and applied a wholly invented Nimmer (Nimmer on Copyright) standard for assessing striking similarity which was cited by the Defendants. Argument #5, of the Plaintiff's Appellate Brief, addressed the District Court's improper application of an untested and inadmissible

standard over established case law standard. Yet again, the panel failed to address this problem, thereby upholding the improper application of the invented Nimmer standard.

The Plaintiff directed the *Court to Selle v Gibb* (1984), where "Striking Similarity" standard was first implemented, and to *Ty, Inc. v GMA Accessories* (1997).

The *Selle v. Gibb* 741 F.2d 896 (1984) standard for assessing striking similarity reads: **"...similarity which is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded."**

The *Ty, Inc. v. GMA Accessories* (7th Cir. 1997) standard for assessing striking similarity reads: **"A similarity that is so close as to be highly unlikely to have been an accident of independent creation is evidence of access… Access (and copying) may be inferred when two works are so similar to each other and not to anything in the public domain that it is likely that the creator of the second work copied the first."**

However, the District Court ignored ignored the Appellant's case law citations, and accepted the invented, untested, and inadmissible Nimmer Standard, which reads: **"At base, 'striking similarity' simply means that in human**

**experience, it is virtually impossible that the two works could have been independently created."** –Nimmer On Copyright (2005).

As one sees, the case law standards establish a high bar, but not impossible. Whereas the Nimmer standard is impossibly high, with language like: "...**in human experience, it is <u>virtually impossible</u>…"** Given this impossibly high and improper standard for establishing striking similarity, and without due broad protection, the Plaintiff was denied a proper hearing in the District Court and the Appellate Court.

This Court's acceptance and application of an invented *Nimmer* standard ABOVE established case law, and ABOVE the tested reasoning of fellow appellate judges, is in conflict with the protocols and traditions of this Circuit, other circuits, and the Supreme Court.

## V.     The proceeding involves a question of exceptional importance.

In the lower court, the Plaintiff moved to disqualify the Defendants' expert witness, Jeff Rovin, due to dozens of egregious examples of fraud and falsification contained in his expert report—including commiting fraud on the Court by falsifying evidence to substantiate his own false claims, by omitting 43 words from a quote. The Appellant cited dozens of other deceits contained in Rovin's report.

However, the District Court denied the Plaintiff's motion, and allowed the

falsified witness report. The Court went on to use the falsified report as the basis of its summary judgment ruling against Appellant, generously citing the report.

The Appellant then brought this issue to this Court's attention, as the ninth argument of his Appellate Brief, filed **February 23, 2015**.

Almost 2 years AFTER the Appellant submitted his Brief to this Court, October 2016, **Jeff Rovin, the Defendant's expert witness, was invited on FOX News' for an interview on *The Sean Hannity Show*.** During this interview **Rovin explained that he was a professional "fixer"**—a person paid to write falsified, smear stories. Rovin explained that he worked for 5 or 6 years for former President Bill Clinton**,** during Clinton's presidency. Rovin explained he was hired to write smear stories against Clinton's detractors, then publish the stories in the National Enquirer. Rovin explained that another "actor" in the Clinton administration brought him on board (see www.youtube.com/watch?v=JgOEKe8-5E4 ). Clinton's advisor during the Rovin years was Rahm Emanuel. Rahm Emanuel is the brother of Ari Emanuel. Ari Emanuel is a co-owner of Defendant MRC, and is the talent agent of Defendant Neill Blomkamp, and the talent agent of Matt Damon—star of the film at issue, *Elysium*.

A reasonable mind would deduce that the Defendants contracted Rovin to "fix" and falsify his expert report.

As stated earlier, the Appellant moved the District Court to exclude (or disqualify) Rovin's report, due to the extensive and flagrant fraud it contained. The motion was denied without justification. Thus, with full knowledge of this fraud, the District Court allowed the falsified report of a "fixer", and based its summary judgement ruling on Rovin's corrupt report; so much so that on the final page of the District Court's **Order Re Motions For Summary Judgment** (page 32, line 4 through line 26) the Court wrote:

> "Plaintiff seeks an order disqualifying defendants' expert **Jeff Rovin** and excluding his report. Defendants have established that **Mr. Rovin** is "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. **Mr. Rovin** is knowledgeable and an expert in the area of "science-fiction genre" – and his testimony has "a reliable basis in the knowledge and experience of his discipline." Kumho Tire Co. v. Carmichael 526 U.S. 137, 148 (1999).
>
> As such, **Mr. Rovin** cites to many previously published works to show that plot features, settings, and characters in "Butterfly Driver" are not new or original as plaintiff suggests, but reflect themes that have appeared numerous times in the past. As defendants' motion makes clear, **Mr. Rovin's** testimony supports defendants' argument that many of the plot features, themes, characters, and other features of the "Butterfly Driver" screenplay are "stock" or "generic" elements or scènes-à-faire, which are not protectable; and to support their argument that the "Butterfly Driver" screenplay and the "Elysium" film are not strikingly similar or even substantially similar.
>
> CONCLUSION
>
> In accordance with the foregoing, defendants' motion for summary judgment is GRANTED, and plaintiff's motion is DENIED. In addition, plaintiff's motion to disqualify defendants' expert Jeff Rovin is DENIED.
>
> IT IS SO ORDERED.

