1  Steve Wilson Briggs

2  681 Edna Way

3  San  Mateo, CA 94402

4  510 200 3763

5  snc.steve@gmail.com

6  PLAINTIFF In Propria Persona

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  STEVE WILSON BRIGGS          Civ No: CV 17 6552 VC

12          Plaintiff,

13            vs                  **PLAINTIFF'S RESPONSE TO**

14  UNIVERSAL PICTURES, et al.,   **ORDER TO SHOW CAUSE**

15          Defendants.

16

17  **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

18      This document is responsive to this Court's <u>Order Denying Motions For Sanctions</u>

19  <u>And *Order To Show Cause*</u>, issued on March 14, 2018, Dkt No 69. On page one of the

20  Court Order, the Court directed the Plaintiff to show why the claims against Kevin

21  Spacey and Dana Brunetti should not be dismissed due to improper service, writing:

22          "2. Briggs is ordered to show cause why the claims against Kevin
23          Spacey and Dana Brunetti should not be dismissed because Briggs has
            failed to timely serve these defendants."
24

25          Responsive to the Court's directive, this Response will show that Defendants

26  Spacey and Brunetti were properly and timely served, and show cause that the claims

27  against Spacey and Brunetti should not be dismissed, and attend any and all other issues

28  raised by the Court in said Order.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**Both Defendants Spacey and Brunetti Have Been**
**Properly and Timely Served Under FRCP Rule 4**

Per FRCP Rule 4, a Plaintiff can serve summons and Complaint in compliance with the federal requirements of federal court Rule 4, **OR** in compliance with the requirements of California State court. The Plaintiff has served Defendants Spacey and Brunetti in compliance with requirements of FRCP Rule 4(e)(2)(C), which reads:

> Rule 4. Summons
> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> … (2) doing any of the following:
> … (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In compliance with the service guidelines of Rule 4(e)(2)(C), the Plaintiff's server (Leila Marchbanks) delivered the summons and FAC, as well as all of the other documents required under the local rules, to an agent authorized by appointment or by law to receive service of process for Defendants Spacey and Brunetti.

**Rubenstein & Morris Yorn Was Authorized To Receive Service Of Process**
**On Def Spacey's Behalf, And Delpiano & Creative Artist Agency**
**Were Authorized To Receive Service Of Process On Def Brunetti's Behalf.**

The Court has expressed concerns that the law firm of *Morris Yorn Barnes Levine Krintzman Rubenstein Kohner & Gellman* and attorney Todd Rubenstein, may not have been authorized to receive service of process for Defendant Kevin Spacey. The Court has also expressed concern that perhaps Defendant Dana Brunetti's talent agency, Creative Artists Agency (CAA), and/or to his CAA talent agent Matt DelPiano, also may not have been authorized to receive service of process for Defendant Defendant Dana Brunetti.

The Plaintiff assures the Court that there is evidence that Spacey authorized the law

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1  firm of Morris Yorn Barnes Levine Krintzman Rubenstein Kohner & Gellman, and
2  attorney Todd Rubenstein to receive service of process on his behalf; and further assures
3  the Court that there is also evidence that Defendant Brunetti authorized Creative Artists
4  Agency and/or Matt DelPiano or  to receive service of process on his behalf.

5         In researching the addresses of the Defendants, the Plaintiff encountered some
6  difficulty, because all of Defendants are celebrities or luminaries and seem to prefer to
7  keep their personal information private. Far from celebrity status, the Plaintiff is a
8  part-time filmmaker, who, upon completing his first feature length film in 2008,
9  discovered    the    services    that    **IMD**b    (http://www.imdb.com),    and    **IMDbPro**
10 (https://pro.imdb.com/) offer.  So, to find the correct addresses and agents to execute
11 service of process on such reclusive Defendants, the Plaintiff reactivated his IMDbPro
12 account, because the basic IMDb service does not provide this information.

13     On IMDbPro, all of the actors' attorney and talent agency, information is provided
14 by the actors, directors, and luminaries themselves. The IMDbPro "help" page explains:

15     "What is IMDbPro?
16     IMDbPro is the essential resource for **entertainment industry**
       **professionals**. The membership service includes comprehensive
17     information and tools that are designed to help members of the
18     entertainment industry find success throughout all stages of their career.
       There's detailed **contact and representation information**, IMDb profile
19     management tools, comprehensive and expanded data from IMDb, a
20     casting service to post breakdowns and apply to roles, and so much more."