13

Dated: October 3, 2014
                PHYLLIS J. HAMILTON United States District Judge"

The District Court never mentioned "fraud" or "falsification", even as the District Court discussed the Plaintiff's motion to dismiss Rovin (based on fraud and falsification). Thus, the District Court allowed the falsified report of a *fixer*.

If this Court allows a decision that is knowingly based on the falsified expert report of a self-proclaimed "*fixer*", confidence in this Court will permanently suffer, and the rights of American imagineers and innovators will be further compromised. This is a matter of exceptional importance.

## CONCLUSION

For the foregoing reasons, Appellant Steve Wilson Briggs respectfully request this Court grant this petition for an en banc rehearing, or a panel rehearing.

Dated: March 13, 2018

                Respectfully submitted,

                /s/ Steve Wilson Briggs
                Plaintiff, In Propria Persona

As required, the panel's decision, which this petition challenges, is attached.

# EXHIBIT 2

**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE K. WILSON BRIGGS, | No. 14-17175 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-04679-PJH |
| v. | |
| SONY PICTURES ENTERTAINMENT, INC.; TRISTAR PICTURES, INC.; MEDIA RIGHTS CAPITAL; QED INTERNATIONAL; NEILL BLOMKAMP, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted February 28, 2018**

Before: Thomas, Chief Judge, Trott and Silverman, Circuit Judges.

Steve K. Wilson Briggs appeals pro se from the district court's summary

judgment in his copyright action. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2002), and we affirm.

The district court properly granted summary judgment on Briggs's copyright infringement claim because Briggs failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay *Butterfly Driver*, or whether Briggs's screenplay and defendants' film *Elysium* are either strikingly or substantially similar.  *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (setting forth ways a plaintiff may prove access); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) ("Absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying."); *see also Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-25 (9th Cir. 2010) (setting forth the extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue, such as plot, sequence of events, theme, dialogue, mood, setting, pace, and characters).

We reject Briggs's unsupported contention that the district court applied the wrong standard for deciding whether the defendant has accessed the plaintiff's work.  *L.A. Printex* did not overrule *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*, 581 F.3d 1138 (9th Cir. 2009), or *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000), by not expressly reiterating that speculation or conjecture fails to establish a reasonable probability of access.  *See L.A. Printex,* 676 F.3d at 846 (""To prove access, a plaintiff must show a reasonable possibility, not merely a

bare possibility, that an alleged infringer had the chance to view the protected work.""") (quoting *Art Attacks Ink*, 581 F.3d at 1143); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). This court in *Loomis v. Cornish* reaffirmed that access can be proved with circumstantial evidence either by a chain of events linking the plaintiff's work and the defendant's access, or by showing that the plaintiff's work has been widely disseminated. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Summary judgment was proper because Briggs's speculations about access did not raise a triable dispute.

The district court did not abuse its discretion by denying Briggs's motion to amend his complaint after the deadline set forth in the pretrial scheduling order because Briggs failed to show "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and the "good cause" requirement to modify a scheduling order).

The district court did not abuse its discretion by granting Briggs a shorter discovery continuance than he had requested. *See Martel v. Cnty. of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc) ("[A] district court's decision to deny a continuance sought for the purposes of obtaining discovery will be disturbed only upon the clearest showing that denial of discovery results in actual and substantial

3

prejudice to the complaining litigant.") (citation and internal quotation marks omitted).

   **AFFIRMED.**

14-17175

# Certificate of Service

I hereby certify that on March 15, 2018, I filed a REQUEST FOR JUDICIAL NOTICE with the Clerk of the **United States District Court for the Northern District of California** by filing said document through the Court's CM/EFC electronic case filing system. In doing so, I also served said document upon all other parties in this case.

I certify that all participants in the case are registered CM/ECF users, and service will therefore be completed, according to requirements, by the CM/ECF system.

Dated: March 15, 2018.

  /s/ Steve Wilson Briggs      _
               Steve Wilson Briggs