21

22      By simply doing a Wikipedia search of  "IMBd", one can scroll down to the
23 subheading "**IMDbPro**", where they will read:

24     "**IMDbPro**
25     Actors, crew, and industry executives can **post their own** resume and
       upload photos of themselves for a yearly fee. This fee gives them
26     membership in IMDbPro. IMDbPro can be accessed by anyone willing
27     to pay the fee, which is $19.99 USD per month, or if paid annually,
       $149.99. Membership enables a user to access the rank order of each
28

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1    industry personality, as well as **agent contact information** for any
2    actor,producer, director etc. that has an IMDb page."

3    Any attempt to add or change information on IMDbPro is vetted by the staff of
4    IMDb and corroborated before being posted on the site. IMDbPro's "Contact Data" page
5    explains:

6    **"Who can edit contact information?**
7    Anyone with an IMDbPro membership can see and submit updates for
     Vetted Contact Information. These updates will be **vetted by our editors**
8    and published to the site if everything appears to be valid."
9

10   By designating the law firm of *Morris Yorn Barnes Levine Krintzman Rubenstein*
11   *Kohner & Gellman*, and attorney Todd Rubenstein, to act as his "Legal Representative"
12   on the renown web service IMDbPro, Defendant Spacey authorized *Morris Yorn Barnes*
13   *Levine Krintzman Rubenstein Kohner & Gellman*, and Rubenstein, to to receive service
14   of process on Spacey's behalf. (More evidence of the accuracy of IMDbPro, and that
15   Spacey authorized Morris Yorn to receive service of process on his behalf is provide
16   under the following heading.)

17   <center>**Defendant Kevin Spacey's Agent (Law Firm/Attorney)**</center>

18   <center>**Was Properly and Timely Served**</center>

19   By going to IMDbPro's information page for Defendant Spacey, the Plaintiff
20   obtained the information that Defendant Spacey himself made available for the world
21   regarding the law firm that represents him (Morris Yorn Barnes Levine Krintzman
22   Rubenstein Kohner & Gellman) and his personal attorney thereof, Todd Rubenstein. The
23   Plaintiff has attached a PDF computer screen snapshot of IMDbPro's "Kevin Spacey"
24   page, taken on March 15, 2018. (Said Kevin Spacey IMDbPro page from March 15,
25   2018,  is attached as "**Exhibit A**" and incorporated by reference as if fully set out
26   herein.)  Defendant Spacey's "contact" information is clearly printed on the right side of
27   the page (this is also the information that the Plaintiff and his server, Leila Marchbanks,
28   provided the Court in the Proof of Service documents):

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

| | |
|---|---|
| 1 | "LEGAL REPRESENTATIVE |
| 2 | Morris Yorn Barnes Levine Krintzman Rubenstein Kohner & Gellman<br>Todd Rubenstein" |
| 3 | |

4   It should be noted that the Plaintiff has done occasional web searches on all of the

5   Defendants, since around February 2016, when he began to suspect the Defendants were

6   engaged in various nefarious activities.  The Plaintiff observed that some of Defendant

7   Spacey's web information changed around October 29, 2017, after actor Anthony Rapp

8   alleged that Spacey made a sexual advance toward him in 1986 when Rapp was only 14

9   years old. Shortly after Rapp's revelation, about 15 other victims of Spacey's sexual

10  predation came forward. All of this occurred near the time that the Plaintiff filed this

11  case with the District Court (November 13, 2013). As a result of these victims coming

12  forward, Defendant Spacey's talent agency, CAA, dropped Spacey as a client.  On

13  November 2, 2017, reporting for the Los Angeles Times, reporter Jen Yamato reported

14  that Defendant Spacy's publicist, Staci Wolfe, also dropped Spacey are a client. (Said

15  Los Angeles Time article by Jen Yamato is attached as "**Exhibit B**" and incorporated by

16  reference as if fully set out herein.)

17       This is why, currently, Defendant Spacey—unlike virtually all successful

18  Hollywood actors—does not have a talent agency listed on his IMBdPro actor profile.

19  IMDbPro's profiles are so accurate and respected, that immediately after CAA dropped

20  Def Spacey as a client, either CAA or Spacey (most likely CAA) contacted IMDbPro

21  and removed CAA as Spacey's talent agency.

22       To confirm this, by going to the Internet Archives (https://archive.org/) and typing in

23  Spacey's IMDbPro web address (https://pro.imdb.com/name/nm0000228/) then  selecting

24  the site archive from **June 21, 2017**, one sees that a few months before details came to

25  light of Spacey's abuse allegations, Spacey's IMDbPro page listed five contacts: 1. Talent

26  Agent; 2. Manager; 3. Talent Agent Commercial; 4. Publicist; 5. Legal Representative.

27  (Said Internet Archive's "snapshot" of Spacey's IMDbPro page, June 21, 2017,  is

28  attached as "**Exhibit  C**" and  incorporated  by  reference  as  if  fully  set  out  herein.)

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1 Unfortunately, this page is just an archival site, with no way to verify membership, thus,
2 no way to access the links on the page and reveal the names and contact details. But the
3 archive confirms that after Spacey's talent agent, manager, commercial talent agent, and
4 publicist deserted Spacey, they all quickly informed IMDb that they were no longer
5 connected to Spacey. This confirms the reliability and accuracy of the contact information
6 listed on IMDbPro. Currently, the only remaining contact for Spacey on IMDbPro is his
7 legal representative: *Morris Yorn Barnes Levine Krintzman Rubenstein Kohner &*
8 *Gellman*, and Todd Rubenstein.

9       On December 5, 2017, shortly after this suit was initiated, ***Page Six*** reporter
10 Richard Johnson, reporting on a new allegation of sexual assault against Spacey,
11 reported that he attempted to contact Spacey's lawyer to comment, but "Spacey's lawyer
12 **Todd Rubenstein** referred me to an email address for Spacey's spokeswoman, who did
13 not respond to questions." (Said Page Six article by reporter Richard Johnson is attached
14 as "**Exhibit D**" and incorporated by reference as if fully set out herein.)

15       Similarly, on **January 16, 2018** (two or three weeks before the Plaintiff served
16 Spacey), reporter Joe Mellor, of the online news publication TLE, reported that Spacey,
17 after engaging in racism and using racial epithets, was facing a related lawsuit. In this
18 article Mellor wrote: "Spacey could not be reached for comment. His attorney, **Todd**
19 **Rubenstein**, instructed reporters to contact the actor's representatives using an email
20 address, but no response was received." (Said TLE article by reporter Richard Johnson is
21 attached as "**Exhibit E**" and incorporated by reference as if fully set out herein.)

22      **From the proceeding facts, the Plaintiff believes he has proven that by**
23 **delivering a copy of the summons, FAC, and all documents required under local**
24 **rules, <u>to an agent authorized by appointment or by law to receive service of process</u>**
25 **for Defendant Kevin Spacey, on February 7, 2017, before the service deadline**
26 **expired, Defendant Kevin Spacey was properly and timely served. as required**
27 **under FRCP Rule 4.**

28

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

| | |
|---|---|
| 1 | **Defendant Dana Brunetti's Talent Agency (CAA) and Talent Agent** |
| 2 | **(Matt DelPiano) Were Timely Served, And Brunetti's Talent Agency & Talent** |
| 3 | **Agent Were Authorized To Receive Service Of Process On His Behalf** |
| 4 | Major talent agencies like WME and Creative Artist Agency (CAA), and talent |
| 5 | agents like Matt DelPiano and Defendant Ari Emanuel, are authorized to accept service |
| 6 | of process for their clients. The clearest evidence of this fact is that in this very matter |
| 7 | the Plaintiff served Defendant Neill Blomkamp by serving Blomkamp's talent agency, |
| 8 | William Morris Endeavor (WME). In prior action Briggs v Blomkamp, the Plaintiff also |
| 9 | served Blomkamp by serving his talent agency WME and his talent agent, Ari Emanuel. |
| 10 | In neither case did Blomkamp raise objections—because large, professional talent agents |
| 11 | and agencies are authorized to accept service of process for their celebrity clients. |
| 12 | Defendant Dana Brunetti is listed on IMDbPro. There, his listed talent agency is |
| 13 | Creative Artists Agency (CAA). His listed CAA talent agent is Matt Delpiano. |
| 14 | The Plaintiff's server, Leila Marchbanks, delivered the summons, FAC, and all |
| 15 | other locally required documents for Defendant Brunetti to Creative Artists Agency |
| 16 | (CAA), "Attention: Matt DelPiano", at 2000 Avenue of the Stars, Los Angeles, CA |
| 17 | 90067, on February 7th, 2017, before the 90 day service deadline of February 12, 2018. |
| 18 | CAA and Matt Delpiano were also Defendant Kevin Spacey's talent agency and |
| 19 | agent, respectively, until Spacey's recent fall from grace. When Spacey lost his various |
| 20 | agents, he surely didn't keep his attorney information published on IMDbPro to make it |
| 21 | easy for his accusers to sue him. Surely, Spacey kept his attorney's information listed |
| 22 | because attorney's in Hollywood often act as talent agents —answering calls and signing |
| 23 | contracts for their clients. The same is true of talent agencies and agents like CAA and |
| 24 | DelPiano; they are empowered to secure contracts and employment for the principal |
| 25 | (**this is a talent agent's job**), and they commonly transfer documents between the |
| 26 | principal, contractor, and any other third parties (lawyers), and can receive service of |
| 27 | process on their client's behalf.  Like WME for Blomkamp, CAA and talent agent Matt |
| 28 | DelPiano were authorized to receive service of process on Defendant Brunetti's behalf. |

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1    Federal Courts have ruled that **"An agent's authority to accept service may be**
2    **implied from the relationship between principal and agent."** See *Prado v City of New*
3    *York,* U.S. District Court Southern District Of New York (3 Sep, 2015), and *Sikhs for*
4    *Justice v. Nath*, 850 F.Supp.2d 435 (S.D.N.Y. 2012).

5    Given the mega-million dollar stakes at play in the business dealings of A-listers
6    like Spacey (and Brunetti), the relationships between these principal's and their agents
7    constitute textbook situations where the agent's authority to accept service of process can
8    be "implied from the relationship between principal and agent."

9    Again, large professional Hollywood talent agencies and agents, like CAA and Matt
10   DelPiano, are authorized to accept service of process for their clients, just as WME
11   accepted the Plaintiff's service of process on Defendant Blomkamp in this matter AND
12   the prior action, Briggs v Blomkamp.

13   Defendant Dana Brunetti, via his talent agent Matt Delpiano—who is authorized to
14   receive service of process for Defendant Brunetti—was properly and timely served
15   under FRCP Rule 4.  And as Brunetti's talent agency and agent, CAA's and DelPiano's
16   authority to receive service of process on Brunetti behalf "were implied from the
17   relationship between principal and agent."

18   ### The Plaintiff Has Demonstrated *Validity* and *Proof* of Service
19   ### Under The Federal Guidelines and Requirements of FRCP Rule 4

20   The Court has expressed concerns about the validity and proof of the Plaintiff
21   service of the Defendants, writing: "The proofs of service do not establish that Briggs has
22   properly served either Spacey or Brunetti under Federal Rule of Civil Procedure 4(e) and
23   California law." The court supported this concern with citation of California Civil Codes
24   and case law, notably ***Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551**
25   **(N.D. Cal. 2003),** and ***Summers v. McClanahan*, 140 Cal. App. 4th 403, 413-14 (2006).**

26   The Plaintiff believes that he has already met "the burden to establish its validity,"
27   contemplated under  *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D.
28   Cal. 2003). However, the Plaintiff is concerned that *Hickory Travel Systems, Inc. v. TUI*

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1    *AG* may be an improper guideline for the service of Defendants Spacey and Brunetti, as

2    *Hickory v TUI AG* service of process conflict concerned serving corporate entities, and

3    whether serving a corporate subsidiary satisfied serving its corporate parent, under the

4    theory that subsidiaries were implicitly, rather than expressly, "alter egos" or "agents" of

5    the parent. Whereas in this matter, the service of process question involves actual persons

6    (the principals), and other actual persons that are expressly defined as the agents of the

7    principal. At a glance, this case satisfies a much higher burden to establish its validity

8    than *Hickory v TUI AG*. Nonetheless, the matters do not seem parallel.

9        Similarly, *Summers v. McClanahan,* 140 Cal. App. 4th 403, 413-14 (2006), is not

10   analogous to this case or situation, because in *Summers v. McClanahan* the Plaintiff

11   served an attorney (Lawrence) who did not represent the Defendant, among other

12   deficiencies. The Ninth Circuit panel explained:

13   "The court agreed Lawrence was not authorized by McClanahan to accept
     service of process on her behalf.   It also found, however, Lawrence had
14   forwarded the summons and complaint to Edwards who admitted to being
     McClanahan's counsel.    Because the documents "**found [their] way** to
15   the defendant by admitted receipt of counsel for defendant" the trial court
     concluded service was effective under Code of Civil Procedure section
16   416.90 which authorizes service of the summons and complaint on a
17   person "authorized by [the defendant] to receive service of process.""

18

19       In *Summers v. McClanahan,* the plaintiff served a party who was clearly not

20   authorized by the defendant to receive service of process on the defendant's behalf.

21   Another problem was that the lower Court allowed the service because the documents

22   *found their way* to the Defendant.

23        In this case, the Plaintiff served agents that were properly identified on IMDbPro

24   (and other publications) as Defendant Spacey's law firm and/or attorney, and as

25   Defendant Brunetti's talent agency and/or talent agent.

26       **California v Federal Service of Process *Validity* and *Proof* Guidelines**

27        Federal District Court allows service of process to be completed either in

28   compliance with State (California) guidelines (provided under FRCP 4(e)(1): "following

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1   state law for serving a summons in an action brought in courts of general jurisdiction in

2   the state where the district court is located or where service is made"); **OR** in

3   compliance with the **federal** requirements outlined in FRCP Rule 4(e)(2)(A)(B) or (C).

4   The Plaintiff opted to serve the Defendants in compliance with **FRCP Rule 4(e)(2)(C)**,

5   and under the federal proof standards as expressed under FRCP 4(l)(1), and under the

6   federal validity standards as expressed under FRCP 4(l)(3).

7       FRCP Rule 4(e)(2)(C) reads:

8     (e) Serving an Individual Within a Judicial District of the United States.

9     Unless federal law provides otherwise, an individual—other than a minor,

10    an incompetent person, or a person whose waiver has been filed—may be

  served in a judicial district of the United States by:

11      ...(2) doing any of the following:

12      ...(C) delivering a copy of each to an agent authorized by appointment

13      or by law to receive service of process.

14     The Plaintiff served Defendant Spacey and Brunetti in a proper and timely manner,

15  in compliance with the guidelines of FRCP Rule 4(e)(2)(c).

16             **Proof and Validity of Service of Process**

17     The Plaintiff's proof and validity of service of process on Defendants Spacey and

18  Brunetti satisfy the requirements of FRCP Rule 4(l)(1) and (3), which reads:

19    Rule 4. Summons (*l*) Proving Service.

20      (1) *Affidavit Required.* Unless service is waived, proof of service

21      must be made to the court. Except for service by a United States

22      marshal or deputy marshal, proof must be by the server's

    affidavit.

23      ...(3) *Validity of Service; Amending Proof.* **Failure to prove**

24        **service does not affect the validity of service. The court**

25        **may permit proof of service to be amended**.

26     **NOTE:** unlike CA state rules, the federal rules do not require notation of the names

27  or titles of the person to whom the summons and complaint were delivered. <u>Ergo, the</u>

28  <u>Plaintiff did not provide this information for ANY of the other 11 Defendants' proofs.</u>

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

| | |
|---|---|
| 1 | **Court Ordered Directives:** |
| 2 | The Court's *Order To Show Cause* gave the Plaintiff a few objectives and |
| 3 | directives: |
| 4 | 1.  **The Plaintiff was "ordered to show cause why the claims against Kevin** |
| 5 | **Spacey and Dana Brunetti should not be dismissed because Briggs has failed** |
| 6 | **to timely serve these defendants."** |
| 7 | ANSWER: The Plaintiff believes that the preceding facts and exhibits show |
| 8 | the Plaintiff's service of process upon Defendants Spacey and Brunetti was |
| 9 | proper and timely. Therefore, the claims against Spacey and Brunetti should |
| 10 | NOT be dismissed. |
| 11 | 2.  **The Court expressed concern that there is "no evidence that Spacey** |
| 12 | **authorized Rubenstein or Morris Yorn to receive service of process on his** |
| 13 | **behalf, and no evidence that Brunetti authorized DelPiano or Creative** |
| 14 | **Artists Agency to receive service of process on his behalf."** |
| 15 | ANSWER: The Plaintiff believes that the preceding facts and exhibits, |
| 16 | presented herein (such as 1. the designation of the Morris Yorn, Rubenstein, |
| 17 | CAA and DelPiano to act as the Defendants' attorneys or agents on IMDbPro; |
| 18 | 2. the fact that "an agent's authority to accept service may be implied from the |
| 19 | relationship between principal and agent"; 3. the fact that news media reports |
| 20 | list  Morris Yorn, Rubenstein, CAA and DelPiano as the Defendants' attorneys |
| 21 | or agents; 4. the fact that one or more Defendants in this very matter were |
| 22 | served by an identical talent agency or agent whom was authorized to receive |
| 23 | service of process on the Defendant's behalf), confirm and establish the fact |
| 24 | that the Plaintiff served agents authorized by appointment or by law to receive |
| 25 | service of process for Defendant Spacey and Brunetti. |
| 26 | 3.  **The Court expressed concerns that (A) "The proofs of service do not** |
| 27 | **establish that Briggs has properly served either <u>Spacey</u> or <u>Brunetti</u> under** |
| 28 | **Federal Rule of Civil Procedure 4(e) and California law."  and (B) "the** |

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

11

1      proofs of service do not provide enough evidence to suggest that <u>Rubenstein,</u>

2      <u>DelPiano</u>, <u>Morris Yorn</u>, or <u>Creative Artists Agency</u> were properly served."

3          <u>ANSWER</u>: The Plaintiff believes the *Proof of Service* affidavit from server,

4          Leila Marchbanks, meets the federal requirement under FRCP Rule 4(l)(1).

5          The Plaintiff admits he did not consider or review the California State service

6          of process rules, in favor of the federal rules, as he was familiar with the

7          federal requirements from prior action Briggs v Blomkamp. However,

8          California State Courts require proofs of service to "recite or in other manner

9          show the name of the person to whom a copy of the summons and of the

10         complaint were delivered, and, if appropriate, his or her title or the capacity in

11         which he or she is served".  The Plaintiff did not fulfill this California state

12         court requirement. If this is disqualifying, the Plaintiff hopes the Court will

13         consider that Rule 4(l)(3) declares that: "Failure to prove service does not

14         affect the validity of service." With that in mind, if this Court finds that the

15         Plaintiff's service of process was not properly proven, the Plaintiff hopes the

16         Court will allow him to amend, as necessary, as allowed under Rule 4(l)(3).

17   **4.  The Court also asked the Plaintiff to address "whether the court would have**

18       **subject-matter jurisdiction if the claims against Spacey and Brunetti are**

19       **dismissed."**

20         <u>ANSWER</u>:   If the claims against Defendants Spacey and/or Brunetti were

21         dismissed, the Plaintiff believes this Court would still have jurisdiction under

22         the *Supplemental Jurisdiction Provisions* of 28 U.S. Code § 1367(a), as this

23         matter is substantially related to the Plaintiff's Prior Action (<u>Briggs v</u>

24         <u>Blomkamp, C134679 PJH</u>), and much of it "arises from the same set of

25         operative facts". **28 U.S. Code § 1367(a) states:**

26         Except as provided in subsections (b) and (c) or as expressly provided
           otherwise by Federal statute, in any civil action of which the <u>district</u>
27         <u>courts</u> have original jurisdiction, the <u>district courts</u> shall have
           supplemental jurisdiction over all other claims that are so related to
28

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

1   claims in the action within such original jurisdiction that they form
2   part of the same case or controversy under Article III of the United
3   <u>States</u> Constitution. Such supplemental jurisdiction shall include
    claims that involve the joinder or intervention of additional parties.

4   **5.  If the Court determines that the Plaintiff has not timely served Spacey and**
5   **Brunetti, the Court ordered the Plaintiff to address "whether there is good**
6   **cause for his failure to timely serve these defendants."**

7                                **GOOD CAUSE**

8         Plaintiff believes he has consistently acted with good faith, and in compliance with
9   all Court rules. Supported by the preceding facts and exhibits, the Plaintiff believes he
10  has executed proper and timely service of process of summons, FAC, and all documents
11  required under local rules, upon all Defendants, including Spacey and Brunetti.

12        The Plaintiff believes he has adhered to the letter of Rule 4's service of process
13  guideline. Any Cal. Civ. Pro. Code section that the Plaintiff did not comply with, was not
14  done out of disrespect or defiance of the law; rather, it was due to the Plaintiff's
15  familiarity with, and therefore preference for, the federal service rules.

16        If the Plaintiff violated a rule, or was not sufficiently aware that somehow both
17  the state and federal service of process rules were at play, he can only offer the following
18  explanation for this oversight:

19        On February 5, 2018, the Plaintiff mailed his server, Leila Marchbanks, a box full
20  of documents to serve six Defendants. Mrs Marchbanks served the Documents on
21  February 7, 2018. The week before service, the Plaintiff spent virtually all of his time
22  writing two Oppositions to the Defense Counsel's TWO, simultaneous, motions to
23  dismiss. These Oppositions were submitted January 30, 2018. The day after Mrs.
24  Marchbanks' executed service of process, February 8, 2018, the Plaintiff submitted a
25  motion for sanctions against the Defendants (although the Court has denied this motion,
26  the Plaintiff truly believed the Defense Counsel was behaving improperly, and believed
27  the motion was necessary to address their willfully improper conduct). The Plaintiff
28  believes that, at the time, he was so overwhelmed and distracted by the volume of

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

13

1    litigation that he did not have time to study the nuance of both the state and federal

2    requirements, and any overlap. The Plaintiff believes that due to these overwhelming

3    and distracting circumstances there is the **good cause of excusable neglect** for any

4    deficiencies in his service of process on Defendants Spacey and Brunetti.

5         If the Court determines that the Plaintiff did not execute proper and timely service

6    of process on Defendants Spacey and Brunetti, but determines that the Plaintiff has

7    demonstrated good cause, the Plaintiff would then entreat the Court to extend the time

8    for service for an appropriate period, as allowed under Rule 4(m), or allow the Plaintiff

9    to amend his proofs as permitted under Rule 4(l)(3): "*Validity of Service; Amending*

10   *Proof.* Failure to prove service does not affect the validity of service. The court may

11   permit proof of service to be amended."

12                                          **CONCLUSION**

13        The foregoing information, facts and exhibits shows that the Plaintiff acted in good

14   faith, and executed timely service on Defendants Spacey and Brunetti—as well as on

15   Rubenstein, DelPiano, Morris Yorn Barnes Levine Krintzman Rubenstein Kohner &

16   Gellman, and Creative Artists Agency. The foregoing also shows that the law firm of

17   Morris Yorn Barnes Levine Krintzman Rubenstein Kohner & Gellman, and attorney

18   Todd Rubenstein were authorized to receive service of process on Defendant Spacey's

19   behalf, and that the talent agency *Creative Artists Agency* and talent agent Matt DelPiano

20   were authorized to receive service of process on Defendant Brunetti's behalf, as implied

21   by the relationship between principal and agent. The foregoing also shows that the

22   *Supplemental Jurisdiction Provisions* of 28 U.S. Code § 1367(a) confers jurisdiction of

23   this matter on this Court. For all of the foregoing reasons, the claims against Defendants

24   Spacey and Brunetti should not be dismissed.

25      Dated: March 20, 2018

26                             Respectfully Submitted,

27                                     /s/ Steve Wilson Briggs

28

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE